**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SM MERGER ARBITRAGE FUND, LP and ASSOCIATED CAPITAL GROUP, INC., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CEREVEL THERAPEUTICS HOLDINGS, INC., BAIN CAPITAL INVESTORS, LLC AND PFIZER, INC.,<br><br>    Defendants. | C.A. No. 25-cv-517-GBW |

**OPENING BRIEF IN SUPPORT OF THE MOTION OF THE CEREVEL INVESTORS
FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

**Dated: June 3, 2025**

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel.: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Liaison Counsel for Proposed Lead Plaintiff
the Cerevel Investors and Proposed Liaison
Counsel for the Class*

[Additional counsel listed on signature block]

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................2

NATURE AND STAGE OF PROCEEDINGS .....................................................................3

SUMMARY OF THE ARGUMENT ...................................................................................4

ARGUMENT ........................................................................................................................6

I.      The Cerevel Investors Are The Most Adequate Plaintiff ...........................................6

         A.      The Cerevel Investors' Motion is Timely ...........................................................7

         B.      The Cerevel Investors Believe They Have the Largest Financial Interest in the Relief Sought by the Class ..................................................................................7

         C.      The Cerevel Investors Satisfy Rule 23's Typicality and Adequacy Requirements .........................................................................................................9

                 1.      The Cerevel Investors' Claims Are Typical of Those of the Class .............9

                 2.      The Cerevel Investors Will Fairly and Adequately Protect the Interests of the Class ...............................................................................................10

                 3.      The Cerevel Investors Are the Ideal Lead Plaintiff to Represent the Class ......................................................................................................11

II.     The Cerevel Investors' Selection of Counsel Should Be Approved ..........................13

CONCLUSION ....................................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bardaji v. Match Group, Inc.*,
No. 23-245-MN, 2023 WL 3624774 (D. Del. May 24, 2023)..................................................... 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ........................................................................................ passim

*In re Under Armour Sec. Litig.*,
631 F. Supp. 3d 285 (D. Md. 2022).............................................................................. 8

*Wigginton v. Advance Auto Parts, Inc.*,
No. 18-212 (MN), 2018 WL 5729733 (D. Del. Nov. 2, 2018)................................................. 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................... passim

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
*reprinted in* 1995 U.S.C.C.A.N. 730, 755 (1995)....................................................... 11

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 10

ii

SM Merger/Arbitrage, L.P., Associated Capital Group, Inc. and Atlas Diversified Master Fund, Ltd. (collectively, the "Cerevel Investors") respectfully submit this opening brief in support of their motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for a class of shareholders of Cerevel Therapeutics Holdings, Inc. ("Cerevel" or the "Company") that:

(a)     sold or otherwise disposed of the publicly-traded common stock of Cerevel during the period from October 11, 2023 through August 1, 2024, inclusive (the "Class Period") and thus were damaged by Defendants' violations of Section 10(b) of the Exchange Act (the "Fraud Claim Class");

(b)     held shares of Cerevel as of the January 8, 2024 record date ("Record Date") and were entitled to vote on the merger ("Merger") of Cerevel and AbbVie Inc. ("AbbVie") and thus were damaged by Defendants' violations of Section 14(a) of the Exchange Act (the "Proxy Claim Class"); and

(c)     sold shares of Cerevel stock contemporaneously with Bain Capital Investors, LLC's and its affiliates ("Bain") purchases of shares on or about October 16, 2023 and thus were damaged by Bain's violations of Section 20A of the Exchange Act (the "Insider Trading Claim Class," and collectively with the Fraud Claim Class and the Proxy Claim Class, the "Class");

(2) approval of their selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") as Lead Counsel, and Farnan LLP ("Farnan") as Liaison Counsel, for the Class; and (3) the award of any such other and further relief as the Court may deem just and proper.

**INTRODUCTION**

This is a securities class action lawsuit (the "Action") brought pursuant to Sections 10(b), 14(a) and 20A of the Exchange Act, 15 U.S.C. §§ 78j(b), 78n(a) and 78t(a), and Securities and Exchange Commission ("SEC") Rules 10b-5, 17 C.F.R. § 240.10b-5, and 14a-9, 17 C.F.R. § 240.14a-9, against: (i) Cerevel; and (ii) the Company's controlling shareholders, Bain and Pfizer, Inc. ("Pfizer," and collectively with Cerevel and Bain, "Defendants").

The PSLRA directs the Court to appoint as lead plaintiff the "most adequate plaintiff," *i.e.*, the movant that has demonstrated the "largest financial interest" in the litigation and has also made a *prima facie* showing that it meets the typicality and adequacy prongs of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff).

The Cerevel Investors respectfully submit that they are presumptively the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. The Cerevel Investors have a significant financial interest with respect to all three categories of claims asserted against the Defendants, including collectively:

(i)     selling 326,776 shares of Cerevel common stock contemporaneous with Bain's alleged insider purchases in the October Offering (as defined below);

(ii)    holding 2,076,932 shares of Cerevel common stock as of the Record Date; and

(iii)   selling 78,988 net shares of Cerevel common stock at artificially deflated prices during the Class Period.[1]

---

[1] *See* Declaration of Michael J. Farnan in Support of the Motion of the Cerevel Investors for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Farnan Decl."), Exs. A & B (certifications of the Cerevel Investors and charts summarizing the Cerevel Investors' financial interest).

The Cerevel Investors also readily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class and because they will fairly and adequately represent the Class. The Cerevel Investors are also an ideal lead plaintiff to represent the Class, as they are each sophisticated institutions with significant experience investing in publicly traded securities, and all three members have experience serving in a leadership role in other complex securities litigation matters. In the present Action, the Cerevel Investors have committed the resources necessary to vigorously pursue claims on behalf of the Class, and two of the Cerevel Investors, SM Merger/Arbitrage, L.P. and Associated Capital Group, Inc., have been involved in this Action since its inception, including filing the initial complaint in this matter.

In addition, as set forth in greater detail in their Joint Declaration submitted herewith, the Cerevel Investors fully understand the lead plaintiff's obligations under the PSLRA and are willing and able to undertake the responsibilities of the lead plaintiff to ensure the vigorous prosecution of this Action. *See* Farnan Decl., Ex. C.

The Cerevel Investors have also demonstrated their adequacy by retaining experienced and competent counsel to represent the Class. Entwistle & Cappucci and Farnan have extensive experience in the successful prosecution of securities class actions and have already taken affirmative steps to protect the interests of the Class by investigating Defendants' conduct and filing the operative complaint.

Accordingly, the Cerevel Investors respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## NATURE AND STAGE OF PROCEEDINGS

Pending before this Court is a class action that asserts claims against Defendants under Sections 10(b), 14(a) and 20A of the Exchange Act, and SEC Rules 10b-5 and 14a-9. Cerevel

3

Investors SM Merger/Arbitrage, L.P. and Associated Capital Group, Inc., and their counsel Entwistle & Cappucci, published a notice on *BusinessWire* on April 4, 2025, alerting investors to the pendency of the Action and informing them of the June 3, 2025 deadline for seeking appointment as lead plaintiff.  *See* Farnan Decl., Ex. D.

**SUMMARY OF THE ARGUMENT**

The PSLRA mandates that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" – *i.e.* the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B).   The Cerevel Investors respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because they:  (1) timely filed a motion; (2) to the best of their knowledge, have the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class.  *See id.* § 78u-4(a)(3)(B)(iii)(I).  The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).  Accordingly, the Cerevel Investors respectfully request that the Court approve their selection of Entwistle & Cappucci as Lead Counsel, and Farnan as Liaison Counsel, for the Class.

**STATEMENT OF FACTS**

Cerevel was a biopharmaceutical company formed by Bain and Pfizer.  D.I. 1, ¶ 21.  In October 2020, Cerevel went public through a merger with a special purpose acquisition company ("SPAC").  D.I. 1, ¶¶ 25-26.  At all times before and after the SPAC transaction, Cerevel was controlled by Bain and Pfizer, with the two entities collectively owning more than half of the Company's stock and appointing a majority of the Board.  D.I. 1, ¶¶ 7, 28-29, 32-33.  Bain and Pfizer were also parties to a Shareholder Rights Agreement which, among other things, provided

4

Bain and Pfizer the right to cause Cerevel to offer additional shares and gave Bain and Pfizer preemptive rights to purchase their *pro rata* portion of newly issued Cerevel shares. D.I. 1, ¶¶, 30-31.

Throughout 2023, Cerevel had on-and-off negotiations with pharmaceutical giant AbbVie regarding an overseas partnership. D.I. 1, ¶ 6-7. Unknown to public investors, by no later than September 23, 2023, AbbVie had informed Cerevel that it had shifted its interest from a regional partnership to instead pursuing a whole-Company acquisition of Cerevel. D.I. 1, ¶ 6.

Armed with the inside information regarding AbbVie's takeover interest by virtue of its control of Cerevel, on October 10, 2023, the Cerevel board members, including the eight members collectively appointed by Bain and Pfizer, approved a secondary stock offering, and on October 16, 2023, Cerevel closed a $500 million secondary offering (the "October Offering"). D.I. 1, ¶ 7. The shares were offered at $22.81 per share. Bain acquired 5,480,052 shares of common stock from the October Offering. D.I. 1, ¶ 8. Nowhere did the October Offering documents disseminated to public investors mention AbbVie's interest in a whole-Company acquisition or correct prior statements about merger prospects.

Just 51 days later, on December 6, 2023, Cerevel announced it had agreed to be acquired by AbbVie for $45.00 per share. D.I. 1, ¶ 10. The $45.00 per share Merger consideration provided Bain a windfall on the millions of shares it acquired in the October Offering, with Bain profiting $121.6 million in only a couple of months. D.I. 1, ¶ 11. Of course, at the time Bain purchased the shares from the October Offering it already knew of AbbVie's interest in a merger through its control of Cerevel.

Cerevel, Bain and Pfizer continued to conceal that AbbVie was interested in a whole-Company acquisition prior to the October Offering in the December 2023 Merger announcement

5

and January 2024 Proxy.  D.I. 1, ¶¶ 101-104.  By misrepresenting the timing of AbbVie's interest, the Proxy misled investors not only regarding Bain's illicit insider trades, but also about the robustness of the overall sales process and the timing advantage Cerevel provided to AbbVie.  As a result of these material misstatements and omissions of material facts, Cerevel shareholders were misled into selling Cerevel common stock during the Class Period and accepting consideration from the AbbVie Merger at well below fair value and were injured thereby.  D.I. 1, ¶¶ 105-108

## ARGUMENT

### I.     THE CEREVEL INVESTORS ARE THE MOST ADEQUATE PLAINTIFF

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

*First*, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of:  (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i). Within sixty days of the publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

*Second*, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a member of the purported class and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of the entire class.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, the Cerevel Investors are the "most adequate plaintiff" because they:  (1) timely moved for appointment as lead plaintiff; (2) possess, to their knowledge, the "largest financial interest in the relief sought by the class;" and (3) "otherwise satisf[y] the requirements of Rule 23" for purposes of this motion.  *Id*. § 78u-4(a)(3)(B)(iii)(I).

### A.  The Cerevel Investors' Motion is Timely

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the notice published on April 4, 2025 by Cerevel Investors SM Merger/Arbitrage, L.P. and Associated Capital Group, Inc., and their counsel Entwistle & Cappucci, on *BusinessWire* alerted investors to the filing of the Action and the June 3, 2025 deadline for seeking appointment as lead plaintiff.  *See* Farnan Decl., Ex. D.  Accordingly, the Cerevel Investors have timely filed their motion.

### B.  The Cerevel Investors Believe They Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, the

7

Cerevel Investors have a significant financial interest in each category of claim asserted against the Defendants.

*First*, with respect to the Section 20A claim and the Insider Trading Claims Class, the Cerevel Investors sold a significant number of shares contemporaneously with Bain's insider purchases in the October Offering, as follows:

|  | Shares Sold 10/16/23 | Shares Sold 10/16/23-10/18/23 | Shares Sold 10/16/23-10/20/23 |
|---|---|---|---|
| Cerevel Investors | 96,585 | 213,447 | 326,776 |

*See* Farnan Decl., Ex. B.   As detailed above, the Cerevel Investors have numerous sales contemporaneous with Bain's insider purchases regardless of the time period used for "contemporaneity."   *See In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 307, n.6. (D. Md. 2022) ("'[d]ifferent courts have found that 'contemporaneity' requires the insider and the investor/plaintiff to have traded anywhere from on the same day, to less than a week, to within a month, to 'the entire period while relevant and nonpublic information remains undisclosed.'").

*Second*, with respect to the Section 14(a) claim and the Proxy Claim Class, the Cerevel Investors held 2,076,932 shares on the Record Date.  Of those shares, 431,775 were tendered into the Merger.  *See* Farnan Decl., Ex. B.

*Third*, with respect to the Section 10(b) claim and the Fraud Claim Class, the Cerevel Investors collectively made net sales of 78,988 shares during the Class Period.  *See* Farnan Decl., Ex. B.

To the best of their knowledge, the Cerevel Investors have the largest financial interest in this matter and are the presumptive "most adequate plaintiff." *See Cendant*, 264 F.3d at 243 ("The Reform Act establishes a presumption that the class member most capable of adequately

8

representing the interests of class members is the shareholder with the largest financial stake in the recovery sought by the class.") (internal quotation marks and citation omitted).

### C.    The Cerevel Investors Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest known financial interest in the relief sought by the Class, the lead plaintiff movant need only make a "*prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263; *see also Bardaji v. Match Group, Inc.*, No. 23-245-MN, 2023 WL 3624774, at *2 (D. Del. May 24, 2023) ("At this stage, the Court's inquiry need not be extensive and should only consider whether the movant has stated a *prima facie* case of typicality and adequacy under Rule 23.") (internal quotation and citation omitted).

### 1.    The Cerevel Investors' Claims Are Typical of Those of the Class

The typicality requirement "consider[s] whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (internal quotation marks and citations omitted; alterations in original). The Cerevel Investors satisfy the typicality requirement because, just like all other proposed Class members, they: (1) sold Cerevel common stock during the Class Period at prices that were artificially deflated by Defendants' false and misleading statements and omissions; (2) sold shares contemporaneously with Bain's insider purchases; (3) held shares on the Record Date and were misled into accepting Merger consideration that was below fair value for their Cerevel shares; and (4) suffered damages as a result of the foregoing.  Thus, the Cerevel Investors' claims arise from the same conduct as those of the other Class members, and the Cerevel Investors' claims are typical.  *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-212 (MN), 2018 WL 5729733, at *4

(D. Del. Nov. 2, 2018) (finding that a lead plaintiff movant had satisfied the typicality requirement where its claims were "based on the same conduct and legal theories as the proposed class claims").

### 2.    The Cerevel Investors Will Fairly and Adequately Protect the Interests of the Class

The adequacy element of Rule 23 is satisfied where a movant establishes that it can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In evaluating whether a movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (citations omitted, alterations in original).

Given their substantial financial stake in the litigation and their interest in vigorously pursuing claims against Defendants, the Cerevel Investors will fairly and adequately represent the Class.  This motive aligns with the interests of other Class members that were similarly harmed as a result of Defendants' false and/or misleading statements and other wrongdoing.  There is no potential conflict between the interests of the Cerevel Investors and other members of the Class, and the Cerevel Investors are fully committed to vigorously pursuing the claims on behalf of the Class. *See Advance Auto Parts*, 2018 WL 5729733, at *4-5 (finding that a lead plaintiff movant had satisfied the adequacy requirement because it had "a clear incentive to pursue the present claims against Defendants vigorously," had "retained adequate counsel to represent the entire class" and there was "no evidence of any conflicts between [the movant's] claims and those of the proposed class").

The Cerevel Investors have already taken significant steps that demonstrate they will protect the interests of the Class, including the filing of the initial complaint by SM Merger/Arbitrage, L.P. and Associated Capital Group, Inc., and their publication of the PSLRA

10

Notice on behalf of the Class. Moreover, the Cerevel Investors have retained competent and experienced counsel to prosecute these claims and to investigate further the facts giving rise to this Action. The Cerevel Investors' proposed Lead Counsel and Liaison Counsel are highly qualified, experienced in the prosecution of class actions involving federal and state securities law claims, and able to successfully conduct this complex litigation in a professional manner. *See infra* Section II. Indeed, Entwistle & Cappucci and Farnan researched and filed the Action, thereby initiating this litigation and the lead plaintiff process.

### 3. The Cerevel Investors Are the Ideal Lead Plaintiff to Represent the Class

The Cerevel Investors—which are comprised of three institutional investors—also satisfy the PSLRA's goal of encouraging institutional investors to "take the reins" in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 755 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representations in securities class actions"). Appointing the Cerevel Investors as Lead Plaintiff for the Class would satisfy the PSLRA's aim of having the plaintiff class represented by institutional investors with a significant stake in the outcome of this litigation.

The Cerevel Investors also understand the fiduciary duties of a lead plaintiff, are willing to oversee the vigorous prosecution of the Action and have pledged to "provid[e] testimony at deposition and trial, if necessary." Farnan Decl., Ex. A. In their Joint Declaration, the Cerevel Investors detail their backgrounds and their significant relevant experience in selecting and overseeing counsel in securities class actions. Farnan Decl., Ex. C ¶¶ 4-9. The Joint Declaration also explains how and why the Cerevel Investors decided to collaborate in this litigation. Specifically, before seeking lead plaintiff appointment, the Cerevel Investors considered the merits

11

of the claims against Defendants, their losses caused by Defendants' wrongdoing and their proposed litigation strategy. *See id.* ¶¶ 11. In addition to these considerations, the Cerevel Investors each independently expressed an interest in seeking to cooperate with like-minded, investors in seeking appointment as Lead Plaintiff. *See* Farnan Decl., Ex. C ¶¶ 11-15.

Recognizing that this litigation will be best-guided by institutional investors and principals who lead such investors that are familiar with and/or understand the requirements attendant upon a fiduciary, the Cerevel Investors determined to join together to seek appointment as Lead Plaintiff. *See id.* ¶¶ 10-12, 16. Based on the Cerevel Investors' understanding that working together would allow for the sharing of experiences and resources, they believe that partnering would add substantial value to the prosecution of this Action and would benefit the Class. *See id.*

As further set forth in their Joint Declaration, the Cerevel Investors have demonstrated their commitment to working cohesively in the prosecution of this Action. *See id.* ¶¶ 13-17. The Joint Declaration also details the steps the Cerevel Investors have already taken (and will continue to take) to ensure the vigorous prosecution of this Action and to oversee counsel. *See id.* Specifically, before seeking appointment as Lead Plaintiff, representatives from the Cerevel Investors convened and participated in a conference call and discussed together, among other things, the strengths of the claims against Defendants and their ability and incentive to vigorously represent the claims of the Class. *See id.* ¶¶ 13-14. The collaboration of the Cerevel Investors in this litigation follows their shared goals and interests in protecting and maximizing the assets of the Cerevel Investors and other members of the Class, and ensuring the transparency of statements by public companies in connection with corporate events. *See id.* ¶¶ 8, 10-11.

In sum, the Cerevel Investors have demonstrated their willingness, resources and commitment to working closely with one another to supervise proposed counsel for the Class and

obtain the best possible recovery for the Class.  Thus, the Class would benefit from the Cerevel Investors' leadership of this litigation.

## II.    THE CEREVEL INVESTORS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274 ("[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices.").  Here, the Cerevel Investors have selected and retained Entwistle & Cappucci to serve as Lead Counsel for the Class.  The Cerevel Investors' selection of counsel should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Advance Auto Parts*, 2018 WL 5729733, at *6 (finding "no basis . . . to disturb the PSLRA's 'strong presumption' in favor of a lead plaintiff's selection and retention of counsel"); *see also* Farnan Decl., Ex. E.

As reflected in its firm resume, Entwistle & Cappucci possesses extensive experience litigating securities class actions, having successfully prosecuted some of the largest and highest-profile securities class actions in history (*See* Farnan Decl., Ex. E).  Entwistle & Cappucci has distinguished itself as one of the nation's premier complex litigation firms and currently serves as Lead Counsel in numerous high-profile securities class actions pending throughout the country.

Entwistle & Cappucci's recent successes include *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 4:19-cv-957 (S.D. Tex. Mar. 19, 2019), in which the firm served as court-appointed co-lead counsel on behalf of a class of common stock investors in Alta Mesa Resources, Inc.  The complaint was brought by institutional investor plaintiffs and asserted claims under Sections 10(b), 14(a) and 20(a) of the Exchange Act.  After extensive discovery and briefing on several motions for summary judgment, the firm represented the interests of the class of investors during trial in November 2024.  After three weeks of trial, the parties ultimately reached a court-approved

13

settlement of $126.3 million on behalf of the investor class. Additional cases in which Entwistle & Cappucci has served in a leadership capacity and obtained significant recoveries on behalf of the respective classes include:

- *In re Resideo Techs., Inc. Sec. Litig.*, No. 19-cv-02863 (D. Minn.), in which Entwistle & Cappucci served as co-lead counsel on behalf of a class investors in smart home technology company, Resideo Technologies, Inc. and related defendants. After defeating the defendants' motion to dismiss, Entwistle & Cappucci achieved a $55 million recovery on behalf of Resideo investors;

- *Cobalt Int'l Energy, Inc. Sec. Litig.*, 14-cv-3428 (NFA) (S.D. Tex.), in which Entwistle & Cappucci prosecuted federal securities law claims against oil and gas company Cobalt International Energy, Inc. and related defendants. Entwistle & Cappucci served as co-lead counsel and recovered $169.35 million in cash, in addition to $220 million payable from director and officer liability policies that is currently being litigated on behalf of a class of investors;

- *San Antonio Fire & Police Pension Fund. v. Dole Food Co., Inc.*, No. 15-cv-1140 (D. Del.), in which Entwistle & Cappucci was appointed co-lead counsel in a securities class action brought on behalf of former investors in Dole Food Company, Inc. The action alleged a fraudulent scheme to artificially depress the price of Dole's common stock and resulted in a $74 million settlement for the class of Dole investors; and

- *In re Allergan, Inc. Proxy Violation Derivatives Litig.*, No. 2:17-cv-04776-DOC-KES (C.D. Cal.), where Entwistle & Cappucci, as co-lead counsel on behalf of investors in derivative securities of Allergan, Inc., negotiated a $40 million settlement of claims that Valeant Pharmaceuticals International, Inc. and certain officers shared material non-public information with Pershing Square Capital Management, L.P. and certain affiliated individuals and entities concerning Valeant's plan to take over Allergan, Inc. in exchange for Pershing Square's support for the takeover.

Additionally, the Farnan firm has extensive experience representing plaintiffs in high-stakes patent, antitrust and securities cases. Farnan has been appointed liaison counsel in numerous matters and its extensive experience makes it a sensible selection for Liaison Counsel in this case. *See* Farnan Decl., Ex. F.

14

Thus, the Court may be assured that Entwistle & Cappucci and Farnan would provide the highest caliber of legal representation available to the Class. Accordingly, the Cerevel Investors' selection of counsel should be approved.

## CONCLUSION

For the reasons stated herein, the Cerevel Investors respectfully request that the Court: (1) appoint the Cerevel Investors as Lead Plaintiff; (2) approve their selection of Entwistle & Cappucci as Lead Counsel for the Class and Farnan as Liaison Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

DATED: June 3, 2025                                   Respectfully submitted,

                                                      /s/ Michael J. Farnan

                                                      **FARNAN LLP**
                                                      Brian E. Farnan (Bar No. 4089)
                                                      Michael J. Farnan (Bar No. 5165)
                                                      919 North Market Street, 12th Floor
                                                      Wilmington, DE 19801
                                                      Tel.: (302) 777-0300
                                                      Fax: (302) 777-0301
                                                      bfarnan@farnanlaw.com
                                                      mfarnan@farnanlaw.com

                                                      *Liaison Counsel for Proposed Lead Plaintiff*
                                                      *the Cerevel Investors and Proposed Liaison*
                                                      *Counsel for the Class*

                                                      Andrew J. Entwistle (*pro hac vice* forthcoming)
                                                      **ENTWISTLE & CAPPUCCI LLP**
                                                      500 W. 2nd Street, Suite 1900
                                                      Austin, Texas 78701
                                                      Tel.: (512) 710-5960
                                                      Fax: (212) 894-7272
                                                      aentwistle@entwistle-law.com

                                                      -and-

                                                      Vincent R. Cappucci (*pro hac vice* forthcoming)
                                                      Robert N. Cappucci (*pro hac vice* forthcoming)
                                                      Andrew M. Sher (*pro hac vice* forthcoming)

15

**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Tel.: (212) 894-7200
Fax: (212) 894-7272
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com
asher@entwistle-law.com

*Counsel for Proposed Lead Plaintiff the*
*Cerevel Investors and Proposed Lead*
*Counsel for the Class*

16