# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | C.A. Case No. 25-cv-417-GBW |

**DIRECTOR DEFENDANTS DEVAL PATRICK, DEBORAH BARON, SUNEET VARMA, AND RUTH MCKERNAN'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

RICHARDS LAYTON & FINGER
Robert L. Burns (#5314)
Alexandra M. Ewing (#6407)
One Rodney Square
920 North King Street
Wilmington, DE 19801
302.651.7618
burns@rlf.com
ewing@rlf.com

Of Counsel:

HUESTON HENNIGAN LLP
John C. Hueston, CA SBN 164921
jhueston@hueston.com
Moez M. Kaba, CA SBN 257456
mkaba@hueston.com
Thomas A. Zaccaro, CA SBN 183241
tzaccaro@hueston.com
523 West 6th Street, Ste. 400
Los Angeles, CA  90014
213.788.4340

Hagan Scotten, NY SBN 4909719
hscotten@hueston.com
1 Little W 12th Street
New York, NY  10014
646.930.4046

Attorneys for Defendants
Deval Patrick, Deborah Baron, Suneet Varma,
and Ruth McKernan

Dated:  October 30, 2025

## TABLE OF CONTENTS

**Page(s)**

NATURE AND STAGE OF THE PROCEEDINGS ........................................................................ 1

SUMMARY OF THE ARGUMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ..................................................................................................................... 2

I.      The Section 20(a) Claim Against The Director Defendants Should Be Dismissed ........... 2

    A.      Applicable Law ...................................................................................................... 2

    B.      The Section 20(a) Claim Fails Because Cerevel Does Not Have Primary Liability Under the Exchange Act ...................................................................................... 3

    C.      The Section 20(a) Claim Fails to Plead Facts Establishing the Director Defendants' Culpable Participation in the Alleged Fraud ..................................... 3

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................... 5

*Barbee v. Amira Nature Foods, Ltd.*,
    2024 WL 626302 (D.N.J. Feb. 14, 2024) .................................................................. 5

*Belmont v. MB Inv. Partners, Inc.*,
    708 F.3d 470 (3d Cir. 2013)............................................................................. 1, 2, 3, 4

*City of Edinburgh Council v. Pfizer, Inc.*,
    754 F.3d 159 (3d Cir. 2014)....................................................................................... 2

*Doe v. Princeton Univ.*,
    30 F.4th 335 (3d Cir. 2022) ....................................................................................... 6

*Howard v. Arconic Inc.*,
    395 F. Supp. 3d 516 (W.D. Pa. 2019)........................................................................ 5

*In re Advance Auto Parts, Inc., Sec. Litig.*,
    2020 WL 599543 (D. Del. Feb. 7, 2020)............................................................ 1, 3, 4

*In re Digital Island Sec. Litig.*,
    223 F. Supp. 2d 546 (D. Del. 2002)........................................................................... 4

*In re Focus Fin. Partners*,
    2025 WL 961488 (D. Del. Mar. 31, 2025) ................................................................ 3

*In re Keryx Biopharmaceuticals, Inc.*,
    454 F. Supp. 3d 407 (D. Del. 2020)........................................................................... 3

*In re MBIA, Inc., Sec. Litig.*,
    700 F. Supp. 2d 566 (S.D.N.Y. 2010)........................................................................ 5

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,
    2012 WL 3779309 (D.N.J. Aug. 29, 2012) ............................................................ 3, 4

*In re Ocugen, Inc. Sec. Litig.*,
    2024 WL 1209513 (3d Cir. Mar. 21, 2024)................................................................ 3

*Levy v. Maggiore*,
    48 F. Supp. 3d 428 (E.D.N.Y. 2014) ......................................................................... 5

*Mator v. Wesco Distribution, Inc.*,
    102 F.4th 172 (3d Cir. 2024) ................................................................................................... 5

*Nguyen v. Endologix, Inc.*,
    962 F.3d 405 (9th Cir. 2020) .................................................................................................. 6

*Seinfeld v. Becherer*,
    461 F.3d 365 (3d Cir. 2006)..................................................................................................... 5

*Sharp v. Coopers & Lybrand*,
    649 F.2d 175 (3d Cir. 1981)..................................................................................................... 4

*Snowstorm Acquisition Corp. v. Tecumseh Prods. Co.*,
    739 F. Supp. 2d 686 (D. Del. 2010)........................................................................................ 2

*Stanley Black & Decker, Inc. v. Gulian*,
    70 F. Supp. 3d 719 (D. Del. 2014)...................................................................................... 3, 5

*Stichting Pensioenfonds ABP v. Merck & Co.*,
    2012 WL 3235783 (D.N.J. Aug. 1, 2012) .............................................................................. 3

**Statutes**

15 U.S.C. § 78t(a) ........................................................................................................................... 2

## NATURE AND STAGE OF THE PROCEEDINGS

Defendants Deval Patrick, Deborah Baron, Suneet Varma, and Ruth McKernan, former directors of Cerevel Therapeutics, Inc. ("Cerevel") (the "Director Defendants"), respectfully submit this brief in support of their motion to dismiss the Consolidated Class Action Complaint (the "Complaint" or "Compl."), D.I. 19, filed by lead Plaintiffs SM Merger/Arbitrage, LP, Associated Capital Group, Inc., and Atlas Diversified Master Fund, Ltd. ("Plaintiffs") against Cerevel, Bain Capital Investors, Inc. ("Bain"), Pfizer, Inc. ("Pfizer"), Perceptive Advisors LLC ("Perceptive"), Ron Renaud, and the Director Defendants.

## SUMMARY OF THE ARGUMENT

The Complaint names the Director Defendants in a single count, alleging that they are liable under Section 20(a) of the Exchange Act because they sat on Cerevel's board of directors ("Board") during the events at issue in the Complaint. And that is about all the Complaint says about these individuals, whom it otherwise barely mentions: It alleges almost nothing about what they did, much less about what they supposedly did to violate the Act, and nothing at all about how they could have acted with the requisite culpability.

Plaintiffs' desultory Section 20(a) claim against the Director Defendants must be dismissed. First, for all the reasons set forth in Cerevel's separately filed motion to dismiss, Plaintiffs have failed to plead a violation of the Exchange Act against Cerevel, and that also compels dismissal of their Section 20(a) claim. Second, Plaintiffs fail to plead any facts showing that the Director Defendants were "culpable participants" in Cerevel's supposed wrongdoing. *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 487 (3d Cir. 2013) (affirming dismissal of Section 20(a) claim); *In re Advance Auto Parts, Inc., Sec. Litig.*, 2020 WL 599543, at \*10 (D. Del. Feb. 7, 2020) (dismissing Section 20(a) claim).

- 1 -

**STATEMENT OF FACTS**

The allegations in the Complaint are summarized in Cerevel's motion to dismiss, which is incorporated in this Motion.[1]

The Director Defendants are former members of Cerevel's Board who were nominated by or affiliated with Bain or Pfizer.  Compl. ¶ 55.  Plaintiffs allege the Board was "controlled by Bain and Pfizer" at the time Cerevel conducted its secondary offering of shares in October 2023 through the close of the merger with AbbVie.  *Id.* ¶ 54.  According to Plaintiffs, each of the Director Defendants are liable under Section 20(a) because they "acted as control persons of Cerevel's alleged wrongdoing."  *Id.* ¶ 196.  The only specific factual allegations against the Director Defendants are that they "reviewed and approved" the Definitive Proxy Statement for the Merger (the "Proxy"), had access to and "understood the true timing of AbbVie's interest in a whole-company acquisition," and reviewed financial analyses that were not included in the Proxy.  *Id.*

**ARGUMENT**

I.    **THE SECTION 20(A) CLAIM AGAINST THE DIRECTOR DEFENDANTS SHOULD BE DISMISSED**

A.    **Applicable Law**

To recover under Section 20(a) against individuals, plaintiffs must show: (1) the individuals "controlled" another person or entity, including a corporation; (2) the controlled person or entity committed a predicate violation of securities laws; and (3) the individuals were "culpable participants" in the acts constituting the violation.  *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 177 (3d Cir. 2014) (affirming dismissal of Section 20(a) claim); *Belmont*, 708 F.3d at 485 (same); 15 U.S.C. § 78t(a).  Plaintiffs must plead Section 20(a) claims with particularity.[2]  *See, e.g.*, *Snowstorm Acquisition Corp. v. Tecumseh Prods. Co.*, 739 F. Supp. 2d 686, 707 (D. Del. 2010) ("[T]he heightened standard of the PSLRA requires that a claim under § 20(a) state with

---

[1] The Director Defendants expressly join Cerevel's Motion to Dismiss and supporting memorandum.
[2] The requirements of the Private Securities Litigation Reform Act ("PSLRA") are more fully discussed in Cerevel's motion to dismiss at pages 2–3.

particularity the circumstances of both the defendant's control of the primary violator, as well as of the defendant's culpability as a controlling person." (citation modified)); *Stanley Black & Decker, Inc. v. Gulian*, 70 F. Supp. 3d 719, 732 (D. Del. 2014) (dismissing Section 20(a) claim because the complaint failed to allege with particularity that defendant acted with culpability); *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 2012 WL 3779309, at *10 (D.N.J. Aug. 29, 2012) (same).

**B.    The Section 20(a) Claim Fails Because Cerevel Does Not Have Primary Liability Under the Exchange Act**

Because Plaintiffs have failed to establish Cerevel's primary liability under the Exchange Act, *see generally* Cerevel Mot., their Section 20(a) claim against the Director Defendants must be dismissed.  *See, e.g.*, *In re Ocugen, Inc. Sec. Litig.*, 2024 WL 1209513, at *6 (3d Cir. Mar. 21, 2024) (affirming dismissal of Section 20(a) claim for failure to plead a predicate securities fraud claim); *In re Focus Fin. Partners*, 2025 WL 961488, at *16 (D. Del. Mar. 31, 2025) (dismissing Section 20(a) claim for failure to plead underlying violation of the Exchange Act); *In re Keryx Biopharmaceuticals, Inc.*, 454 F. Supp. 3d 407, 415 (D. Del. 2020) (same).

**C.    The Section 20(a) Claim Fails to Plead Facts Establishing the Director Defendants' Culpable Participation in the Alleged Fraud**

Even if Plaintiffs had pled facts that could establish Cerevel's predicate violation of securities law, their Section 20(a) claim fails for an independent reason:  Plaintiffs have pled no facts showing that any Director Defendants were "culpable participants" in the alleged fraud. *Belmont*, 708 F.3d at 485.

Culpable participation requires "either knowing and substantial participation in the wrongdoing or inaction with the intent to further the fraud or prevent its discovery." *In re Advance Auto Parts*, 2020 WL 599543, at *10; *Belmont*, 708 F.3d at 485–86; *see Stichting Pensioenfonds ABP v. Merck & Co.*, 2012 WL 3235783, at *11 (D.N.J. Aug. 1, 2012) ("The culpable participation element of a § 20(a) claim mirrors the scienter element of a § 10(b) claim."). Allegations based only on "general oversight responsibilities and positions of authority" are insufficient. *In re Merck & Co.*, 2012 WL 3779309, at *11 (dismissing Section 20(a) claim in which plaintiffs alleged that

defendants were culpable participants only because they held senior positions within the company and had access to key information).

Plaintiffs have not pled facts that, if proven, would show that the Director Defendants knowingly and substantially participated in a scheme to depress Cerevel's stock price or acted intentionally to conceal such scheme from stockholders. *See In re Advance Auto Parts*, 2020 WL 599543, at *10 (dismissing Section 20(a) claim when complaint relied only on conclusory allegations of defendants' culpable participation). Plaintiffs' Section 20(a) claim rests entirely on the Director Defendants' status as directors and is devoid of facts supporting *any* plausible theory of culpable participation. The Complaint provides no information about the Director Defendants beyond their names, when they joined Cerevel's board, whether they were affiliated with Bain or Pfizer, and that two of the Director Defendants (Baron and Varma) recused themselves from a single board meeting. *See* Compl. ¶¶ 32–35, 55, 70. Plaintiffs also generally aver that the Director Defendants "acted as control persons of Cerevel's alleged wrongdoing" because they "reviewed and approved the Proxy," had "access to and understood the true timing of AbbVie's interest in a whole-company acquisition," and "received and reviewed the Centerview valuation analyses that were excluded from the Proxy," *id.* ¶ 196. But these allegations do not suggest, much less create a plausible inference, that the Director Defendants were culpable participants in Cerevel's alleged wrongdoing.

*First*, even if the Director Defendants knew about the "true timing" of AbbVie's interest, Plaintiffs do not allege that any Director Defendants acted "with the intent to . . . prevent its discovery" from investors. *In re Advance Auto Parts*, 2020 WL 599543, at *10; *Belmont*, 708 F.3d at 485 (requiring plaintiffs whose Section 20(a) claim is premised on defendants' inaction to show such inaction was "deliberate and done intentionally to further the fraud" (quoting *Sharp v. Coopers & Lybrand*, 649 F.2d 175, 185 (3d Cir. 1981)).

*Second*, Plaintiffs' allegations that Director Defendants "reviewed and approved" the Proxy and "received and reviewed" Centerview's valuation analyses, support, at most, only their "general oversight responsibilities and positions of authority" as directors, not their "culpable participation." *In re Merck & Co.*, 2012 WL 3779309, at *11; *In re Digital Island Sec. Litig.*, 223

- 4 -

F. Supp. 2d 546, 561 (D. Del. 2002), *aff'd*, 357 F.3d 322 (3d Cir. 2004) (allegations that "individual defendants must have known about the alleged misstatements and omissions because they had access to the statements by virtue of their positions as directors . . . clearly cannot support a finding of control"); *In re MBIA, Inc., Sec. Litig.*, 700 F. Supp. 2d 566, 588–89, 599 (S.D.N.Y. 2010) (dismissing Section 20(a) claim where plaintiffs alleged CEO and CFO were culpable participants because they were members on "various corporate committees" and "personally approved" collateralized debt obligations at issue). Such generalized allegations do not plausibly show that the Director Defendants had "knowledge" of any action to conceal information from stockholders or acted "intentionally" to depress the stock price. *See Barbee v. Amira Nature Foods, Ltd.*, 2024 WL 626302, at *7 (D.N.J. Feb. 14, 2024) (dismissing Section 20(a) claim where allegations did not support a strong inference that defendant intentionally omitted any information to deceive investors or induce them not to sell their shares); *Stanley Black & Decker*, 70 F. Supp. 3d at 732 (dismissing Section 20(a) claim against an officer when complaint alleged only attendance at board meetings); *see also Levy v. Maggiore*, 48 F. Supp. 3d 428, 456, 461 (E.D.N.Y. 2014) (dismissing Section 20(a) claim against directors when allegations of directors' knowledge were based on their board membership).

The Complaint advances *no* theory—let alone a plausible one—for why the Director Defendants would depress Cerevel's stock price or seek to sell Cerevel at an inadequate price. Nor could any such theory be plausible: The Director Defendants had no identifiable incentive to decrease the valuation of their own company's stock. In fact, most of the Director Defendants held shares in Cerevel and therefore had every incentive to maximize company value. *See* Ex. A, at 65–66, 117–19 (Proxy reflecting that Baron, McKernan, and Patrick held significant quantities of Cerevel stock)[3]; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks

---

[3] The Court may consider the Proxy as incorporated by reference because it is "integral to" and "explicitly relied upon in the complaint." *Mator v. Wesco Distribution, Inc.*, 102 F.4th 172, 178 (3d Cir. 2024); *Seinfeld v. Becherer*, 461 F.3d 365, 367 (3d Cir. 2006) (considering text of a proxy statement); *Howard v. Arconic Inc.*, 395 F. Supp. 3d 516, 529 (W.D. Pa. 2019) (considering SEC
(Continued...)

for more than a sheer possibility that a defendant has acted unlawfully."); *see also Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020) ("[T]he PSLRA neither allows nor requires us to check our disbelief at the door.").

## CONCLUSION

The Complaint must be dismissed against the Director Defendants because it fails to state a claim against Cerevel. But even if that were not so, there would still be no reason for the Director Defendants to remain in this case. They barely appear in the Complaint, and there is nothing in that lengthy document—much less a coherent, plausible claim—that justifies a continuing case against these four individuals.[4]

Dated: October 30, 2025

Of Counsel:

HUESTON HENNIGAN LLP
Hagan Scotten
1 Little W 12th Street
New York, NY 10014
646.930.4046

John C. Hueston
Moez M. Kaba
Thomas A. Zaccaro
523 West 6th Street, Ste. 400
Los Angeles, CA 90014
213.788.4340

/s/ Robert L. Burns
Robert L. Burns (#5314)
Alexandra M. Ewing (#6407)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302.651.7618
burns@rlf.com
ewing@rlf.com

*Attorneys for Defendants
Deval Patrick, Deborah Baron, Suneet
Varma, and Ruth McKernan*

---

filings and press releases); Compl. ¶¶ 1, 14–15, 17, 106–13, 141–48. A court may accept facts in a document that is "integral to or explicitly relied upon in the complaint" as true so long as they are not disputed by the complaint. *See Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).
[4] Director Defendants expressly join and adopt the arguments set forth in all of their codefendants' motions to dismiss to the extent they are not inconsistent with the arguments herein.