**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW |

**RON RENAUD'S OPENING BRIEF IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION
COMPLAINT AND JOINDER IN CEREVEL THERAPEUTICS HOLDINGS, INC.'S
OPENING BRIEF IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT AND THE BAIN DEFENDANTS'
<u>OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

ROSS ARONSTAM & MORITZ LLP

David E. Ross (#5228)
Roger S. Stronach (#6208)
Holly E. Newell (#6687)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
rstronach@ramllp.com
hnewell@ramllp.com

Dated:  October 30, 2025                    *Attorneys for Defendant Ron Renaud*

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ........................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................................................ 1

STATEMENT OF RELEVANT FACTS ....................................................................................... 2

ARGUMENT ............................................................................................................................. 3

I.      PLAINTIFFS' CLAIMS MUST BE DISMISSED DUE TO THEIR FAILURE TO
PLEAD THAT MR. RENAUD ACTED WITH SCIENTER. ........................................... 3

        A.     Scienter Is An Element of Both Claims Against Mr. Renaud. ............................... 3

        B.     Plaintiffs' Allegations Are Insufficient to Establish That Mr. Renaud
Acted With Scienter. ........................................................................................... 5

CONCLUSION .......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron v. SEC*,
446 U.S. 680 (1980).............................................................................................................1

*In re Advanta Corp. Sec. Litig.*,
180 F.3d 525 (3d Cir. 1999)................................................................................................6

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)..........................................................................................1, 3

*In re Digit. Island Sec. Litig.*,
223 F. Supp. 2d 546 (D. Del. 2002), *aff'd*, 357 F.3d 322 (3d Cir. 2004) .............................4, 5

*In re Green Tree Fin. Corp. Stock Litig.*,
61 F. Supp. 2d 860 (D. Minn. 1999), *rev'd on other grounds by Fla. State Bd.
of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645 (8th Cir. 2001) ......................................4, 6

*In re Hertz Glob. Holdings Inc.*,
905 F.3d 106 (3d Cir. 2018)............................................................................................3, 4

*Institutional Invs. Grp. v. Avaya, Inc.*,
564 F.3d 242 (3d Cir. 2009)................................................................................................3

*Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*,
810 F.3d 951 (5th Cir. 2016) ..............................................................................................6

*Manger v. Leapfrog Enterprises, Inc.*,
229 F. Supp. 3d 1126 (N.D. Cal. 2017) ..............................................................................7

*Matrix Parent, Inc. v. Audax Mgmt. Co.*,
319 A.3d 909 (Del. Super. 2024)........................................................................................6

*Oppenheimer v. Novell, Inc.*,
851 F. Supp. 412 (D. Utah 1994).......................................................................................4

*Ortiz v. Canopy Growth Corp.*,
537 F. Supp. 3d 621 (D.N.J. 2021) ..................................................................................4, 6

*SEIU Pension Plans Master Tr. v. Bain Cap. Invs., LLC*,
C.A. No. 2024-1274-JTL (Del. Ch. Oct. 2, 2025) (Transcript) ................................................7

*Snowstorm Acquisition Corp. v. Tecumseh Prods. Co.*,
739 F. Supp. 2d 686 (D. Del. 2010).....................................................................................5

*Stichting Pensioenfonds ABP v. Merck & Co.*,
    2012 WL 3235783 (D.N.J. Aug. 1, 2012) ...............................................................1

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)..............................................................................................3, 4

*Tuchman v. DSC Commc'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1994) ....................................................................................4

*Wilbush v. Ambac Fin. Grp., Inc.*,
    271 F. Supp. 3d 473 (S.D.N.Y. 2017)........................................................................7

*Winer Fam. Tr. v. Queen*,
    503 F.3d 319 (3d Cir. 2007)......................................................................................2

*Winshall v. Viacom Int'l, Inc.*,
    76 A.3d 808 (Del. 2013) ...........................................................................................6

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant Ron Renaud, the former President and Chief Executive Officer of Cerevel Therapeutics, Inc. ("Cerevel") and a former member of its board of directors, respectfully submits this brief in support of his motion to dismiss the Consolidated Class Action Complaint (D.I. 19) (the "Complaint") and joins in the arguments made by Cerevel and the Bain Defendants in support of their respective motions to dismiss and opening briefs in support of the same.

## SUMMARY OF THE ARGUMENT

The Complaint asserts claims against Mr. Renaud pursuant to (i) "Section 10(b) of The Exchange Act and Rule 10b-5 Promulgated Thereunder" (Count I), and (ii) "Section 20(a) of The Exchange Act" (Count IV).  For the reasons set forth in Cerevel Therapeutics Holdings, Inc.'s Opening Brief in Support of its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, Count I fails for multiple reasons.  And because Count IV's Section 20(a) claim requires a primary violation of The Exchange Act, that Count fails too.  Mr. Renaud joins in Cerevel's arguments and, for those reasons alone, the claims against him should be dismissed.

In addition, Plaintiffs' claims against Mr. Renaud also fail because Plaintiffs do not allege adequately that Mr. Renaud acted with the requisite scienter.  Scienter is an element of both claims against Mr. Renaud.  *See, e.g.*, *Aaron v. SEC*, 446 U.S. 680, 681 (1980) ("Scienter is an element of violations of § 10(b) and Rule 10b-5, regardless of the identity of the plaintiff or the nature of the relief sought."); *Stichting Pensioenfonds ABP v. Merck & Co.*, 2012 WL 3235783, at *11 (D.N.J. Aug. 1, 2012) ("The culpable participation element of a § 20(a) claim mirrors the scienter element of a § 10(b) claim.").  To sufficiently plead scienter, Plaintiffs must "identify circumstances indicating conscious or reckless behavior" or "allege facts showing both a motive and a clear opportunity for committing the fraud."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997) (citation omitted) (affirming dismissal of claim).  As discussed in further detail below, the Complaint's allegations fall well short of these requirements—particularly when analyzed under the Private Securities Litigation Reform Act's "strict" pleading standard.

For all of these reasons, both claims against Mr. Renaud should be dismissed.

1

**STATEMENT OF RELEVANT FACTS**[1]

In June 2023, Mr. Renaud became the President and Chief Executive Officer of Cerevel, and a member of its board of directors. Compl. ¶ 29.[2] The Complaint alleges that Bain "installed" Mr. Renaud in that position. *Id.* ¶ 5. It does not explain, however, how that occurred.

Before joining Cerevel, Mr. Renaud "was a partner at Bain" and a "[f]ormer Bain employee." *Id.* ¶¶ 5, 29, 55, 58. Bain was Cerevel's largest stockholder and, together with Perceptive, held more than 51% of Cerevel stock. *Id.* ¶ 107. The Complaint lacks any allegations about any prior relationship with Bain, the length of Mr. Renaud's tenure at Bain, or Mr. Renaud's compensation while at Bain. Plaintiffs also allege that Mr. Renaud "remained at Bain as a Senior Advisor" after he joined Cerevel, *id.* ¶ 58, but they likewise do not explain what that position entails, either from a work or compensation perspective.

These indeterminate ties purportedly caused Mr. Renaud to facilitate Bain's "[u]nlawful [i]nsider [t]rading" via the October Offering, by which it "increas[ed its] investment in the Company at a deeply discounted price." *Id.* ¶ 2; *id.* at 22. Because Mr. Renaud is not alleged to have participated himself in the October Offering, that offering diluted his ownership stake.

Plaintiffs allege that Mr. Renaud "received nearly $74 million in compensation in connection with his time at Cerevel and the sale of the Company." *Id.* ¶ 120. That compensation

---

[1] To avoid unnecessarily burdening the Court, rather than repeat every allegation regarding the transaction at issue, Mr. Renaud focuses on the allegations relevant to his alleged scienter. Mr. Renaud respectfully refers the Court to Cerevel's brief for a complete discussion of Plaintiffs' allegations.

[2] As he must, Mr. Renaud accepts as true all allegations in the Complaint for purposes of this Motion. *See*, *e.g.*, *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (affirming decision granting motion to dismiss; on a motion to dismiss, under the Private Securities Litigation Reform Act ("PSLRA"), "as with any Rule 12(b)(6) motion," courts must "accept all factual allegations in the complaint as true") (citation omitted). Mr. Renaud therefore will not qualify each sentence with phrases such as "the Complaint alleges that" or "Mr. Renaud purportedly." The failure to include such language is not an acknowledgement as to the truth of any allegation.

included equity, cash and other benefits. *Id.* Nearly two-thirds of the compensation ($47.8 million) consisted of accelerated equity compensation. *Id.*

Notwithstanding the magnitude of Mr. Renaud's stock-based compensation, in addition to facilitating the dilutive October Offering, Mr. Renaud "intended to" cause the merger to close "at artificially deflated prices" and "employed devices, schemes, and artifices … in an effort to maintain artificially low market prices for Cerevel's common stock." *Id.* ¶¶ 170, 171.

## ARGUMENT

**I.    PLAINTIFFS' CLAIMS MUST BE DISMISSED DUE TO THEIR FAILURE TO PLEAD THAT MR. RENAUD ACTED WITH SCIENTER.**

**A.    Scienter Is An Element of Both Claims Against Mr. Renaud.**

Both claims against Mr. Renaud require Plaintiffs to plead that he acted with scienter.

**Section 10(b)-5:**  A claim under Section 10(b)-5 requires allegations "that could give rise to a 'strong' inference of scienter." *Burlington Coat Factory*, 114 F.3d at 1422 (citation omitted). A plaintiff may satisfy this requirement in one of two ways:  "either (1) identify circumstances indicating conscious or reckless behavior by defendants or (2) allege facts showing both a motive and a clear opportunity for committing the fraud." *Id.* (citation omitted).

Plaintiffs choose the second path, alleging that Mr. Renaud was "motivated to sell Cerevel" and "incentivized to maximize Bain's profit." Compl. ¶ 120.  Accordingly, Plaintiffs must plead a "'strong' inference" of "both a motive and a clear opportunity for committing … fraud." *Burlington Coat Factory*, 114 F.3d at 1422.

Under the PSLRA, a "strong inference" requires that "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007).  In making that determination, the PSLRA "obliges courts to weigh the 'plausible nonculpable explanations for the defendant's conduct' against the 'inferences favoring the plaintiff.'" *See Institutional Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 267 (3d Cir. 2009) (citation omitted) (affirming dismissal of Section 10(b) claims); *see also In re Hertz Glob. Holdings Inc.*, 905 F.3d 106, 114 (3d Cir. 2018) (affirming decision

3

granting motion to dismiss; "To adequately plead scienter under the PSLRA, a plaintiff must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind,' which we have described as one 'embracing [an] intent to deceive, manipulate, or defraud,' either knowingly or recklessly. A complaint adequately pleads a strong inference of scienter 'only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" (citations omitted) (alteration in original)).

To that end, courts consider the rationality of a plaintiff's theory when evaluating alleged motives. *See, e.g.*, *In re Green Tree Fin. Corp. Stock Litig.*, 61 F. Supp. 2d 860, 874 (D. Minn. 1999) (dismissing claim where alleged motives were "implausible" and "ma[d]e[] no sense"), *rev'd on other grounds by Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645 (8th Cir. 2001). "[E]conomically irrational" theories are insufficient to establish a "convincing motive." *Ortiz v. Canopy Growth Corp.*, 537 F. Supp. 3d 621, 678 (D.N.J. 2021) (granting motion to dismiss). Moreover, the allegations must not only support plaintiff's theory, but undermine alternative, non-actionable explanations. That is because a "strong inference" requires that "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw." *Tellabs*, 551 U.S. at 324. And where "the defendants' motive to commit securities fraud is not readily apparent, the plaintiffs face a more stringent standard for establishing fraudulent intent." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1069 (5th Cir. 1994) (affirming dismissal); *Oppenheimer v. Novell, Inc.*, 851 F. Supp. 412, 418 (D. Utah 1994) (dismissing complaint for failure to plead "any reasonable motive").

**Section 20(a):** To assert a claim "under Section 20(a), the plaintiffs must establish: (1) an underlying violation by a controlling person or entity; (2) that the defendants are 'controlling persons;' and (3) that the defendants were in some meaningful sense culpable participants in the fraud." *In re Digit. Island Sec. Litig.*, 223 F. Supp. 2d 546, 560 (D. Del. 2002) (granting motion to dismiss), *aff'd*, 357 F.3d 322 (3d Cir. 2004).

4

Like claims under Section 10(b)-5, claims under Section 20(a) are subject to "the heightened pleading standards of the PSLRA." *Snowstorm Acquisition Corp. v. Tecumseh Prods. Co.*, 739 F. Supp. 2d 686, 708 (D. Del. 2010) (granting motion to dismiss Section 20(a) claim). Thus, as with claims under Section 10(b)-5, a claim under Section 20(a) must "state with particularity the circumstances of … the defendants' culpability." *See also Digit. Island*, 223 F. Supp. 2d at 561.

**B.    Plaintiffs' Allegations Are Insufficient to Establish That Mr. Renaud Acted With Scienter.**

Plaintiffs hypothesize that, as part of an unlawful scheme, Mr. Renaud facilitated Bain's acquisition of Cerevel stock at artificially deflated prices in the October Offering and its subsequent sale of that stock at a "significantly deflated" price in the merger.  Compl. ¶¶ 2, 98. Mr. Renaud allegedly did this to benefit Bain and to obtain the change-of-control compensation. This theory fails for several reasons.

First, with respect to Mr. Renaud's supposed desire to "maximize Bain's profit," *id*. ¶ 120, Plaintiffs' theory rests on the flawed premise that the October Offering benefitted Bain.  But—as explained in the Bain Defendants' Opening Brief in Support of Motion to Dismiss—Plaintiffs' own allegations demonstrate that "the Offering *diluted* Bain's equity stake in the Company." Bain's Opening Br. (D.I. 45) at 14.  Because "Bain did not receive any benefit from" the October Offering, *id.*, the Complaint fails to give rise to any inference—let alone a "strong inference"— that Renaud was motivated to "maximize Bain's profits."

Second, even if the October Offering had benefitted Bain, Plaintiffs' theory suffers from multiple flaws.   They offer no support for the conclusory assertion that Mr. Renaud was "incentivized to maximize Bain's profit."  Compl. ¶ 120.  There is no allegation of any profit sharing or other compensation passing from Bain to Mr. Renaud.  Nor is there any allegation of any offer or promise made to Mr. Renaud by Bain.  Plaintiffs offer only their conclusory assertion. Moreover, Plaintiffs never acknowledge that *both* aspects of the "scheme" would have harmed Mr. Renaud.  As for the October Offering, that transaction *diluted* Mr. Renaud's equity interests in

5

Cerevel.  And because nearly two-thirds of Mr. Renaud's compensation was equity based, Compl. ¶ 120, a merger in which stockholders then received a "significantly deflated," *id.* ¶ 98, price would have been doubly detrimental to Mr. Renaud and his already-diluted equity stake.  Having not acknowledged this fact, it is not surprising that they offer no explanation as to why Mr. Renaud would have sacrificed his own economic interest to benefit Bain.  *See, e.g.*, G*reen Tree Fin.*, 61 F. Supp. 2d at 874; *Ortiz*, 537 F. Supp. 3d at 678.[3]

Plaintiffs are therefore left with an economically irrational theory that does not give rise to a reasonable inference—let alone a "strong" one—that Mr. Renaud "schemed" to violate the federal securities laws.  *Ortiz*, 537 F. Supp. 3d at 678.  The Court of Chancery's decision denying the motion to dismiss the breach of fiduciary duty claims arising out of the same transaction does not help Plaintiffs.  If anything, that ruling counsels in favor of dismissal of these claims.  As a threshold matter, the federal court's baseline "*Twombly/Iqbal* plausibility standard is more rigorous than Delaware's counterpart pleading standard." *Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808, 813 & n.12 (Del. 2013).  Moreover, Delaware does not have any counterpart to the PSLRA. As such, plaintiffs alleging fraud in Delaware benefit from a "'minimal' and 'plaintiff friendly' pleading standard" that "explicitly exempt[s]" scienter from Rule 9(b)'s heightened pleading standard.  *Matrix Parent, Inc. v. Audax Mgmt. Co.*, 319 A.3d 909, 934 (Del. Super. 2024). Plaintiffs here, in contrast, must overcome that "[t]he PSLRA has raised the pleading bar even higher and *enhances* Rule 9(b)'s particularity requirement" by, among other things, requiring plaintiffs to "state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016) (citations omitted) (affirming decision granting motion to dismiss).

---

[3] In any event, "catch-all allegations that defendants stood to benefit from [the alleged] wrongdoing and had the opportunity to implement a fraudulent scheme are no longer sufficient, because they do not state facts with particularity or give rise to a strong inference of scienter." *See In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 535 (3d Cir. 1999).

Even under Delaware's far less stringent standard, the decision to deny the motion to dismiss was "a close call." *SEIU Pension Plans Master Tr. v. Bain Cap. Invs., LLC*, C.A. No. 2024-1274-JTL, at 4 (Del. Ch. Oct. 2, 2025) (Transcript).  But there, "[a]t the pleading stage, close calls go to the plaintiff." *Id.*  Allegations that barely survived under Delaware's "'minimal' and 'plaintiff friendly' pleading standard" come nowhere near satisfying the PSLRA's "enhance[d]" pleading standard.

*Manger v. Leapfrog Enterprises, Inc.*, 229 F. Supp. 3d 1126, 1134-35 (N.D. Cal. 2017) is instructive.  In that case, the plaintiff claimed that a statement issued by defendants recommending that stockholders tender their shares in a merger was false and misleading.  Plaintiffs alleged that the defendants "were motivated to consummate [a] 'fire sale' merger because they were 'driven in part to preserve equity compensation awards' that would occur in a change-of-control transaction (like the … merger) but would not continue if an asset sale or liquidation occurred." *Id.* (citation omitted).  In dismissing the case for failure to adequately plead scienter, the court observed that "those same defendants had equity shares that would be cashed out for the allegedly deflated Tender Offer," and "[u]nder plaintiff's theory, these very shares would be worth more had the individual defendants not pushed the Merger at its allegedly deflated price." *Id.* at 1135.  The same is true here.  Mr. Renaud's equity would have been substantially devalued had he schemed to force *either* a dilutive offering or a sale for inadequate value—much less both.

In the end, Plaintiffs lack any cogent explanation as to why—and any well-pled facts supporting the inference that—Mr. Renaud took multiple steps to *depress* the value of his tens-of-millions of dollars of equity-based compensation.[4]  This failure dooms Plaintiffs' claims.

---

[4] While "change-of-control allegations are insufficient by themselves to make a strong inference of scienter," *Manger*, 229 F. Supp. 3d at 1135 (granting motion to dismiss), they are particularly insufficient when the alleged scheme *reduces* the value of the change-of-control compensation. *See generally Wilbush v. Ambac Fin. Grp., Inc.*, 271 F. Supp. 3d 473, 496 (S.D.N.Y. 2017) (granting motion to dismiss and collecting cases finding allegations that executives acted to maximize officer compensation insufficient).

**CONCLUSION**

For the reasons set forth herein, as well as those explained by Cerevel and the Bain Defendants in their brief, the claims against Mr. Renaud should be dismissed.

ROSS ARONSTAM & MORITZ LLP

*/s/ David E. Ross*

David E. Ross (#5228)
Roger S. Stronach (#6208)
Holly E. Newell (#6687)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
rstronach@ramllp.com
hnewell@ramllp.com

October 30, 2025                    *Attorneys for Defendant Ron Renaud*

8