**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE AND SUBMISSION OF EXTRANEOUS DOCUMENTS

Dated: December 15, 2025

Andrew J. Entwistle (*pro hac vice*)
Callie Crispin (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Tel: (512) 710-5960
aentwistle@entwistle-law.com
ccrispin@entwistle-law.com

Vincent R. Cappucci (*pro hac vice*)
Robert N. Cappucci (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
Jessica A. Margulis (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
Emails:  vcappucci@entwistle-law.com
         rcappucci@entwistle-law.com
         asher@entwistle-law.com
         jmargulis@entwistle-law.com

*Counsel for Lead Plaintiffs and the Class*

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Emails:  bfarnan@farnanlaw.com
         mfarnan@farnanlaw.com

*Counsel for Lead Plaintiffs and the Class*

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ...................................................................................1

II.     LEGAL STANDARD ............................................................................................3

III.    ARGUMENT ..........................................................................................................4

        A.    Cerevel's SEC Filings ..........................................................................4

        B.    Post-Class Period Documents ...............................................................5

        C.    Internal Cerevel Documents Previously Unavailable to Plaintiffs ...........................6

IV.     CONCLUSION ......................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carroll v. Celebrity Cleaning, Inc.*,
   No. 3:18-CV-00638, 2018 WL 6725363 (M.D. Pa. Dec. 21, 2018)............................................ 6

*Clay v. Dep't of Army*,
   239 F. App'x 705 (3d Cir. 2007) ............................................................................................. 7

*Clifton v. Nationwide Gen. Ins. Co.*,
   CA No. 25-67-GBW, 2025 WL 2152514 (D. Del. July 29, 2025)............................................ 4

*Doe v. Princeton Univ.*,
   30 F.4th 335 (3d Cir. 2022) ...................................................................................................... 1

*Hall v. Johnson & Johnson*,
   CA No. 18-1833 (FLW), 2019 WL 7207491 (D.N.J. Dec. 27, 2019) ........................................ 4

*Huertas v. City of Camden*,
   No. CV 03-4025 (FLW), 2006 WL 8447446 (D.N.J. May 12, 2006) ........................................ 5

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)................................................................................................. 3, 7

*In re Cendant Corp. Litig.*,
   60 F. Supp. 2d 354 (D.N.J. 1999) ............................................................................................. 2

*In re Egalet Corp. Sec. Litig.*,
   340 F. Supp. 3d 479 (E.D. Pa. 2018) ........................................................................................ 3

*In re Integra Lifesciences Holdings Corp. Sec. Litig.*,
   2025 WL 1798386 (D.N.J. June 30, 2025) ................................................................................ 3

*Kamden-Ouaffo v. Hucarro*,
   No. 2:16-CV-8859-CCC-MF, 2017 WL 11724428 (D.N.J. Jan. 13, 2017) .............................. 6

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018),
   *cert. denied sub nom. Hagan v. Khoja*, 587 U.S. 1014 (2019) .......................................... 1, 3, 6

*King v. Doe*,
   No. CIV. 10-573 JBS/AMD, 2011 WL 2669221 (D. Del. July 6, 2011) .................................. 7

*Levins v. Healthcare Revenue Recovery Grp. LLC*,
   902 F.3d 274 (3d Cir. 2018)...................................................................................................... 4

*Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*,
    CA No. 10–3897, 2011 WL 1540199 (E.D. Pa. Apr. 21, 2011)................................................. 4

*Rice v. Nathan Rice, Inc.*,
    No. 2:21-CV-00090-RJC, 2022 WL 3716551 (W.D. Pa. May 18, 2022) ................................. 4

*Ricoh Co. v. Oki Data Corp.*,
    No. CV 09-694-SLR, 2010 WL 3908603 (D. Del. Sept. 30, 2010) ......................................... 4

*Tomaszewski v. Trevena, Inc.*,
    482 F. Supp. 3d 317 (E.D. Pa. 2020) ..................................................................................... 1

*Victaulic Co. v. Tieman*,
    499 F.3d 227 (3d Cir. 2007).................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12(b) ............................................................................................................... 3

Fed. R. Civ. P. 12(d) ............................................................................................................... 7

Fed. R. Evid. 201 .................................................................................................................... 5

Fed. R. Evid. 201(b).................................................................................................................. 3

Lead Plaintiffs SM Merger/Arbitrage, LP, Associated Capital Group, Inc. and Atlas Diversified Master Fund, Ltd. (collectively, "Plaintiffs") respectfully submit this Opposition to the Request for Judicial Notice in Support of Bain Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Bain Defendants' Motion"). D.I. 56. (the "Request").

## I.    SUMMARY OF ARGUMENT

The Bain Defendants' Request is the latest in a "concerning pattern in securities cases" of defendants seeking to exploit the judicial notice and incorporation by reference doctrines to improperly defeat "what would otherwise constitute adequately stated claims at the pleading stage." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 587 U.S. 1014 (2019). In a widely cited opinion accepted by Court's in the Third Circuit, the Ninth Circuit criticized this very conduct, holding:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Khoja*, 899 F.3d at 998.[1]

---

[1]    *Khoja* is good law in the Third Circuit. The Third Circuit has cited *Khoja* as being consistent with Third Circuit law on the incorporation by reference doctrine. *See, e.g.*, *Doe v. Princeton Univ.*, 30 F.4th 335, 343 n.8 (3d Cir. 2022). The Eastern District of Pennsylvania has applied *Khoja* when ruling on a motion to dismiss securities claims. *See Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 328-29. (E.D. Pa. 2020).

Here, each category of documents in the Bain Defendants' Request for judicial notice is improper except for the transcript of the motion to dismiss arguments in the related case in Chancery.[2]

*First,* the Bain Defendants request judicial notice of four SEC filings but ignore that judicial notice of SEC filings is only proper "for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *See In re Cendant Corp. Litig.*, 60 F. Supp. 2d 354, 365 (D.N.J. 1999).[3]

*Second,* the Bain Defendants request judicial notice of certain documents concerning AbbVie's announcements regarding Cerevel's drug candidates made *months after* Cerevel was acquired by AbbVie (the end of the Class Period). These documents are wholly irrelevant to the claims asserted and the four corners of the complaint and thus not proper for judicial notice.

*Third,* the Bain Defendants attach to the Transmittal Affidavit of Christopher Fitzpatrick Cannataro, Esq. (D.I. 48, the "Cannataro Affidavit") two additional exhibits – Exhibits 3 and 8 – but did not request judicial notice of either document. Neither exhibit is proper for judicial notice because Plaintiffs did not have access to the material while drafting the Complaint. Thus, Plaintiffs request the Court strike Exhibits 3 and 8 from the record.

---

[2] Plaintiffs do not oppose judicial notice of the October 2, 2025 Telephonic Rulings of the Court on Defendants' Motion to Dismiss in *SEIU Pension Plans Master Trust v. Bain Capital Investors, LLC*, No. 2024-1274-JTL (Del. Ch.), which addressed (and rejected) many of the same arguments made in the Bain Defendants' Motion.

[3] Counsel for both Defendant Cerevel Therapeutics Holdings, Inc. and Defendant Pfizer, Inc. submitted declarations in support of their clients' respective motions to dismiss attaching several additional Cerevel SEC filings. *See* D.I. 47 (Cerevel); D.I. 42 (Pfizer). Plaintiffs believe the attachment of these exhibits without a request for judicial notice is improper and respectfully request the Court strike those exhibits, or, at a minimum, do not treat the exhibits to prove the truth of their contents.

Accordingly, the Court should deny the Bain Defendants' Request regarding the SEC filings and post class period documents and strike Exhibits 3 and 8 from the record.

## II.    LEGAL STANDARD

As a general rule, "a district court considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) 'may not consider matters extraneous to the pleadings' without converting the motion into one for summary judgment." *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 496 (E.D. Pa. 2018) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Limited exceptions to that rule allow courts to consider: "(1) Exhibits attached to the complaint; (2) Matters of public record; and (3) Undisputedly authentic documents integral to or explicitly relied upon in the complaint." *Egalet*, 340 F. Supp. 3d at 496. Courts may also consider "items subject to judicial notice." *In re Integra Lifesciences Holdings Corp. Sec. Litig.*, 2025 WL 1798386, at *12 (D.N.J. June 30, 2025).

In securities class actions, like this one, courts should take judicial notice "sparingly at the pleading stage," and "[o]nly in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). Judicial notice may be taken when a fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, "a court cannot take judicial notice of disputed facts." *Khoja*, 899 F. 3d at 999; *see also id.* at 1000 (courts cannot judicially notice documents that are "subject to varying interpretations" and when there is "a reasonable dispute as to what [they] establish[]").

Under "incorporation by reference," a court can consider "'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the document.'" *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018). But "[t]he mere fact that the documents are referenced or quoted" in a complaint does not automatically render them appropriate for consideration on a motion to dismiss. *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *11 (D.N.J. Dec. 27, 2019).

## III.    ARGUMENT

### A.    Cerevel's SEC Filings

The Bain Defendants request judicial notice of the following three exhibits filed with the SEC (together, the "SEC Filing Exhibits"):

- Exhibit 1 – The Amended and Restated Shareholder Rights Agreement, dated October 27, 2010 and filed with the SEC by Cerevel Therapeutics Holdings, Inc. as Exhibit 10.3 to Cerevel's Form 8-K on October 27, 2010;

- Exhibit 7 – Cerevel Form 10-Q for Q3 2023, filed by Cerevel with the SEC on November 1, 2023; and

- Exhibit 9 – Schedule 14A Definitive Proxy Statement (the "Proxy"), filed by Cerevel with the SEC on January 18, 2024.

Plaintiffs acknowledge that the Court may consider such SEC filings on a limited basis. However, "[o]ur Court of Appeals has regularly held that a district court, in ruling on a [Rule 12] motion ..., can only consider materials outside the pleadings to esta[b]lish the truth of their existence, not the truth of their contents." *Clifton v. Nationwide Gen. Ins. Co.*, 2025 WL 2152514, at *3 n.5 (D. Del. July 29, 2025) (Williams, J.) (alterations in original) (quoting *Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*, 2011 WL 1540199, at *3 n.8 (E.D. Pa. Apr. 21, 2011)) (citing *Rice v. Nathan Rice, Inc.*, 2022 WL 3716551, at *1 (W.D. Pa. May 18, 2022) ("In support of their requested relief, Plaintiffs rely on deposition testimony, a response to an interrogatory, and an email sent by Defendants' counsel to Plaintiffs' counsel. For purposes of judicial notice, the representations set forth in these documents cannot be accepted for the truth of the matter asserted."); *Ricoh Co. v. Oki Data Corp.*, 2010 WL 3908603, at *4 (D. Del. Sept. 30, 2010)

4

("[E]ven if the [C]ourt were to take judicial notice ..., it would be improper to take notice of the truth of the contents of these documents.")).

In addition, it is well-settled on a motion to dismiss that it is improper for a court to take judicial notice of disputed facts contained within SEC filings, as a "high degree of indisputability is the essential prerequisite" for taking judicial notice under Rule 201.  Fed. R. Evid. 201 advisory committee's note (1972); *Huertas v. City of Camden*, 2006 WL 8447446, at *2 (D.N.J. May 12, 2006). Here, the Complaint alleges that Cerevel's Proxy was false and misleading and omitted material facts. Thus, the accuracy of the statements in the Proxy is inherently in question and Rule 201's requirement that the facts arise "from sources whose accuracy cannot reasonably be questioned" cannot be met.

### B.    Post-Class Period Documents

The Bain Defendants also request judicial notice of three exhibits relating to wholly irrelevant post-class period events.

- Exhibit 10 – AbbVie's Form 10-Q for Q3 2024 dated November 4, 2024;

- Exhibit 11 – AbbVie's stock price history for the period of November 8-11, 2024, as reported by Yahoo! Finance; and

- Exhibit 12 – A press release issued by AbbVie on November 11, 2024 (together, the "Post-Class Period Exhibits").

Neither these exhibits nor their subject matter are referenced or related to any allegation in the complaint. Indeed, the Bain Defendants' Motion concedes this, stating when citing the exhibits that "*although the Complaint fails to mention it*, on November 11, 2024, AbbVie announced negative results from emraclidine's Phase 2 clinical trial, resulting in a $40 billion-plus decline in AbbVie market capitalization." (Bain Defendants' Motion at 6) (emphasis added).

5

Defendants are correct the Complaint doesn't mention AbbVie's November 2024 announcement. This is because Plaintiffs' claims conclude with the completion of the Cerevel-AbbVie Merger on August 1, 2024. The result of the clinical trials of Cerevel's drugs following the completion of the Merger is completely irrelevant to the claims asserted, and the Bain Defendants' request for judicial notice of such irrelevant documents should be rejected. *Kamden-Ouaffo v. Hucarro*, 2017 WL 11724428, at *2 (D.N.J. Jan. 13, 2017) (Courts are not required to take judicial notice of irrelevant materials).

### C.    Internal Cerevel Documents Previously Unavailable to Plaintiffs

The Bain Defendants also submitted two improper exhibits as attachments to the Cannataro Affidavit that were not included in their Request for Judicial Notice. Both these exhibits are internal Cerevel documents that Plaintiffs did not have access to when drafting the Complaint:

- Exhibit 3 – August 31, 2023 Cerevel Board Meeting Minutes (CERE220_000639) [**CONFIDENTIAL**]; and

- Exhibit 8 (AbbVie Inc. ("AbbVie" Term Sheet) dated November 7, 2023 (CERE_0008130 [**CONFIDENTIAL**].

Plaintiffs had never seen these exhibits prior to the filing of the Bain Defendant's Motion, nor could they have. Permitting the Bain Defendants to obtain judicial notice of putative facts in in Cerevel's internal documents which Plaintiffs were unable to consider prior to filing the Complaint would put Plaintiffs at a distinct disadvantage at the pleading stage. These are the precise concerns raised by the Ninth Circuit in *Khoja*. *See* 899 F.3d at 988, 999 (noting that "defendants possess materials to which the plaintiffs do not yet have access," and criticizing the "'inappropriate efforts by defendants' in SEC matters to 'expand courts' consideration of extrinsic evidence at the motion to dismiss stage'"); *see also Carroll v. Celebrity Cleaning, Inc.*, 2018 WL 6725363, at *2 (M.D. Pa. Dec. 21, 2018) ("Carroll therefore lacked notice of LCCC's submissions,

6

which is 'the primary problem raised by looking to documents outside the complaint.'") (citing *Burlington Coat Factory*, 114 F.3d at 1426).

If the Court does consider Exhibits 3 and 8, it should convert the Bain Defendants' motion to dismiss into one for summary judgement. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also King v. Doe*, 2011 WL 2669221, at *4 (D. Del. July 6, 2011) (converting a motion under Rule 12(b)(6) on an issue to one under Rule 56 as defendants attached two documents that were neither attached nor referred to in Plaintiff's Complaint and providing plaintiff time to take discovery); *Clay v. Dep't of Army*, 239 F. App'x 705, 706 (3d Cir. 2007) ("Because the District Court considered affidavits from Appellees, or did not specifically exclude such affidavits from consideration, the District Court was required to convert defendants' 'motion to dismiss, or alternatively, for summary judgment' to a motion for summary judgment").

## IV.   CONCLUSION

For the foregoing reasons, the Court should: (a) take judicial notice of the SEC Filings Exhibits but only to determine what the documents stated and not to prove the proof of their contents; (b) reject the Bain Defendants' request to take judicial notice of the Post-Class Period Exhibits; and (c) strike Exhibits 3 and 8 from the record.

DATED: December 15, 2025

Respectfully submitted,

**FARNAN LLP**

By:     *Brian Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Emails:  bfarnan@farnanlaw.com
            mfarnan@farnanlaw.com

***Counsel for Lead Plaintiffs and the Class***

**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle (*pro hac vice*)
Callie Crispin (*pro hac vice*)
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Tel: (512) 710-5960
aentwistle@entwistle-law.com
ccrispin@entwistle-law.com

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci (*pro hac vice*)
Robert N. Cappucci (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
Jessica A. Margulis (*pro hac vice*)
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
Emails:  vcappucci@entwistle-law.com
            rcappucci@entwistle-law.com
            asher@entwistle-law.com
            jmargulis@entwistle-law.com

***Counsel for Lead Plaintiffs and the Class***

8