# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW |

## DEFENDANT PFIZER INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' <u>CONSOLIDATED CLASS ACTION COMPLAINT</u>

OF COUNSEL:

**SIMPSON THACHER & BARTLETT LLP**
Lynn K. Neuner
George S. Wang
Anthony C. Piccirillo
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lneuner@stblaw.com
gwang@stblaw.com
anthony.piccirillo@stblaw.com

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
John P. DiTomo (#4850)
Alec F. Hoeschel (#7066)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9329
jditomo@morrisnichols.com
ahoeschel@morrisnichols.com

*Attorneys for Defendant Pfizer Inc.*

Dated: January 23, 2026

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ................................................................................................................................... 2

    I.     Plaintiffs' Section 20(a) Claim Is Subject To The PSLRA's Heightened
           Pleading Requirements ...................................................................................... 2

    II.    Plaintiffs Have Not Adequately Pleaded That Pfizer Was A Control
           Person........................................................................................................... 2

    III.   Plaintiffs Have Not Adequately Pleaded That Pfizer Was A Culpable
           Participant ...................................................................................................... 6

    IV.   The Court Should Deny Plaintiffs' Request To Strike The SEC Filings
           Submitted As Exhibits To Pfizer's Motion........................................................... 10

CONCLUSION................................................................................................................................ 10

i

## TABLE OF AUTHORITIES

### CASES

*AJZN, Inc. v. Yu*,
2015 WL 331937 (D. Del. Jan. 26, 2015)..............................................................................2

*City of Southfield Fire & Police Retirement System v. Hayward Holdings, Inc.*,
2025 WL 1577315 (D.N.J. Jun. 4, 2025)..............................................................................4

*Cleveland Med. Devices Inc. v. Resmed Inc.*,
696 F. Supp. 3d 4 (D. Del. 2023)........................................................................................10

*Dudley v. Haub*,
2013 WL 1845519 (D.N.J. Apr. 30, 2013) ...........................................................................7

*Easton & Co. v. Mutual Ben. Life Ins. Co.*,
1992 WL 136857 (D.N.J. Mar. 29, 1992)..............................................................................7

*In re Advance Auto Parts, Inc.*,
2020 WL 599543 (D. Del. Feb. 7, 2020).......................................................................2, 4, 7

*In re Am. Apparel, Inc. S'holder Litig.*,
2013 WL 10914316 (C.D. Cal. Aug. 8, 2013)......................................................................5

*In re BioScrip, Inc. Sec. Litig.*,
95 F. Supp. 3d 711 (S.D.N.Y. 2015).....................................................................................9

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
2016 WL 215476 (S.D. Tex. Jan. 19, 2016) .........................................................................6

*In re Dig. Island Sec. Litig.*,
223 F. Supp. 2d 546 (D. Del. 2002)...................................................................................2, 8

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
352 F. Supp. 2d 429 (S.D.N.Y. 2005)...................................................................................4

*In re Reliance Sec. Litig.*,
135 F. Supp. 2d 480 (D. Del. 2001).......................................................................................4

*In re SolarWinds Corp. Sec. Litig.*,
595 F. Supp. 3d 573 (W.D. Tex. 2022)..............................................................................5, 6

*In re UTStarcom, Inc. Sec. Litig.*,
617 F. Supp. 2d 964 (N.D. Cal. 2009) ..................................................................................5

*LLDVF, L.P. v. Dinicola*,
2010 WL 3210613 (D.N.J. Aug. 12, 2010) .......................................................................3, 5

*Martin v. GNC Holdings, Inc.*,
757 F. App'x 151 (3d Cir. 2018) ............................................................................. 10

*Nash v. Qualtrics Int'l Inc.*,
2024 WL 231870 (D. Del. Jan. 22 2024) .................................................................... 6

*No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*,
320 F.3d 920 (9th Cir. 2003) ...................................................................................... 6

*Strougo v. Mallinckrodt Pub. Ltd. Co.*,
2022 WL 17740482 (D.N.J. Dec. 16, 2022) ............................................................... 7

*Thomas v. Magnachip Semiconductor Corp.*,
167 F. Supp. 3d 1029 (N.D. Cal. 2016) ...................................................................... 5

*Twinstrand Biosciences, Inc. v. Guardant Health, Inc.*,
2023 WL 1860186 (D. Del. Feb. 9, 2023) ................................................................ 10

*Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*,
176 F. Supp. 3d 387 (D. Del 2016) ............................................................................. 8

*Zhengyu He v. China Zenix Auto Int'l Ltd.*,
2020 WL 3169506 (D.N.J. Jun. 12, 2020) .................................................................. 7

## PRELIMINARY STATEMENT

The opening paragraph of Plaintiffs' Opposition (D.I. 67) ("Opp.") describes what Plaintiffs believe this case is about, and there is no mention of Pfizer. According to Plaintiffs, this case arises from an alleged insider trading scheme orchestrated by Bain and Perceptive in connection with Cerevel's October Offering. Plaintiffs concede that Pfizer played no role in that alleged scheme. The only reason Pfizer is in this case is because of a tack-on control person claim under Section 20(a) of the Exchange Act, which seeks to hold Pfizer secondarily liable for certain allegedly misleading statements made by Cerevel and its former CEO, Ron Renaud. That claim is deficient as a matter of law.

The Complaint fails to adequately plead that Pfizer, a minority shareholder, controlled Cerevel. Pfizer's opening memorandum of law (D.I. 40) ("Pfizer Mem.") explained that Pfizer acted independently of Bain, another minority shareholder, for all purposes, except they agreed to vote for each other's director nominees in annual Board elections. While Plaintiffs cherry-pick out-of-context quotes from SEC filings describing Pfizer and Bain as a potential "group" and characterizing Cerevel as a "controlled company," Plaintiffs ignore that this language refers only to the narrow circumstance of director elections, which has nothing to do with any of the alleged conduct at issue in the Complaint. For all relevant purposes, Pfizer was an independent minority shareholder, and Plaintiffs cannot plead control by combining Pfizer's and Bain's separate minority stakes.

The Complaint is also subject to dismissal because Plaintiffs have failed to plead culpable participation. Given the absence of any allegations plausibly suggesting that Pfizer participated in primary violations with a culpable state of mind, Plaintiffs try to salvage their claim by insisting that culpable participation does not need to be pled. But that position contradicts the

1

clear majority rule in this district. Plaintiffs' failure to plead culpable participation is fatal.[1]

For the reasons explained below and in Pfizer's opening memorandum, Plaintiffs' control person claim against Pfizer under Section 20(a) should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiffs' Section 20(a) Claim Is Subject To The PSLRA's Heightened Pleading Requirements

Section 20(a) claims are subject to the heightened pleading requirements of the PSLRA. Notwithstanding Plaintiffs' citations to dated authority from other districts, Opp. at 9, courts in this district have recognized that "the heightened standard of the PSLRA requires that a claim under Section 20(a) state with particularity the circumstances of both the defendants' control of the primary violator, as well as of the defendants' culpability as controlling persons." *In re Dig. Island Sec. Litig.*, 223 F. Supp. 2d 546, 561 (D. Del. 2002).[2] While Plaintiffs' claims are insufficient under any pleading standard, the PSLRA's heightened pleading standard is the proper standard for evaluating the sufficiency of the Complaint.

### II. Plaintiffs Have Not Adequately Pleaded That Pfizer Was A Control Person

The Complaint fails plausibly to allege that Pfizer was a control person of Cerevel.[3] Plaintiffs do not contend that Pfizer is a control person on its own. They cannot because Pfizer

---

[1] In addition, the claims against Pfizer are subject to dismissal because, for the reasons set forth in Cerevel's briefing (which Pfizer incorporates by reference), Plaintiffs fail to plead primary violations of the Exchange Act against Cerevel.

[2] *See also AJZN, Inc. v. Yu*, 2015 WL 331937, at *4 (D. Del. Jan. 26, 2015) (same); *In re Advance Auto Parts, Inc.*, 2020 WL 599543, at *10 (D. Del. Feb. 7, 2020) (dismissing Section 20(a) claim for failure to "satisfy the PSLRA's particularity requirement").

[3] Contrary to Plaintiffs' assertion that control person claims ordinarily cannot be resolved at the pleading stage, Opp. at 9, courts in this district and others have repeatedly dismissed Section 20(a) claims for failure to adequately plead control. *See generally* Pfizer Mem. at 10-15 (citing cases in which courts have dismissed Section 20(a) claims for failure to plead control).

2

was a minority shareholder that nominated only two of Cerevel's twelve directors.  Rather, Plaintiffs argue that Pfizer and Bain *jointly* controlled Cerevel.  The default presumption, however, is that "each defendant's control must be evaluated separately unless there is some basis on which to consider their collective action" because otherwise "any shareholder, no matter how small, could be grouped with others to form a majority control group."  *LLDVF, L.P. v. Dinicola*, 2010 WL 3210613, at *12 (D.N.J. Aug. 12, 2010).  Here, Plaintiffs' allegations fail to establish a basis for combining Pfizer's and Bain's separate minority stakes.

The Opposition states that Pfizer and Bain were a "coordinated control group" with "coordinated rights," but never explains *how* Pfizer and Bain coordinated to combine their ownership stakes and Board representation to jointly exercise majority control over Cerevel. Plaintiffs rely heavily on vague references to and mischaracterizations of the Shareholder Rights Agreement ("SRA") and statements in SEC filings.  As explained in Pfizer's opening brief, the SRA did not require Pfizer and Bain to coordinate or agree with each other with the single exception that they were required to vote for each other's respective Board nominees.  *See* Pfizer Mem. at 4-5.  Because of this limited agreement, Bain made a Schedule 13D filing stating that it and Pfizer "may be deemed a group," and Cerevel made disclosures stating that it was a "controlled company" under NASDAQ rules.[4]  *See id.* at 14-15.  While Plaintiffs read these statements in isolation, the filings themselves make clear that their references to a potential "group" or "control" are premised on the voting agreement for director elections, not on anything else.  *See id.* at 13-15.  Plaintiffs' Opposition does not dispute that these disclosures were solely

---

[4] The NASDAQ definition of "controlled company" is based on voting power for the election of directors and is distinct from the concept of "control person" liability under the federal securities laws.  *See* Pfizer Mem. at 14-15.

3

based on Pfizer's and Bain's agreement to vote together in annual director elections.[5]

Pfizer's and Bain's agreement to vote for each other's nominees in annual Board elections is not enough to establish joint control.  Plaintiffs concede that they "must show that defendants exercised control over the accused operations."  Opp. at 10 (citing *In re Reliance Sec. Litig.*, 135 F. Supp. 2d 480, 518 (D. Del. 2001)).  But Plaintiffs never explain how an agreement that only applied during annual Board elections shows that Pfizer and Bain were jointly controlling Cerevel's operations.  For example, Plaintiffs do not allege (nor could they) that Pfizer's and Bain's director nominees agreed to vote as a combined group on matters presented to the Board.  Absent such allegations of coordination with respect to Cerevel's operations, Pfizer cannot be grouped together with Bain for purposes of the control person analysis. When Pfizer is evaluated separately, its status as a minority shareholder that nominated a minority of the Board is insufficient to plead Section 20(a) liability.[6]

Plaintiffs rely on *City of Southfield Fire & Police Retirement System v. Hayward Holdings, Inc.*, 2025 WL 1577315 (D.N.J. Jun. 4, 2025), in which two minority shareholders with combined majority power were found to be control persons.  But *Southfield* is materially distinguishable because in that case there was a nexus between the minority shareholders' coordination and the conduct at issue in the complaint.  In *Southfield*, the minority shareholders agreed to coordinate their voting "with respect to the timing and manner of disposition" of the company's stock.  *Id.* at *17.  That coordination had a close connection to the plaintiff's

---

[5] Under the SRA, Pfizer and Bain had the right to require Cerevel to register securities for sale and the right to purchase newly issued stock pro rata, Opp. at 6, but Plaintiffs do not explain (nor could they) how these rights show that Pfizer and Bain acted as a joint control group.

[6] *See, e.g.*, *In re Advance Auto Parts*, 2020 WL 599543, at *10; *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 457-59, 469 (S.D.N.Y. 2005).

allegations of insider stock sales. *Id.* at \*3. Here, by contrast, there is no allegation that Pfizer and Bain coordinated with respect to dispositions of company stock, and Plaintiffs have not identified any connection between Pfizer's and Bain's agreement to vote for each other's director nominees and any of the alleged primary securities violations identified in the Complaint.[7]

Contrary to Plaintiffs' characterization of a handful of out-of-district cases, Opp. at 12-13, allegations of minority stock ownership coupled with a disclosure of "influence" are insufficient to plead control person status. Plaintiffs' cases rely on allegations of facts beyond mere minority ownership, minority board representation, and acknowledged "influence."[8]

The cases Plaintiffs cite to show that "allegations of minority shareholders with collective majority stakes working together are sufficient to plead control," *id.* at 13, are also distinguishable. The only cited case from the Third Circuit actually held that the plaintiff failed to plead control person liability against minority shareholders because the plaintiff had not sufficiently alleged *how* the minority shareholders exercised combined majority control. *LLDVF*, 2010 WL 3210613, at \*13. *In re SolarWinds Corp. Sec. Litig.*, 595 F. Supp. 3d 573 (W.D. Tex. 2022), is similarly instructive. There, the court stated that "bare allegations that

---

[7] No director elections were held during the time period relevant to Plaintiffs' allegations. *See* Declaration of Anthony C. Piccirillo, dated January 23, 2026, Ex. 1 (Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934, Cerevel Therapeutics Holdings, Inc. (Apr. 28, 2023)), at 2-4, 17 (indicating that Cerevel's last election of directors occurred on June 7, 2023—more than two months before AbbVie's alleged earliest indication of interest).

[8] *See In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 979 (N.D. Cal. 2009) (alleged control person, in addition to being large minority shareholder, was also third largest customer of the issuer defendant and had significant business ties to issuer's chairman and CEO); *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 10914316, at \*37 (C.D. Cal. Aug. 8, 2013) (shareholder had lending relationship with issuer defendant, in addition to being significant minority shareholder with board representation); *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1049 (N.D. Cal. 2016) ("[A] party that has always held only a minority share of the company does not, by virtue of that fact alone, possess 'control' over the company.").

shareholders acted jointly without allegations of *how* the shareholders worked together, either separately or jointly, are not sufficient." *Id.* at 592. The court allowed control person claims to proceed because the complaint "specified the activities [the two shareholders] allegedly engaged in together to exert control over [the issuer defendant]." *Id.* Here, by contrast, the Complaint relies on "bare allegations" of joint activities without any allegations of how Pfizer and Bain worked together with respect to any matters at issue.[9] Because the Complaint fails to plead that Pfizer was a control person of Cerevel, Pfizer's motion should be granted.

### III.    Plaintiffs Have Not Adequately Pleaded That Pfizer Was A Culpable Participant

Plaintiffs' Section 20(a) claim against Pfizer must also be dismissed because the Complaint contains no allegations at all—much less the requisite particularized allegations—that Pfizer culpably participated in Cerevel's alleged misrepresentations or omissions. Plaintiffs attempt to escape this pleading deficiency by asserting that culpable participation is not a required element at the pleading stage. Opp. at 14. The significant majority of cases in the District of Delaware, however, have required plaintiffs to plead the culpable participation element to state a claim for control person liability. *See* Pfizer Mem. at 16 & n.6. Indeed, in 2024, this Court adopted a report and recommendation stating that culpable participation is a necessary element of control person liability at the pleading stage. *See Nash v. Qualtrics Int'l Inc.*, 2024 WL 231870, at *7 (D. Del. Jan. 22, 2024), *report and recommendation adopted*, 2024

---

[9] The other cases Plaintiffs cite applied pleading standards that are expressly less stringent than the standard applied in the Third Circuit. *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2016 WL 215476, at *11 (S.D. Tex. Jan. 19, 2016) (agreeing with courts in the Fifth Circuit that "apply a 'relaxed' and 'lenient' pleading standard for evaluating whether a plaintiff has sufficiently alleged a claim for control person liability"); *No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003) (stating that control person liability is "an intensely factual question" and that—contrary to case law in the Third Circuit— mere ownership of stock and representation on the board are indicative of control).

WL 2505911 (D. Del. May 24, 2024) (Williams, J.).

Against this wealth of precedent, Plaintiffs cite a statement in *Strougo v. Mallinckrodt Pub. Ltd. Co.*, 2022 WL 17740482, at *11 (D.N.J. Dec. 16, 2022), claiming that "the 'overwhelming trend' in the Third Circuit is that culpable participation need not be pled to survive a motion to dismiss." Opp. at 14. The *Strougo* court cited only one case, *Zhengyu He v. China Zenix Auto Int'l Ltd.*, 2020 WL 3169506, at *13 (D.N.J. Jun. 12, 2020), which similarly cited just one other District of New Jersey case, *Dudley v. Haub*, 2013 WL 1845519, at *20 n.5 (D.N.J. Apr. 30, 2013). The "overwhelming trend" language first appeared in a 1992 District of New Jersey case, *Easton & Co. v. Mutual Ben. Life Ins. Co.*, which stated (without any citation): "Given the overwhelming trend in this circuit to allow section 20(a) actions to withstand rule 9(b) motions based on a simple pleading of control, the court denies [defendant's] motion to dismiss." 1992 WL 136857, at *7 (D.N.J. Mar. 29, 1992). Whatever may have been the "trend" thirty-four years ago, before the PSLRA of 1995 instituted a wholesale strengthening of the pleading requirements for securities class actions, current District of Delaware precedent has required culpable participation to be alleged at the pleading stage.

As Plaintiffs acknowledge, "[c]ulpable participation [for purposes of Section 20(a)] 'refers to either knowing and substantial participation in the wrongdoing or inaction with the intent to further the fraud or prevent its discovery.'" Opp. at 14 (quoting *In re Advance Auto Parts*, 2020 WL 599543, at *10). Yet Plaintiffs fail to satisfy this standard. Plaintiffs concede that Pfizer did not participate in the October Offering. Opp. at 16. Nonetheless, Plaintiffs assert that Pfizer had "actual knowledge" of (i) AbbVie's interest in Cerevel and (ii) Centerview's September 27, 2023 valuation of an AbbVie transaction. But "pleading knowledge of the facts underlying the fraud, or even knowledge of the fraud itself, is simply not enough to establish

7

culpable participation in a securities violation by an allegedly controlling person."[10]

Plaintiffs fail to substantiate actual knowledge anyway. Plaintiffs summarily claim that Pfizer had "actual knowledge" of AbbVie's "whole-company interest" and of the September 27, 2023 Centerview valuation of a potential AbbVie transaction when the Board approved the October Offering. However, *as the Complaint itself alleges*, Pfizer's nominees were recused from the Board discussion where potential M&A opportunities and the Centerview analysis were presented. *See* Compl. ¶ 70.[11] Indeed, there is a fundamental contradiction between the Opposition's statement that Pfizer had "actual knowledge of AbbVie's whole-company interest in Cerevel and the $53 per share valuation Centerview presented to the Board in September 2023," Opp. at 14-15, and the Complaint's allegation that the Board "decided to recuse Pfizer's two directors from" the Centerview portion of the meeting because "the Centerview presentation would include strategic paths forward where Pfizer may have a conflict." Compl. ¶ 70.

Plaintiffs make the circular argument that the recusal somehow proves Pfizer's actual knowledge because Pfizer's Board nominees would have understood the reason for their recusal. Opp. at 15-16. But the Complaint alleges only that Pfizer was recused from a generalized discussion of strategic alternatives, Compl. ¶ 70, and there is no allegation that Pfizer was informed that this discussion would include consideration of "whole-company interest" from AbbVie. Therefore, the Complaint alleges, at most, that Pfizer's Board nominees knew Cerevel was considering M&A opportunities but does not allege that they were aware of interest from

---

[10] *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 176 F. Supp. 3d 387, 399-400 (D. Del 2016) ("Actual knowledge with vague alleg[ations] that the individual defendants participated in the purported omissions is not sufficient."); *see also In re Dig. Island*, 223 F. Supp. 2d at 563.

[11] *See also* Oct. 30, 2025 Piccirillo Decl. Ex. 8, D.I. 42-8 (Cerevel Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (Jan. 18, 2024)), at 42.

8

AbbVie or any details of discussions with AbbVie.  Because the Complaint demonstrates that Pfizer was shielded from information about Cerevel's discussions with AbbVie, Plaintiffs have no basis to argue that Pfizer knew the October Offering materials contained material omissions regarding a potential AbbVie deal or that Cerevel's subsequent Proxy had misleading statements and omissions about Cerevel's discussions with AbbVie and valuations from Centerview.[12] Accordingly, the Pfizer Board nominees' exclusion from deal-related Board meetings from September 27, 2023 to November 8, 2023 means that Pfizer could not have had actual knowledge that Cerevel's disclosures contained material misstatements or omissions regarding pre-November 8 discussions with AbbVie or related Centerview analyses.[13]

The Complaint also does not come close to plausibly alleging that Pfizer failed to act with intent to further the alleged fraud or prevent its discovery.  The Opposition has no allegations about Pfizer's state of mind, and its treatment of scienter consists of a single sentence stating that "Pfizer was fully aware of AbbVie's whole-company interest in Cerevel, yet intentionally refrained from disclosing it or taking steps to correct the misleading statements." Opp. at 15.  Plaintiffs' citations for this statement refer to Complaint paragraphs that *do not even mention Pfizer*, let alone spell out any particularized allegations that Pfizer failed to act with intent to further a fraud.  *See* Compl. ¶¶ 7, 9, 74, 82-84.  Thus, the Complaint lacks any

---

[12] The Complaint contains no particularized allegations that Pfizer knowingly and substantially participated in any alleged misstatements or omissions in the Proxy. Opp. at 15 (citing *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 741 (S.D.N.Y. 2015)).  The *BioScrip* case is inapposite.  In that case, the court dismissed control person claims against the minority shareholder entity (like Pfizer here).  *Id.* at 740-41.  While it permitted claims to proceed against individual directors, there is no indication that those directors (unlike Pfizer's nominees here) were recused from important discussions related to the alleged omissions and misstatements.  *Id.*

[13] Plaintiffs wrongly accuse Pfizer of conflating Section 20(a) with Section 20A because Pfizer's motion emphasized that Pfizer did not participate in the October Offering.  Opp. at 16.  But Pfizer's non-participation in the Offering contradicts Plaintiffs' conclusory allegation of scienter, just as Pfizer's recusal contradicts Plaintiffs' conclusory allegations of participation.

allegations of scienter against Pfizer, much less particularized allegations that "give rise to a strong inference of scienter" that is "at least as compelling" as any opposing inference. *See Martin v. GNC Holdings, Inc.*, 757 F. App'x 151, 154 (3d Cir. 2018). The more compelling competing inference is that Pfizer's two director nominees, having been recused from Board discussions about M&A opportunities, carried out their duties in reviewing the October Offering disclosures and Proxy based on the information known to them, and Pfizer had no motive to facilitate alleged misleading statements or omissions from which Pfizer received no benefit.

**IV.     The Court Should Deny Plaintiffs' Request To Strike The SEC Filings Submitted As Exhibits To Pfizer's Motion**

In a separate filing responding to a motion filed by the Bain Defendants, Plaintiffs include a footnote asking the Court to strike certain Cerevel SEC filings submitted with Pfizer's motion on the basis that Pfizer did not make a distinct request for judicial notice. D.I. 66, at 2 n.3. Plaintiffs have waived this argument by raising it only in a footnote. *See Twinstrand Biosciences, Inc. v. Guardant Health, Inc.*, 2023 WL 1860186, at *3 (D. Del. Feb. 9, 2023) (Williams, J.). Moreover, Pfizer's opening brief expressly invited the Court to take judicial notice of the SEC filings because it is "well-established" that "SEC filings . . . are matters of public record of which the court can take judicial notice" when considering a motion to dismiss. Pfizer Mem. at 4 n.1.[14]  Plaintiffs' request should be denied.

**CONCLUSION**

For the foregoing reasons, Pfizer respectfully requests that Count IV in the Complaint be dismissed with prejudice with respect to Pfizer.

---

[14] *See also Cleveland Med. Devices Inc. v. Resmed Inc.*, 696 F. Supp. 3d 4, 15 n.8 (D. Del. 2023) (Williams, J.) ("In deciding a motion to dismiss, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.").

Dated:   January 23, 2026

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:  /s/ *John P. DiTomo*
John P. DiTomo (#4850)
Alec F. Hoeschel (#7066)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9329
jditomo@morrisnichols.com
ahoeschel@morrisnichols.com

SIMPSON THACHER & BARTLETT LLP
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
Anthony C. Piccirillo (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lneuner@stblaw.com
gwang@stblaw.com
anthony.piccirillo@stblaw.com

*Attorneys for Defendant Pfizer Inc.*

11