# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION** | C.A. No. 25-cv-417-GBW |

**DIRECTOR DEFENDANTS DEVAL PATRICK, DEBORAH BARON, SUNEET VARMA, AND RUTH MCKERNAN'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

RICHARDS LAYTON & FINGER
Robert L. Burns (#5314)
Alexandra M. Ewing (#6407)
One Rodney Square
920 North King Street
Wilmington, DE 19801
302.651.7618
burns@rlf.com
ewing@rlf.com

Of Counsel:

HUESTON HENNIGAN LLP
John C. Hueston, CA SBN 164921
jhueston@hueston.com
Moez M. Kaba, CA SBN 257456
mkaba@hueston.com
Thomas A. Zaccaro, CA SBN 183241
tzaccaro@hueston.com
523 West 6th Street, Ste. 400
Los Angeles, CA  90014
213.788.4340

Hagan Scotten, NY SBN 4909719
hscotten@hueston.com
1 Little W 12th Street
New York, NY  10014
646.930.4046

Attorneys for Defendant
Deval Patrick, Deborah Baron, Suneet Varma, and Ruth McKernan

Dated:  January 23, 2026

## TABLE OF CONTENTS

**Page(s)**

I.    Introduction ................................................................................................................. 1

II.    Argument ..................................................................................................................... 2

     A.    Plaintiffs' Section 20(a) Claim Must Be Dismissed ............................................... 2

          1.    Plaintiffs Should Be Required to Plead Culpable Participation .................. 2

          2.    Plaintiffs Have Not Offered Particularized Allegations of Director
              Defendants' Culpable Participation in the Alleged Fraud ......................... 5

III.    Conclusion ................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Recs., LLC v. Doe 3*,
  604 F.3d 110 (2d. Cir. 2010)..................................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................................4

*Barbee v. Amira Nature Foods, Ltd.*,
  2024 WL 626302 (D.N.J. Feb. 14, 2024) ......................................................................3, 4, 8

*Bayerische Landesbank, New York Branch v. Barclays Cap., Inc.*,
  902 F. Supp. 2d 471 (S.D.N.Y. 2012)....................................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................4

*Belmont v. MB Inv. Partners, Inc.*,
  708 F.3d 470 (3d Cir. 2013)......................................................................................... passim

*Brug v. Enstar Grp., Inc.*,
  755 F. Supp. 1247 (D. Del. 1991)..........................................................................................3

*Carmack v. Amaya Inc.*,
  258 F. Supp. 3d 454 (D.N.J. 2017) .....................................................................................3, 6

*City of Southfield Fire & Police Ret. Sys. v. Hayward Holdings, Inc.*,
  2025 WL 1577315 (D.N.J. June 4, 2025) ...............................................................................2

*Dutton v. Harris Stratex Networks, Inc.*,
  270 F.R.D. 171 (D. Del. 2010) ..............................................................................................4

*Friedman v. JP Morgan Chase & Co.*,
  2016 WL 2903273 (S.D.N.Y. May 18, 2016) .........................................................................8

*Gorlamari v. Verrica Pharms., Inc.*,
  2024 WL 4026176 (E.D. Pa. Sept. 3, 2024) ...........................................................................2

*Howard v. Arconic Inc.*,
  2021 WL 2561895 (W.D. Pa. June 23, 2021).....................................................................5, 6, 7

*In re Advance Auto Parts, Inc.*,
  2020 WL 599543 (D. Del. Feb. 7, 2020) ................................................................................5

*In re Celgene Corp. Sec. Litig.*,
  2019 WL 6909463 (D.N.J. Dec. 19, 2019) .........................................................................3

*In re Cognizant Tech. Sols. Corp. Sec. Litig.*,
  2018 WL 3772675 (D.N.J. Aug. 8, 2018) ...........................................................................3

*In re Digital Island Sec. Litig.*,
  223 F. Supp. 2d 546 (D. Del. 2002), *aff'd*, 357 F.3d 322 (3d Cir. 2004)...................................3

*In re Heckmann Corp. Sec. Litig.*,
  869 F. Supp. 2d 519 (D. Del. 2012)...................................................................................3

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,
  2012 WL 3779309 (D.N.J. Aug. 29, 2012) ..................................................................3, 4, 6

*In re: Nice Sys., Ltd. Sec. Litig.*,
  135 F. Supp. 2d 551 (D.N.J. 2001) ....................................................................................3

*In re Reliance Sec. Litig.*,
  135 F. Supp. 2d. 480 (D. Del. 2001)...................................................................................6

*In re Toronto-Dominion Bank Sec. Litig.*,
  2018 WL 6381882 (D.N.J. Dec. 6, 2018) ...........................................................................4

*Monsen v. Consol. Dressed Beef Co.*,
  579 F.2d 793 (3d Cir. 1978).............................................................................................3

*Pelham v. VBIT Techs. Corp.*,
  2025 WL 947867 (D. Del. Mar. 28, 2025) .........................................................................2

*Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*,
  714 F. Supp. 2d 475 (S.D.N.Y. 2010)................................................................................7

*Rochez Bros. v. Rhoades*,
  527 F.2d 880 (3d Cir. 1975)..........................................................................................3, 8

*Snowstorm Acquisition Corp. v. Tecumseh Prods. Co.*,
  739 F. Supp. 2d 686 (D. Del. 2010)...................................................................................3

*Stanley Black & Decker, Inc. v. Gulian*,
  70 F. Supp. 3d 719 (D. Del. 2014).................................................................................3, 8

*Starr Invs. Cayman II, Inc. v. China MediaExpress Holdings, Inc.*,
  2014 WL 4180331 (D. Del. Aug. 21, 2014) ........................................................................3

*Steamfitters Loc. 449 Pension Fund v. Alter*,
  2011 WL 4528385 (E.D. Pa. Sept. 30, 2011) ..................................................................3, 7

*Stichting Pensioenfonds ABP v. Merck & Co.*,
    2012 WL 3235783 (D.N.J. Aug. 1, 2012) ...................................................................3, 7

*Strougo v. Mallinckrodt Pub. Ltd. Co.*,
    2022 WL 17740482 (D.N.J. Dec. 16, 2022) ...............................................................4

*Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*,
    61 F. Supp. 3d 391 (D. Del. 2014) ...........................................................................3

*Universal Am. Corp. v. Partners Healthcare Sols. Holdings, LP.*,
    176 F. Supp. 3d 387 (D. Del. 2016) .........................................................................7, 8

*Zazzali v. Alexander Partners, LLC*,
    2013 WL 5416871 (D. Del. Sept. 25, 2013) .............................................................3, 5

## I.      INTRODUCTION

Plaintiffs' Opposition underscores why their barebones Section 20(a) claim against Director Defendants fails as a matter of law and should be dismissed. As explained in Director Defendants' Motion, Plaintiffs do not identify a single meaningful allegation concerning any Director Defendant's conduct besides their routine, corporate responsibilities and actions. Rather than cure that defect, the Opposition pivots to non-issues, like control, allegations untethered to the Complaint, and theories of passive participation that courts have repeatedly rejected as culpable conduct.

Plaintiffs fail to identify *any* allegations regarding any Director Defendant's conduct, let alone particularized allegations from which the Court can infer their culpability or intent. Plaintiffs say Director Defendants were culpable participants because of their "knowledge" of AbbVie's interest, approval of the October Offering, and issuance of the Proxy. Opp. 2-3. But that is not enough. Culpable participation requires more than mere "knowledge" of omitted facts or routine corporate governance; it requires intentional or deliberate conduct for the *purpose* of furthering fraud. *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 485 (3d Cir. 2013). Plaintiffs do not identify any such allegations here—because none exist. The Complaint is utterly devoid of any allegations from which it is plausible to infer *any* Director Defendant acted with the requisite culpable intent. Plaintiffs have identified no motive—financial, personal, or otherwise—to explain why any director would knowingly participate in or conceal a conspiracy for *Bain*'s purported benefit.

Section 20(a) was never intended to impose liability based on control alone or to turn directors into insurers against the misconduct of others; it reaches only those who were, in some meaningful sense, culpable participants in the fraud. *Id.* at 470. Plaintiffs' effort to hale Director Defendants into this case—without alleging intent, deliberate concealment, or any plausible motive—is precisely the overreach that Congress and the courts have repeatedly rejected.

Plaintiffs' Section 20(a) claim must be dismissed. *First*, Plaintiffs fail to allege a predicate violation under the Exchange Act. *Second*, their reliance on the minority view regarding the

culpable participation element of a Section 20(a) claim does not salvage their claim. *Third*, none of Director Defendants could have been culpable participants in defrauding investors in a scheme to facilitate or conceal Bain's alleged insider trading.

## II.   ARGUMENT

### A.   Plaintiffs' Section 20(a) Claim Must Be Dismissed

Plaintiffs' Opposition begins with a flurry of irrelevant facts and unsupported inferences that merely describe events leading up to the Merger—not what Director Defendants actually did. Opp. 4-9. For instance, Plaintiffs focus on two press releases they claim misled investors, yet do not allege that any Director Defendant participated in the drafting, approval, or dissemination of these press releases. *Id.* at 7. As another example, Plaintiffs argue that the Proxy's statement that "the Board determined that extending the cash runway for Cerevel into 2026 by way of a public equity offering would best position Cerevel for future success" was somehow "inconsistent" with an earlier Board discussion that Cerevel did not "urgently" need cash. *Id.* at 6. But there is no inconsistency: the absence of an immediate cash crisis is entirely consistent with a prudent decision to extend the Company's runway. Next, the Opposition distracts by focusing on the adequacy of their "control" allegations. *Id.* at 10-13. But this diversion cannot cure the fatal flaw in their Section 20(a) claim: that Plaintiffs have failed to plead facts showing Director Defendants were "culpable participants" in the alleged fraud. *Belmont*, 708 F.3d at 485.

### 1.   Plaintiffs Should Be Required to Plead Culpable Participation

As a threshold matter, Plaintiffs cannot evade their obligation to plead culpable participation. Opp. 9. To start, Plaintiffs' claim that a "majority" of courts omit this requirement at the pleading stage is vastly overstated: many courts within this Circuit (and certainly more than those that Plaintiffs have identified) require pleading culpable participation as a part of a Section 20(a) claim to survive dismissal. *See, e.g.*, *Pelham v. VBIT Techs. Corp.*, 2025 WL 947867, at *12 (D. Del. Mar. 28, 2025) ("This [D]istrict's most recent ruling on the issue stated that allegations of culpable conduct are necessary at the motion to dismiss stage."); *see also* Pfizer Reply 8.[1]

---

[1] *Pelham*, 2025 WL 947867, at *12; *City of Southfield Fire & Police Ret. Sys. v. Hayward Holdings, Inc.*, 2025 WL 1577315, at *17 (D.N.J. June 4, 2025); *Gorlamari v. Verrica Pharms.,*

And for good reason. Liability under Section 20(a) was meant to "be based on something besides control. *That something is culpable participation*." *Rochez Bros. v. Rhoades*, 527 F.2d 880, 885 (3d Cir. 1975) (emphasis added) (examining legislative history and purpose). "Congress did *not* intend [for controlling persons] to be an insurer against the fraudulent activities of another." *Belmont*, 708 F.3d at485 n.20 (emphasis added). Instead, Section 20(a) was designed to impose liability on those who were not merely controlling persons, but also those who were "in some meaningful sense culpable participants in the fraud." *Rochez Bros.*, 527 F.2d at 885. "Culpability of some sort," as the Third Circuit has long recognized, is "necessary to justify punishment of a secondary actor." *Monsen v. Consol. Dressed Beef Co.*, 579 F.2d 793, 799 (3d Cir. 1978). And because the "standard of culpability is ever-present in the securities laws, it is reasonable that the same standard should be included in Section 20(a)." *Rochez Bros.*, 527 F.2d at 885; *see also Monsen*, 579 F.2d at 800 (recognizing that our "securities laws comprehend that mere knowledge of a violation alone, without assistance or a duty to disclose the violation, is not an actionable wrong").

Notwithstanding, some courts within this Circuit have held culpable participation need not be pled, but must be proven at trial. *See* Opp. 9. These decisions, on which Plaintiffs rely, do not meaningfully engage with the question of why culpable participation should not be required to be

---

*Inc.*, 2024 WL 4026176, at *5 (E.D. Pa. Sept. 3, 2024); *Barbee v. Amira Nature Foods, Ltd.*, 2024 WL 626302, at *7 (D.N.J. Feb. 14, 2024); *In re Celgene Corp. Sec. Litig.*, 2019 WL 6909463, at *23 (D.N.J. Dec. 19, 2019); *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2018 WL 3772675, at *35 (D.N.J. Aug. 8, 2018); *Carmack v. Amaya Inc.*, 258 F. Supp. 3d 454, 469 (D.N.J. 2017); *Starr Invs. Cayman II, Inc. v. China MediaExpress Holdings, Inc.*, 2014 WL 4180331, at *3 (D. Del. Aug. 21, 2014); *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 61 F. Supp. 3d 391, 398 (D. Del. 2014); *Stanley Black & Decker, Inc. v. Gulian*, 70 F. Supp. 3d 719, 732 (D. Del. 2014); *Zazzali v. Alexander Partners, LLC*, 2013 WL 5416871, at *11–12 (D. Del. Sept. 25, 2013); *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 2012 WL 3779309, at *9–10 (D.N.J. Aug. 29, 2012); *Stichting Pensioenfonds ABP v. Merck & Co.,* 2012 WL 3235783, at *11 (D.N.J. Aug. 1, 2012); *In re Heckmann Corp. Sec. Litig.*, 869 F. Supp. 2d 519, 543 (D. Del. 2012); *Steamfitters Loc. 449 Pension Fund v. Alter*, 2011 WL 4528385, at *11 (E.D. Pa. Sept. 30, 2011); *Snowstorm Acquisition Corp. v. Tecumseh Prods. Co.*, 739 F. Supp. 2d 686, 707 (D. Del. 2010); *In re Digital Island Sec. Litig.*, 223 F. Supp. 2d 546, 561–63 (D. Del. 2002), *aff'd*, 357 F.3d 322 (3d Cir. 2004); *In re: Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 588 (D.N.J. 2001); *Brug v. Enstar Grp., Inc.*, 755 F. Supp. 1247, 1257 (D. Del. 1991).

pled. *See, e.g.*, *Strougo v. Mallinckrodt Pub. Ltd. Co.*, 2022 WL 17740482, at *11 (D.N.J. Dec. 16, 2022). Those that do reason that "the facts relevant to culpable participation are usually within the control of the defendant," and thus, "evidence of culpable participation is unlikely to emerge until after discovery is completed." *Dutton v. Harris Stratex Networks, Inc.*, 270 F.R.D. 171, 181-82 (D. Del. 2010); *In re Toronto-Dominion Bank Sec. Litig.*, 2018 WL 6381882, at *21 (D.N.J. Dec. 6, 2018).

But this reasoning is inconsistent with Third Circuit precedent and *Iqbal/Twombly*, as the court explained in *In re Merck & Co.*, 2012 WL 3779309, at *10. First, the Third Circuit has "clearly held," and which Plaintiffs do not dispute, that culpable participation is required as an element of a Section 20(a) claim. *Id.* at *9 (citing *Rochez Bros.*, 527 F.2d at 890). Second, the Supreme Court "made clear" that a claim cannot survive dismissal unless "plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is *liable* for the misconduct alleged." *Id.* at *10; *Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009) ("[T]he question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."). Whether evidence of potential liability is typically within defendants' control is irrelevant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process"); *see also Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d. Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from 'pleading facts alleged "upon information and belief"' where the facts are peculiarly within the possession and control of the defendant . . . ."). Thus, under the Third Circuit and the Supreme Court's jurisprudence, "requiring that *all* elements of a control person claim be pled, represent[s] the more sensible approach." *In re Merck & Co.*, 2012 WL 3779309, at *10 (emphasis added).

Courts within this Circuit have agreed with *In re Merck & Co.*, 2012 WL 3779309, and thus require pleading culpable participation to survive dismissal. *See Barbee*, 2024 WL 626302, at *7, n.8 ("[T]he Court finds as persuasive the *In re Merck* decision . . . [and thus] will require

- 4 -

Plaintiff to adequately plead culpable participation for his control person claim"); *Zazzali*, 2013 WL 5416871, at \*11 ("While there is some uncertainty in this [C]ircuit as to whether § 20(a) requires that 'culpable participation' actually be pled, . . . the court continues to believe that allegations of such culpable conduct are necessary"); *Howard v. Arconic Inc.*, 2021 WL 2561895, at \*29 (W.D. Pa. June 23, 2021) ("The Court will follow the lead of the recent decisions of other courts in this Circuit that require a plaintiff to plead all elements of a § 20(a) claim, including culpable participation"); *In re Advance Auto Parts, Inc.*, 2020 WL 599543, at \*9–10 (D. Del. Feb. 7, 2020) (same). This Court should do the same.

### 2.    Plaintiffs Have Not Offered Particularized Allegations of Director Defendants' Culpable Participation in the Alleged Fraud

Plaintiffs have not pled culpable participation with particularity for *any* Director Defendant. The Opposition asserts that Director Defendants were culpable participants because they either "facilitated" Bain's alleged insider trading scheme or "fail[ed] to prevent" this fraud by approving the October Offering, negotiating the Merger, and issuing the Proxy. Opp. 3, 11-12, 15. That established neither that they (1) had "knowing or substantial participation" in furthering a fraud or (2) that their inaction "was deliberate and done intentionally to further the fraud." *Belmont*, 708 F.3d at 485.

To start, Plaintiffs' "facilitation" theory is implausible on its face. Opp. 3. They offer no coherent explanation for why any Director Defendant would have advanced a scheme to enrich Bain at Cerevel's expense. Instead, Plaintiffs rely on conclusory allegations that Director Defendants remained "loyal to Bain and/or Pfizer." *Id.* at 4. Alleging loyalty to Pfizer does nothing, because Pfizer is not alleged to have profited from the October Offering. Compl. ¶ 87. And even as to the directors formerly affiliated with Bain, Director Defendants have already explained that the Complaint contains *no* individualized allegations about their conduct, let alone particular allegations explaining why either would have orchestrated an insider trading scheme. Mot. 1-2. The bare allegation that Governor Patrick was a "[*f*]ormer Bain employee" is not remotely sufficient to support an inference he would intentionally facilitate unlawful trading by Bain. Opp. 5 (emphasis added). As for Baron and Varma, Plaintiffs merely argue Baron and Varma

- 5 -

"understood" there were "ongoing acquisition discussions" because they were recused from a Board meeting. *Id.* at 14 n.4. That inference is both speculative and irrelevant. Their recusal does not establish knowledge of any fraud, let alone culpable participation in one.

Having failed to identify any sound rationale for Director Defendants' participation in the alleged fraud, Plaintiffs fall back on a theory of culpability based on routine board-level conduct: reviewing and issuing SEC filings and approving a securities offering. Opp. 12. Plaintiffs assert "culpable participation is met where plaintiffs allege that defendants were responsible for reviewing allegedly fraudulent SEC filings." Opp. 13. Not so. In *In re Bioscrip, Inc. Sec. Litig.*, directors approved and signed SEC filings that misstated core financial metrics despite receiving repeated internal warnings and red flags that showed the company had been engaged in systematic billing misconduct that inflated revenues. 95 F. Supp. 3d 711 (S.D.N.Y. 2015). Here, Director Defendants are not alleged to have ignored red flags or "knew" about any purported insider trading scheme. *In re Reliance Sec. Litig.*, is even further afield: there, directors approved financial statements that concealed massive losses at the company's subsidiary, despite serving on financial oversight committees that were directly responsible for monitoring such issues. 135 F. Supp. 2d 480, 487–88 (D. Del. 2001). In both cases, directors had strong reason to believe the statements would mislead investors. By contrast, Director Defendants had no reason to believe that the Proxy's statements would mislead investors: The Proxy disclosed a fair summary of Centerview's fairness opinion and underlying analyses, a detailed timeline of the Company's negotiations with AbbVie, the Board's rationale for rejecting AbbVie's initial overtures, and the Board's rationale for the October Offering. Ex. A at 42-43.

Merely having "responsibility" for reviewing SEC filings does not constitute culpable participation in this Circuit. *See Howard*, 2021 WL 2561895, at *30; *Carmack*, 258 F. Supp. 3d at 469 (allegations that defendant was "'able to, and did, control the contents of the various reports, press releases, and public filings'" that omitted facts regarding alleged insider trading were insufficient); *In re Merck & Co.*, 2012 WL 3779309, at *11 ("general oversight responsibilities" is not enough). For instance, in *Howard*, the court held that merely signing a registration statement

- 6 -

and participating in a process that "allowed the [securities offering] to be completed" "is not enough for culpable participation." 2021 WL 2561895, at *30; *cf. Pub. Emps.' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 478 (S.D.N.Y. 2010) (dismissing control person claim where plaintiffs alleged directors signed allegedly false registration statements).

Yet here, Plaintiffs allege nearly the same: that Director Defendants participated in the fraud by "permit[ting]" the October Offering to taking place and "issu[ing]" the Proxy which omitted the "true" timing of AbbVie's interest and other financial valuations. *See* Opp. 12, 134-15. Such allegations describe ordinary corporate governance, not culpable participation in securities fraud. *See Steamfitters*, 2011 WL 4528385, at *3 (rejecting allegations of "access to confidential and material information" and "assurances" to investors as insufficient to establish culpable participation); *see also Stichting Pensioenfonds*, 2012 WL 3235783, at *11 (dismissing § 20(a) claim where plaintiffs alleged defendant "spearheaded" a product launch and "steer[ed] the failure to disclose"); *Bayerische Landesbank, New York Branch v. Barclays Cap., Inc.*, 902 F. Supp. 2d 471, 475 (S.D.N.Y. 2012) (dismissing § 20(a) claim where plaintiff alleged defendant "conceal[ed] adverse material information about the purpose of [the securities offering]").

Plaintiffs argue Director Defendants' cited authorities are distinguishable because the allegations "merely *assumed* the defendant *must have* had knowledge of the misrepresented facts through their position alone," whereas here, "Renaud shared AbbVie's proposal with the Board." Opp. 14 n.5. First, Plaintiffs conflate knowledge of omitted "facts" with knowledge of "fraud." *Belmont*, 708 F.3d at 485. Second, Renaud never "shared AbbVie's proposal with the Board" because AbbVie never made *any* "proposal" to Cerevel prior to October 19. *See* Cerevel Mot. to Dismiss ("Cerevel Mot.") 7-8. Finally, pleading "*knowledge* of the facts underlying the fraud, or even knowledge of the fraud itself, is simply not enough to establish culpable *participation*." *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, LP.*, 176 F. Supp. 3d 387, 399 (D. Del. 2016). Similarly, Plaintiffs rely heavily on the notion that earlier Centerview analyses were omitted from the Proxy even though Director Defendants knew about them. Opp. 14. As explained

in Cerevel's Motion, the Proxy already disclosed comparable analyses in Centerview's fairness opinion. Cerevel Mot. 19-20. Plaintiffs have not disputed that disclosure, nor do they explain why it was inadequate.

Plaintiffs' alternative theory of wrongdoing by inaction—that Director Defendants are liable for "failing to prevent" Bain from insider trading—is equally empty. Opp. 15. Inaction cannot support a Section 20(a) claim unless the inaction is both *deliberate* and undertaken "with the *intent* to further the fraud or prevent its discovery." *Belmont*, 708 F.3d at 485 (emphasis added); *Rochez Bros. v. Rhoades*, 527 F.2d 880, 890 (3d Cir. 1975) ("Inaction alone cannot be a basis for liability."). Even if the Court accepts Plaintiffs' allegations that other parties engaged in insider trading, Plaintiffs plead *no* facts to support the inference that any Director Defendants deliberately chose not to intervene to further that insider trading, or concealed this information from investors. *See Barbee*, 2024 WL 626302, at *7 (dismissing Section 20(a) claim where no facts supported the inference that defendant "*intentionally* . . . omitted any information in an effort to deceive investors or induce them to not sell their shares"); *Stanley Black & Decker, Inc. v. Gulian*, 70 F. Supp. 3d 719, 732 (D. Del. 2014) (dismissing § 20(a) claim where the complaint only, at best, alleged a "factual predicate for the individual defendants' knowledge of the purported misstatements" and not the underlying fraud); *see also Universal American*, 176 F. Supp. 3d at 397, 400 (dismissing § 20(a) claim where complaint alleges only that defendants "had the ability to prevent" the allegedly wrongful disclosures or to "cause them to be corrected"); *Friedman v. JP Morgan Chase & Co.*, 2016 WL 2903273, at *12 (S.D.N.Y. May 18, 2016) ("capacity to prevent the fraud[]" is not enough).

But again, there are no allegations about Director Defendants *at all*, let alone facts from which the Court could draw inferences about their individual culpability or state of mind. *See Barbee*, 2024 WL 626302, at *7 (quoting *In re Merck & Co.*, 2012 WL 3779309, at *10). Absent such allegations, Plaintiffs' Section 20(a) claim fails as a matter of law. *See id.* Because Plaintiffs fail to plead facts showing that any Director Defendant knowingly participated in, or intentionally failed to act to further, any securities fraud, the Section 20(a) claim must be dismissed.

- 8 -

III.    CONCLUSION

At bottom, Plaintiffs' Section 20(a) claim is an obvious attempt to recast Director Defendants as scapegoats for alleged wrongdoing. Unable to plead a coherent theory of fraud or identify any wrongdoer, Plaintiffs attempt to manufacture liability by focusing on Director Defendants' conduct—conduct which amounts to nothing more than routine, diligent corporate governance. The Complaint is so utterly devoid of any meaningful, individualized allegations against Director Defendants that that allowing Plaintiffs' Section 20(a) claim to proceed would permit plaintiffs to haul directors into court and subject them to discovery based on nothing more than their board membership. That is precisely what Section 20(a) was designed to prevent. The Court should dismiss Plaintiffs' Section 20(a) claim against Director Defendants.

Dated:  January 23, 2026

Of Counsel:
HUESTON HENNIGAN LLP
Hagan Scotten
1 Little W 12th Street
New York, NY  10014
646.930.4046

John C. Hueston
Moez M. Kaba
Thomas A. Zaccaro
523 West 6th Street, Ste. 400
Los Angeles, CA  90014
213.788.4340

/s/ Robert L. Burns
Robert L. Burns (#5314)
Alexandra M. Ewing (#6407)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302.651.7618
burns@rlf.com
ewing@rlf.com

Attorneys for Defendants
Deval Patrick, Deborah Baron, Suneet Varma, and Ruth McKernan

- 9 -