## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | 1:25-cv-030417-GBW |

### REPLY BRIEF IN FURTHER SUPPORT OF
### PERCEPTIVE ADVISORS LLC AND DOUG GIORDANO'S
### <u>MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT</u>

POTTER ANDERSON & CORROON LLP
    J. Matthew Belger (#5707)
    Daniel M. Rusk, IV (#6323)
    1313 N. Market Street
    Hercules Plaza, 6th Floor
    Wilmington, Delaware 19801
    (302) 984-6000
    mbelger@potteranderson.com
    drusk@potteranderson.com

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

    Robert A. Fumerton (*pro hac vice*)
    Alexander C. Drylewski (*pro hac vice*)
    One Manhattan West
    New York, New York 10001
    Phone: (212) 735-3000

    *Counsel for Defendants Perceptive Advisors*
    *LLC and Doug Giordano*

DATED: January 23, 2026

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES.................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT............................................................................................................................2

I.    PLAINTIFFS FAIL TO PLEAD A 20A CLAIM AGAINST PERCEPTIVE ...................2

    A.    Plaintiffs Fail to Plead a Predicate Exchange Act Violation...................................2

    B.    Plaintiffs Fail to Plead Perceptive Was in Possession of MNPI.............................6

    C.    Plaintiffs Cannot Allege They Traded Contemporaneously with Perceptive .........6

II.    PLAINTIFFS FAIL TO PLEAD A 20(A) CLAIM AGAINST DOUG
    GIORDANO ....................................................................................................................8

    A.    Plaintiffs Fail to Plead a Predicate Exchange Act Violation...................................8

    B.    Plaintiffs Fail to Plead Giordano Actually Controlled Cerevel .............................8

    C.    Plaintiffs Fail to Plead That Giordano Was a Culpable Participant .....................10

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Advance Auto Parts, Inc., Securities Litigation*,
2020 WL 599543 (D. Del. Feb. 7, 2020) ...................................................................10

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*,
529 F. Supp. 3d 111 (S.D.N.Y. 2021) .......................................................................7

*AJZN, Inc. v. Yu*,
2015 WL 331937 (D. Del. Jan. 26, 2015).................................................................10

*Alta Fundamental Advisers LLC v. Bisaro*,
2025 WL 1793691 (D.N.J. June 30, 2025) ................................................................9

*Arbitrage Event-Driven Fund v. Tribune Media Co.*,
2020 WL 60186 (N.D. Ill. Jan. 6, 2020), *aff'd sub nom. Water Island Event-
Driven Fund, LLC v. Tribune Media Co.*, 39 F.4th 402 (7th Cir. 2022) ...........................3

*In Re Archegos 20A Litigation*,
2025 WL 2652262 (2d Cir. Sept. 16, 2025)..............................................................2

*Belmont v. MB Investment Partners, Inc.*,
708 F.3d 470 (3d Cir. 2013) .....................................................................................4

*In re BioScrip, Inc. Securities Litigation*,
95 F. Supp. 3d 711 (S.D.N.Y. 2015) .......................................................................10

*Buban v. O'Brien*,
1994 WL 324093 (N.D. Cal. June 22, 1994) ............................................................8

*Chiarella v. United States*,
445 U.S. 222 (1980) ..................................................................................................3

*City of Edinburgh Council v. Pfizer, Inc.*,
754 F.3d 159 (3d Cir. 2014) ..................................................................................2, 3

*In re Cobalt International Energy, Inc. Securities Litigation*,
2017 WL 2599327 (S.D. Tex. June 15, 2017)........................................................2, 3

*Fujisawa Pharm. Co. v. Kapoor*,
115 F.3d 1332 (7th Cir. 1997) ...................................................................................7

*In re Global Crossing, Ltd. Securities Litigation*,
2005 WL 2990646 (S.D.N.Y. Nov. 7, 2005).............................................................5

*Johnson v. Alijan*,
    490 F.3d 778 (9th Cir. 2007) ...................................................................................7

*In re Merck & Co., Inc. Sec., Derivative & Erisa Litig.*,
    2015 WL 2250472 (D.N.J. 2015) .............................................................................7

*No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*,
    320 F.3d 920 (9th Cir. 2003) ...................................................................................4

*In re Oxford Health Plans, Inc., Securities Litigation*,
    187 F.R.D. 133 (S.D.N.Y. 1999) .............................................................................4

*Securities and Exchange Commission v. Pardue*,
    2005 WL 736884 (E.D. Pa. April 1, 2025) ..............................................................6

*Skeway v. China Natural Gas, Inc.*,
    2012 WL 2877645 (D. Del. July 6, 2012) ...............................................................9

*Stanley Black & Decker, Inc v. Gulian*,
    70 F. Supp. 3d 719 (D. Del. 2014) ....................................................................8, 10

*Steamfitters Local 449 Pension Fund v. Alter*,
    2011 WL 4528385 (E.D. Pa. Sept. 30, 2011) .........................................................2

*In re Stem, Inc. Derivative Litigation*,
    2025 WL 359054 (D. Del. Jan. 31, 2025), *report and recommendation adopted*,
    2025 WL 894541 (D. Del. Mar. 24, 2025)...........................................................3, 8

*In re Suprema Specialties, Inc. Securities Litigation*,
    438 F.3d 256 (3d Cir. 2006) ................................................................................5, 6

*Thomas v. Magnachip Semiconductor Corp.*,
    167 F. Supp. 3d 1029 (N.D. Cal. 2016) ...............................................................3, 4

*Universal American Corp. v. Partners Healthcare Solutions Holdings, L.P.*,
    176 F. Supp. 3d 387 (D. Del. 2016)......................................................................8, 9

*In re Valeant Pharmaceuticals International, Inc., Securities Litigation*,
    2019 WL 2724075 (D.N.J. June 30, 2019) ..............................................................4

*In re Walmart Inc. Securities Litigation*,
    151 F.4th 103 (3d Cir. 2025) ...................................................................................7

*Winfield v. Eloxx Pharms., Inc.*,
    2020 WL 340567 (D. Del. Jan. 21, 2020)........................................................8, 9, 10

*Zazzali v. Alexander Partners, LLC*,
    2013 WL 5416871 (D. Del. Sept. 25, 2013) ..........................................................10

**STATUTES**

15 U.S.C.A. § 78t-1................................................................................................................7

## PRELIMINARY STATEMENT

Plaintiffs' Opposition confirms that Plaintiffs do not and cannot plead either a Section 20A claim against Perceptive or a Section 20(a) claim against Giordano.[1]

First, as to their 20A claim, Plaintiffs fail to grapple with the simple fact that Perceptive was not a Cerevel insider—an essential element of Plaintiffs' 20A claim and their purported predicate insider trading claim.  Plaintiffs have not even attempted to assert that Perceptive had control over Cerevel or any other basis for insider status; to the contrary, they admit that Perceptive only held 6% of Cerevel's outstanding shares.  In light of this fatal shortcoming, Plaintiffs fall back on the same allegations underlying their insufficiently pled 20A claim—*i.e.*, that Giordano held MNPI and therefore Perceptive did too.  But this conclusory allegation misses the mark because, even if true (and it is not), this does not make Perceptive an insider.  Plaintiffs' 20A claim fails for many additional reasons, including their failure to plead any predicate 10(b) violation, Perceptive's possession of MNPI, or that Perceptive traded contemporaneously with any Plaintiff.

Second, the Opposition underscores Plaintiffs' failure to plead a 20(a) claim against Giordano, who simply served as one member of Cerevel's 12-person Board.  Plaintiffs argue—generically and without support—that Giordano had "direct" involvement in Cerevel's day-to-day operations, while simultaneously citing to allegations that confirm his status as a typical Board member.  Such allegations are devoid of facts indicating that Giordano had and exercised control over Cerevel and are insufficient as a matter of law.  Plaintiffs also have not alleged any facts, let alone particularized ones, to show that Giordano "culpably participated" in any alleged fraud.

Plaintiffs' pleading deficiencies as to Perceptive and Giordano are myriad and uncurable.

---

[1] "Opposition" or "Opp." refers to Plaintiffs' Opposition to Perceptive's Motion to Dismiss, D.I. 70, 77.  "Opening Brief" or "Br." refers to Perceptive and Giordano's Motion to Dismiss, D.I. 53.  Unless otherwise indicated, all capitalized terms shall have the same meanings referred to in the Opening Brief.  Perceptive and Giordano join in the other Defendants' Reply Briefs.

Their claims should be dismissed as to each with prejudice.

## ARGUMENT

I.    **PLAINTIFFS FAIL TO PLEAD A 20A CLAIM AGAINST PERCEPTIVE**

A.    **Plaintiffs Fail to Plead a Predicate Exchange Act Violation**

Plaintiffs have failed to plead any predicate violation, as they must. (Br. at 7-12.) In response, Plaintiffs cite to a single, out-of-circuit decision and claim that "the law is clear that Plaintiffs need not assert a formal cause of action for Section 10(b) insider trading." (Opp. at 3 n.4 (citing *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 2599327, at *3 (S.D. Tex. June 15, 2017)).) Contrary to Plaintiffs' contention, courts within this Circuit look only to explicitly pled predicate violations—they do not search for an impliedly pled one. *See e.g.*, *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 177 (3d Cir. 2014); *Steamfitters Loc. 449 Pension Fund v. Alter*, 2011 WL 4528385, at *13 (E.D. Pa. Sept. 30, 2011) (dismissing 20A claim where "Plaintiff did not bring a § 10(b) claim against [defendant] . . . and Plaintiff has not adequately pled a § 20(a) claim against him").[2] Plaintiffs here have not explicitly pled any other Exchange Act claim against Perceptive, so their 20A claim must be dismissed. In any event, Plaintiffs have not sufficiently pled any element of an implied predicate 10(b) claim for several reasons.

First, any predicate insider trading claim fails because Perceptive is not a Cerevel insider.[3] (Br. at 9-10.) Corporate insiders include officers, directors, and in some instances, controlling shareholders—none of which describe Perceptive. (*See id.*); *In Re Archegos 20A Litig.*, 2025 WL

---

[2]    Plaintiffs attempt to distinguish Perceptive's cases because the underlying predicate act claims were dismissed in those cases. (Opp. at 9 n.8.) But that is precisely the point—in not one case does the court go looking for an implied predicate violation, but analyzes and dismisses only explicitly pled claims—something Plaintiff has not done as to Perceptive here. (Br. at 7-8.)

[3]    This is equally true for the primary 20A claim, which provides liability only for "a *corporate insider*." *See Pfizer*, 754 F.3d at 177.

2

2652262, at *5 (2d Cir. Sept. 16, 2025); *see also Pfizer*, 754 F.3d at 175 (only "[a] *corporate insider* must abstain from [insider] trading" (quoting *Chiarella v. United States*, 445 U.S. 222, 227 (1980))). In their Opposition, Plaintiffs fail to address this point and thus concede it. *See In re Stem, Inc. Derivative Litig.*, 2025 WL 359054, at *4 (D. Del. Jan. 31, 2025) (plaintiffs "forfeited or waived" defendant's argument they "did not address" in their answering brief), *report and recommendation adopted*, 2025 WL 894541 (D. Del. Mar. 24, 2025).

Instead, Plaintiffs attempt to sidestep the inquiry by suggesting it is "more than sufficient" to allege only that Perceptive purchased 876,808 shares "while in possession of [MNPI] regarding AbbVie's merger interest." (Opp. at 8.) But this slight of hand merely dodges the question at issue: whether Perceptive is an *insider*. Plaintiffs do not point to a single case to support the proposition that a 10(b) insider trading claim can be pled against a defendant that is not adequately alleged to be an insider, even if that defendant is a minority shareholder and has a member on the board. (*Id.* at 9.) This is with good reason, as that is not the law. (*See* Br. at 9-10); *see also Arbitrage Event-Driven Fund v. Trib. Media Co.*, 2020 WL 60186, at *12 (N.D. Ill. Jan. 6, 2020) ("[M]inority shareholders do not acquire insider status, even if they have a member on the Board, unless they exercise control over the corporation's affairs." (collecting cases)), *aff'd sub nom. Water Island Event-Driven Fund, LLC v. Trib. Media Co.*, 39 F.4th 402 (7th Cir. 2022).

For example, in *Cobalt* (Opp. at 9) defendants were insiders because they were indisputable controllers who "owned 71% of all outstanding shares of Cobalt stock." 2017 WL 2599327, at *3 (S.D. Tex. June 15, 2017) (Section 15 control person claim also sufficiently pled). Similarly, in *Thomas v. Magnachip Semiconductor Corp.* (Opp. at 9), the defendant was an insider because it was a majority shareholder and only became a minority shareholder during the class period. 167

F. Supp. 3d 1029, 1049 (N.D. Cal. 2016).[4]  Under those circumstances, the court emphasized—in language squarely applicable here—that "a party that has always held *only a minority share* of the company does not, by virtue of that fact alone, possess 'control' over that company." *Id.*

In contrast to those cases, Plaintiffs admit here that Perceptive owned only "approximately 6%" of Cerevel's outstanding shares throughout the relevant time period (Compl. ¶ 5)—an indisputably "minority share." *Magnachip Semiconductor*, 167 F. Supp. 3d at 1049.  Plaintiffs do not even attempt to plead that Perceptive was a controller of Cerevel—rather, they argue that "Cerevel's controlling shareholders are Bain and Pfizer" but do *not* include Perceptive.  (Opp. at 1.)  Plaintiffs' Appendix A further underscores the point, as it does not contain a single allegation indicating Perceptive was an "insider" of Cerevel.  (A-1-2.)  This shortcoming is determinative.

Second, Plaintiffs fail to plead that Perceptive was in possession of MNPI.  (Br. at 12-14.) Instead of alleging any information known by *Perceptive*, Plaintiffs focus only on information known by *Giordano* in his position as a Cerevel Board member.  (Opp. at 10-11.)  This bare-bones theory, devoid of any supporting allegations, is insufficient to plead imputation to Perceptive.  (Br. at 14.)  While Plaintiffs rely on *Belmont v. MB Inv. Partners, Inc.* (Opp. at 11), it stands for the unremarkable proposition "that principals generally are responsible for the acts of agents committed within the scope of their authority."  708 F.3d 470, 494 (3d Cir. 2013).  But Plaintiffs do not allege that Giordano was acting as an agent within his scope of authority for Perceptive.  To the contrary, the allegations reflect that Giordano was acting in his capacity as a Board member of

---

[4]  *See also In re Valeant Pharms. Int'l, Inc., Sec. Litig.*, 2019 WL 2724075 (D.N.J. June 30, 2019) (20(a) and 20A claims pled against controller); *In re Oxford Health Plans, Inc., Sec. Litig.*, 187 F.R.D. 133, 143 (S.D.N.Y. 1999) (20A claim brought against current and former Chairman, President, CEO and other senior level employees and board members); *No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920 (9th Cir. 2003) (10(b) claim pled against controlling shareholders given their control over the company).

4

*Cerevel*—a position he held *before* ever joining Perceptive, as Plaintiffs admit.  (Opp. at 5.)  Plaintiffs ask this Court to disregard *In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 2990646 (S.D.N.Y. Nov. 7, 2005)—a case squarely on point—because the plaintiff there relied "solely on inferences that a large shareholder with board designees must have known of the alleged truth." (Opp. at 11 n.9.)  But that is precisely what Plaintiffs do here.  They rely on unsupported "inferences" of Perceptive's knowledge based solely on Giordano's board status.  Just as in *Global Crossing*, the Court should reject such unsupported inferences.

Third, the Opposition confirms that Perceptive has not breached any duty to Cerevel shareholders, thus precluding any predicate act violation.  (Br. at 10-11.)  Section 10(b) requires a deceptive breach of fiduciary duty or trust—an element that is not pled here.  (*Id.*)  In response, Plaintiffs' only argument is that "Congress enacted Section 20A to provide a private right of action to 'contemporaneous' purchasers or sellers." (Opp. at 11.)  But Plaintiffs are conflating Section 20A's private cause of action with a 10(b) insider trading violation, the latter of which requires a deceptive breach of fiduciary duty (which Plaintiffs fail to plead).  Plaintiffs' cases citing to 20A are therefore inapplicable, and Plaintiffs' purported predicate 10(b) claim fails.  (*Id*. at 11-12.)

Finally, Plaintiffs have not pled scienter with particularity, as they must.  (Br. at 11-12.)  As the Third Circuit explained in *In re Suprema Specialties, Inc. Sec. Litig.* (Opp. at 13), in determining whether a plaintiff has pled suspicious insider trading, courts consider "whether the sales were 'normal and routine,' and whether the profits were substantial relative to the seller's ordinary compensation." 438 F.3d 256, 277 (3d Cir. 2006).  Here, Plaintiffs have not pled that the timing of Perceptive's purchases was in any way suspicious because it was not.  To the contrary, the purchases were part of a set offering by Cerevel whereby all market participants had the same opportunity to purchase shares at the same time.  While Plaintiffs rely on the Chancery Court's

comments (Opp. at 14 n.11), even there the court recognized that Perceptive did not purchase a large amount of shares relative to its historical position in Cerevel and "the offering as a whole reduced its ownership percentage." (Tr. at 12:19-22.) *Cf. Suprema*, 438 F.3d at 277 (defendant sold 38% of his total holdings); *S.E.C. v. Pardue*, 2005 WL 736884, at *6 (E.D. Pa. April 1, 2025) (among other things, defendant "ordered his stockbroker to buy as much [stock] as possible").[5]

### B.    Plaintiffs Fail to Plead Perceptive Was in Possession of MNPI

As shown above, *supra* I.A, Plaintiffs have not alleged that Perceptive actually possessed MNPI or that any information Giordano allegedly learned can be imputed to Perceptive. These shortcomings not only doom their purported predicate violation but equally defeat the 20A claim.

### C.    Plaintiffs Cannot Allege They Traded Contemporaneously with Perceptive

Finally, Plaintiffs have not pled that they traded contemporaneously with Perceptive, as they must. (Br. at 14-16.) While they assert their 20A claim against Perceptive, they cannot deny that the only entity to purchase Cerevel shares in the October Offering was the Master Fund—an entity not named as a defendant here. (*Id.*) Plaintiffs respond that courts have "rejected the notion that insider trading liability can be avoided by trading through different legal entities." (Opp. at 13.) They are wrong, as the sole case they cited did not hold defendants "liable for trades conducted through [a] corporation," (*id.*) but that a 20A claim cannot be dismissed because the

---

[5]    In a footnote, Plaintiffs claim they have also pled "a separate, misstatement-based Section 10(b) violation against Perceptive for violating its duty to disclose material facts when it engaged in insider trades." (Opp. at 8 n.7 (citing Cerevel Opp.).) This claim fails for many of the same reasons, but primarily for the threshold reason that Perceptive is not an insider of Cerevel and therefore did not owe, nor violate, any duty to disclose. *See infra* § I.A. Tellingly, Plaintiffs argue that Bain had a duty to disclose because "Bain (with Pfizer) controlled Cerevel," but nowhere make the same argument as to Perceptive. (Cerevel Opp. at 15.)

predicate violation's statute of limitations has expired.  That is irrelevant to the allegations here.[6]

Plaintiffs further argue they traded contemporaneously with Perceptive because the Schedule 13D lists it as the "Reporting Person" with respect to the October Offering.  (Opp. at 16-17.)  But Plaintiffs do not (and cannot) dispute that the plain language of the Schedule 13D states that the Master Fund—*not* Perceptive—purchased the shares.  (*Id.*)  Thus, Perceptive was not the "purchaser" under 20A.  (Br. at 15.)[7]

Regardless of which entity purchased Cerevel shares, Plaintiffs' theory is nevertheless insufficient.  As the court in *Fujisawa Pharm. Co. v. Kapoor* (Opp. at 16 n.14) explained: a Section 20A claim requires "*A*, an insider," to "buy[] stock from *B*, an outsider" and for plaintiff (an outsider) to have taken the opposite position as *A* in a contemporaneous trade with another outsider. 115 F.3d 1332, 1337 (7th Cir. 1997); *see also* 15 U.S.C.A. § 78t-1 (liability based on plaintiff taking opposite position as defendant).  Plaintiffs' cases are therefore readily distinguishable.  *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 177 (S.D.N.Y. 2021) (plaintiffs traded opposite issuer's CEO and CFO); *In re Merck & Co., Inc. Sec., Derivative & Erisa Litig.*, 2015 WL 2250472, at *16 (D.N.J. May 13, 2015) (plaintiffs traded opposite insider).

Further, Plaintiffs' suggestion that Perceptive's cases only "deal with the time limit for 'contemporaneous[ness]'" (Opp. at 16 n.15) is incorrect.  These cases explain the genesis of the 20A contemporaneity requirement, which was "developed as a proxy for the traditional requirement of contractual privity" because "identifying the party in actual privity with the insider

---

[6]  In addition, to the extent Plaintiffs are suggesting through *Johnson v. Alijan*, 490 F.3d 778, 783 (9th Cir. 2007) that a "predicate violation need not itself be actionable" (Opp. at 8), the Ninth Circuit's holding was constrained to its the statute of limitations holding, and nonetheless confirmed that 20A claims "require an independent violation of the Exchange Act." *Id.* at 781.

[7]  While Plaintiffs ask for leave to amend (Opp. at 17), amending would be futile, given the reasons stated herein and Perceptive's Opening Brief.  *See In re Walmart Inc. Sec. Litig.*, 151 F.4th 103, 121 (3d Cir. 2025) (affirming denial of leave to amend where amendment futile).

is virtually impossible in transactions occurring on an anonymous public market." *Buban v. O'Brien*, 1994 WL 324093, at *3 (N.D. Cal. June 22, 1994). 20A, however, "protect[s] only those who might actually have traded with insiders" and "a trader does not trade contemporaneously if he does not trade with someone who has inside information." *Id.* at *2. Again, Plaintiffs did not take an opposite position from an alleged insider trader, and Perceptive traded with Cerevel, which allegedly knew about AbbVie's interest in the acquisition, thereby defeating Plaintiffs' 20A claim.

## II.   PLAINTIFFS FAIL TO PLEAD A 20(A) CLAIM AGAINST DOUG GIORDANO

### A.   Plaintiffs Fail to Plead a Predicate Exchange Act Violation

As a threshold issue, Plaintiffs cannot plead a 20(a) claim against Giordano because they fail to plead an underlying 10(b) claim against Cerevel (*see* Cerevel's Reply Brief) and have not argued the 14(a) claim serves as the predicate violation. (Opp. at 18.) Any argument it does serve as the predicate violation is therefore waived. *See In re Stem, Inc.*, 2025 WL 359054, at *4.

### B.   Plaintiffs Fail to Plead Giordano Actually Controlled Cerevel

In any event, Plaintiffs' control person claim fails as to Giordano because they do not allege with particularity Giordano's control over Cerevel or that he culpably participated in the alleged fraud. (Br. at 17-20.)[8] In fact, Plaintiffs have not even pled a "reasonable inference" (Opp. at 17) that Giordano—a single outside director on the "Bain and Pfizer-dominated" Board (Bain Opp. at 8)—controlled Cerevel. While Plaintiffs summarily argue that Giordano "had direct and supervisory involvement in [Cerevel's] day-to-day operations" (Opp. at 18), they do not offer a

---

[8]   Plaintiffs' own cases confirm that the PSLRA's heightened pleading standard applies to 20(a) claims, *see Winfield v. Eloxx Pharms., Inc.*, 2020 WL 340567, at *14 (D. Del. Jan. 21, 2020), *report and recommendation adopted in part*, 2020 WL 1333008 (D. Del. Mar. 23, 2020); *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 176 F. Supp. 3d 387, 397 (D. Del. 2016), and that this issue is often resolved at the pleading stage, *see Stanley Black & Decker, Inc v. Gulian*, 70 F. Supp. 3d 719, 731 (D. Del. 2014) (dismissing 20(a) claim for failure to plead necessary element).

single non-conclusory allegation to support this generalization. Instead, they merely cite Giordano's Board history and that he served on a "Committee to negotiate partnerships (such as the potential AbbVie *regional partnership*)." (*Id.*) Such allegations are a far cry from being a "major player" or having "primary responsibility for" Cerevel's "overall management and day-to-day operations." *Universal Am. Corp.*, 176 F. Supp. at 398; *see also Skeway v. China Nat. Gas, Inc.*, 2012 WL 2877645, at *1 (D. Del. July 6, 2012) (no control where director "not alleged to have *primary* responsibility for any portion of [corporation's] operations" (emphasis in original)).

Not only did Giordano not have control over Cerevel generally, but Plaintiffs' own allegations belie their assertion that Giordano controlled Cerevel "by being instrumental in negotiating, reviewing, and approving the Merger Agreement, as a Director of Cerevel, and as a member of Cerevel's Special Committee that negotiated emraclidine partnerships." (Opp. at 18.) Indeed, the Complaint is devoid of any allegations that Giordano, let alone the Special Committee, negotiated the AbbVie acquisition. To the contrary, Plaintiffs allege that Renaud "personally negotiated the Merger with AbbVie" (Renaud Opp. at 14) and that "Renaud—and not the Special Committee . . . respond[ed] to AbbVie" in September 2023. (Compl. ¶ 74.) These allegations stand in stark contrast to Plaintiffs' cited cases. *See Universal Am. Corp.*, 176 F. Supp. at 398 (defendant "personally negotiated all material terms of the [merger], including price" and "'was an aggressive, hands-on manager'"); *Winfield*, 2020 WL 340567, at *14-15 (CEO and COO "actively coordinated the merger" and "exercised control over the terms"). Because the allegations boil down to nothing more than Giordano's membership on a 12-person Board, Plaintiffs fail to plead he was a controller as a matter of law. *See Alta Fundamental Advisers LLC v. Bisaro*, 2025 WL 1793691, at *11 (D.N.J. June 30, 2025) ("[T]hat an individual is a director of a firm is not sufficient to show he is a controlling person of the firm.").

9

### C.      Plaintiffs Fail to Plead That Giordano Was a Culpable Participant

Finally, the Opposition offers nothing more than conclusory allegations concerning Giordano's alleged culpable participation. (Opp. at 19-20.) Plaintiffs' own cases demonstrate that they must plead with particularity that Giordano "was in some meaningful way a culpable participant in the primary violation."[9] *In re Advance Auto Parts, Inc., Sec. Litig.*, 2020 WL 599543, at *9 (D. Del. Feb. 7, 2020). Yet, the Opposition only vaguely asserts that Giordano "substantially participated in the transactions . . . and intentionally refrained from disclosing [AbbVie's alleged interest] or taking steps to correct the misleading statements." (Opp. at 19-20.) These wholly conclusory allegations fall far short of what is required. *See Stanley*, 70 F. Supp. 3d at 732 (no culpable participation alleged where "[a]t best, the complaint alleges a factual predicate for the individual defendants' knowledge of the purported misstatements").

Further, even if the 14(a) claim had not been waived as a predicate violation, the issuance of the proxy "By Order of the Board of Directors" (Opp. at 20) is insufficient on its own to demonstrate Giordano's culpable participation. *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711 (S.D.N.Y. 2015) (Opp. at 20) does not hold otherwise. There, the defendants allegedly "had authority over the SEC filings at issue" and were alleged to be primary violators of the predicate Section 10(b) and the Securities Act Section 11 claims at issue. *Id*. at 740-41. Here, Plaintiffs do not offer any non-conclusory allegations that Giordano culpably participated in any alleged fraud.

### CONCLUSION

For these reasons and those stated in the Opening Brief, Counts II and IV of the Complaint should be dismissed against Perceptive and Giordano, respectively, with prejudice.

---

[9]      While some courts hold culpable participation need not be pled (Opp. at 19), "[m]ost decisions from this district" require it. *Zazzali v. Alexander Partners, LLC*, 2013 WL 5416871, at *11 n.15 (D. Del. Sept. 25, 2013) (collecting cases); *see also, e.g.*, *Winfield*, 2020 WL 340567, at *14; *AJZN, Inc. v. Yu*, 2015 WL 331937, at *4 (D. Del. Jan. 26, 2015).

10

Dated: January 23, 2026

Respectfully submitted,

 /s/ Daniel M. Rusk

POTTER ANDERSON & CORROON LLP
   J. Matthew Belger (#5707)
   Daniel M. Rusk, IV (#6323)
   1313 N. Market Street
   Hercules Plaza, 6th Floor
   Wilmington, Delaware 19801
   (302) 984-6000
   mbelger@potteranderson.com
   drusk@potteranderson.com

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

   Robert A. Fumerton (*pro hac vice*)
   Alexander C. Drylewski (*pro hac vice*)
   One Manhattan West
   New York, New York 10001
   Phone: (212) 735-3000
   Fax: (212) 735-2000
   robert.fumerton@skadden.com
   alexander.drylewski@skadden.com

   *Counsel for Defendants Perceptive Advisors*
   *LLC and Doug Giordano*