**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW |

**RON RENAUD'S REPLY IN SUPPORT OF HIS**
**MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION**
**COMPLAINT AND JOINDER IN CEREVEL THERAPEUTICS HOLDINGS, INC.'S**
**REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS'**
**CONSOLIDATED CLASS ACTION COMPLAINT AND THE BAIN DEFENDANTS'**
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

ROSS ARONSTAM & MORITZ LLP

David E. Ross (#5228)
Roger S. Stronach (#6208)
Holly E. Newell (#6687)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
rstronach@ramllp.com
hnewell@ramllp.com

Dated: January 23, 2026                    *Attorneys for Defendant Ron Renaud*

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ........................................................................ 1

ARGUMENT ......................................................................................................... 1

I.      PLAINTIFFS' ATTEMPT TO PLEAD SCIENTER BY ALLEGING A
        MOTIVE AND OPPORTUNITY FOR COMMITTING FRAUD FAILS. ....................... 1

        A.      Plaintiffs Do Not Allege Adequately That Mr. Renaud Acted With
                Scienter. ................................................................................................ 1

        B.      Plaintiffs Must Allege Scienter to State a Claim under Section
                20(a). ..................................................................................................... 4

CONCLUSION ...................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Advance Auto Parts, Inc. Sec. Litig.*,
2020 WL 599543 (D. Del. Feb. 7, 2020)...................................................................................4

*Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*,
27 A.3d 531 (Del. 2011) .............................................................................................................3, 4

*Chen v. Howard-Anderson*,
87 A.3d 648 (Del. Ch. 2014)......................................................................................................3

*In re Digit. Island Sec. Litig.*,
223 F. Supp. 2d 546 (D. Del. 2002), *aff'd*, 357 F.3d 322 (3d Cir. 2004) ..................................5

*Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*,
270 F.3d 645 (8th Cir. 2001) .....................................................................................................3

*Manger v. Leapfrog Enters, Inc.*,
229 F. Supp. 3d 1126 (N.D. Cal. 2017) ....................................................................................3

*Matrix Parent, Inc. v. Audax Mgmt. Co.*,
319 A.3d 909 (Del. Super. 2024)...............................................................................................4

*Stougo v. Mallinckrodt Public Ltd. Co.*,
2022 WL 17740482 (D.N.J. Dec. 16, 2022)...............................................................................4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007).....................................................................................................................1

*Winshall v. Viacom Int'l, Inc.*,
76 A.3d 808 (Del. 2013) ............................................................................................................4

*Zazzali v. Alexander Partners, LLC*,
2013 WL 5416871 (D. Del. Sept. 25, 2013).............................................................................4, 5

## SUMMARY OF THE ARGUMENT

In his Opening Brief, Mr. Renaud explained that Plaintiffs' theory as to his motive and opportunity to commit fraud—to facilitate transactions that (1) diluted his ownership interest in Cerevel, and (2) cashed out his substantial equity holdings "at artificially deflated prices"—was illogical. He likewise explained why Plaintiffs' illogical theory fails the heightened pleading standard that applies here.

In their Opposition, Plaintiffs do not meaningfully engage with these factual and legal flaws. Instead, on the facts, Plaintiffs regurgitate the same conclusory allegations and make claims that are not in the Complaint. And on the governing law, Plaintiffs ignore Mr. Renaud's authority, invoking limited, inapposite authority. None of this is sufficient to avoid dismissal.

## ARGUMENT

### I.   PLAINTIFFS' ATTEMPT TO PLEAD SCIENTER BY ALLEGING A MOTIVE AND OPPORTUNITY FOR COMMITTING FRAUD FAILS.

Plaintiffs concede that to state a claim under Section 10(b)-5 and Section 20(a), they must "state with particularity facts giving rise to a strong inference" that Mr. Renaud acted with scienter. Opening Brief at 4-5; Opp. at 8.[1] And they do not dispute that this requires that a reasonable person would "deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007). Plaintiffs' allegations fail this test.

#### A.   Plaintiffs Do Not Allege Adequately That Mr. Renaud Acted With Scienter.

In the Opening Brief, Mr. Renaud explained why Plaintiffs' theory that Mr. Renaud purportedly concealed the true reasons for the October Offering to benefit Bain at the other

---

[1] "Opening Brief" refers to Ron Renaud's Opening Brief in Support of His Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint and Joinder in Cerevel Therapeutics Holdings, Inc.'s Opening Brief in Support of the Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint and the Bain Defendant's Opening Brief in Support of Motion to Dismiss (D.I. 57). "Opposition" refers to the Answering Brief in Opposition to Defendant Ron Renaud's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (D.I. 72). Terms not defined herein shall have the same meaning as in the Opening Brief.

stockholders' expense defied logic:  (1) the theory ignores that the October Offering *diluted* Renaud's ownership (Opening Brief at 2); and (2) by acting (as Plaintiffs claim) to fast-track a merger on unfavorable terms, Mr. Renaud would have guaranteed for himself a "significantly deflated" price for his (predominantly) equity-based compensation (*id.* at 5-6).  Indeed, these factors would have doubly harmed Mr. Renaud.  *Id.* at 5-6.

Rather than engage with these issues, Plaintiffs largely repeat the same illogical, conclusory allegations already addressed in the Opening Brief.  For example, Plaintiffs claim that "as a Bain Senior Advisor," Mr. Renaud had a "financial motive … to maximize Bain's profit from its investment in Cerevel."  Opp. at 3, 4, 12.  Plaintiffs also assert that Mr. Renaud "remained financially and professionally tied to Bain," with "interests [that] were at all times aligned with Bain's."  *Id.* at 11-12.  But Plaintiffs never explain how those purported "ties" overcome Mr. Renaud's own rational economic interests.  Plaintiffs do not allege that Mr. Renaud received *any* compensation from Bain.  They do not allege that he had *any* financial interest in Bain.  And they do not identify *any* alleged profit sharing or compensation paid by Bain.[2]

Plaintiffs also make claims that are not in their Complaint.  Plaintiffs claim that "Renaud knew that the October Offering would have a positive impact on Cerevel's overall valuation and, critically, that after the October Offering Bain would be motivated to consummate a transaction quickly, likely drastically increasing the value of his personal shares."  Opp. at 12.  But none of the paragraphs cited in support of that claim (115, 118, and 119) even mentions Mr. Renaud, much less alleges that Mr. Renaud approved an Offering with "a positive impact on Cerevel's" value to coax Bain into a fast-track transaction.

---

[2] Plaintiffs' argument that "[Mr.] Renaud's scienter is established through his actual knowledge of the mispresented and omitted facts," Opp. at 8-10, assumes that there were, in fact, material misstatements and omissions.  As Cerevel and Bain explained in their opening briefs, however, that assumption is false.  *See* Cerevel Therapeutics Holdings, Inc.'s Opening Brief in Support of Its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint at 3-5, 10-21 (filed Oct. 30, 2025) (D.I. 46); Opening Brief in Support of Motion to Dismiss (filed Oct. 30, 2025) (D.I. 45).  In addition to that discussion, which Mr. Renaud previously joined in, he respectfully refers to the responses in their reply briefs, in which he also joins.

Plaintiffs do no better on the law.  Plaintiffs ignore eighteen of the nineteen cases cited by Mr. Renaud, including *Manger v. Leapfrog Enterprises, Inc.*, 229 F. Supp. 3d 1126 (N.D. Cal. 2017).  There, the court rejected a scienter theory where—as here—the purported scheme would have *deflated* the value of the defendant's holdings.  *See* Opening Brief at 7.[3]  Further, Plaintiffs cite just one case for the proposition that they adequately alleged scienter under the federal securities laws:  *Florida State Board of Administration v. Green Tree Financial Corp.*, 270 F.3d 645 (8th Cir. 2001).

Plaintiffs misread *Green Tree*.  That court did not "reject[ an] 'irrational' motive argument where the insider acted to aid controlling stockholders."  Opp. at 12.  Instead, it found that the "coincidence of an overstatement of earnings at just the right time to benefit [the company's CEO] provide[d] an unusual, heightened showing of motive."  *Green Tree*, 270 F.3d at 661.  Nothing in that opinion addresses the situation here, where the alleged scheme was contrary to the defendants' economic interests.

Plaintiffs also invoke the Court of Chancery's opinion denying Mr. Renaud's motion to dismiss a claim for breach of fiduciary duty, claiming that "[t]here is simply no reason for the Court to reach a different result here."  Opp. at 13.  But as Mr. Renaud explained in his Opening Brief, there is:  the materially different pleading standards.  *See* Opening Brief at 6-7.

The Court of Chancery found it "*reasonably conceivable* that a material omission was made … knowingly."  Opp. at 13 (emphasis added); *see also id.* ("I think it is *reasonably conceivable* that the folks who signed off on the disclosure here knew that the … disclosures were wrong[.]" (emphasis added)).  But Delaware's reasonable conceivability standard is lower than even the baseline federal pleading standard—much less the elevated standards under the PSLRA and Rule 9(b).  *See* Opening Brief at 6-7; *see also Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap.*

---

[3] Plaintiffs' implication that Mr. Renaud's substantial equity holdings provided a motive to commit fraud gets it backwards.  Opp. at 11.  Those holdings incentivized him to obtain the *highest* price. *See Chen v. Howard-Anderson*, 87 A.3d 648, 670-71 (Del. Ch. 2014) ("When directors or their affiliates own 'material' amounts of common stock, it aligns their interests with other stockholders by giving them a 'motivation to seek the highest price[.]'" (citations omitted)).

*Holdings LLC*, 27 A.3d 531, 537 (Del. 2011) ("The pleading standards governing the motion to dismiss stage of a proceeding in Delaware, however, are minimal. ... The *Twombly-Iqbal* 'plausibility' pleading standard is higher than our governing 'conceivability' standard.").[4]  And even under that lower standard, the Complaint barely survived.  *See* Opening Brief at 7.

Plaintiffs thus failed to engage with—much less rebut—the arguments in the Opening Brief.  Their conclusory claims and inapposite caselaw are insufficient to avoid dismissal.

### B.    Plaintiffs Must Allege Scienter to State a Claim under Section 20(a).

Plaintiffs acknowledge that "culpable participation is a required element for a Section 20(a) claim."  Opp. at 14.  But they claim—quoting a decision from the District of New Jersey—that they need not plead it because "the 'overwhelming trend' in the Third Circuit is that culpable participation need not be pled to survive a motion to dismiss."  Opp. at 14 (citation omitted).[5]

While there is a split of authority on this issue, cases in this District (which acknowledges the split) have repeatedly held that a plaintiff must plead culpable participation to state a Section 20(a) claim.  *See In re Advance Auto Parts, Inc. Sec. Litig.*, 2020 WL 599543, at *10 (D. Del. Feb. 7, 2020) (granting motion to dismiss; "conclusory allegations" of culpable participation "do not satisfy the PSLRA's particularity requirement"); *Zazzali v. Alexander Partners, LLC*, 2013 WL 5416871, at *11-12 (D. Del. Sept. 25, 2013) (granting motion to dismiss; "While there is some uncertainty in this circuit as to whether § 20(a) requires that 'culpable participation' actually be

---

[4] *See* Opening Brief at 6-7 ("[T]he federal court's baseline *Twombly/Iqbal* plausibility standard is more rigorous than Delaware's counterpart pleading standard.  *Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808, 813 & n.12 (Del. 2013).  Moreover, Delaware does not have any counterpart to the PSLRA.  As such, plaintiffs alleging fraud in Delaware benefit from a minimal and plaintiff friendly pleading standard that explicitly exempt[s] scienter from Rule 9(b)'s heightened pleading standard.  *Matrix Parent, Inc. v. Audax Mgmt. Co.*, 319 A.3d 909, 934 (Del. Super. 2024)." (internal quotation marks omitted)).  Further, the Court of Chancery case does not allege fraud, so the analysis by the Court there in denying a motion to dismiss relied solely on reasonable conceivability standard, not on Rule 9(b).

[5] That case, *Stougo v. Mallinckrodt Public Ltd. Co.*, 2022 WL 17740482 (D.N.J. Dec. 16, 2022), is also distinguishable because the plaintiff adequately alleged scienter as to each defendant in connection with the claim under Section 10(b).  *Id.* at *7.

plead …, the court continues to believe that allegations of such culpable conduct are necessary[.]");

*In re Digit. Island Sec. Litig.*, 223 F. Supp. 2d 546, 561-63 (D. Del. 2002) (granting motion to dismiss; "[T]he heightened standard of the PSLRA requires that a claim under Section 20(a) state with particularity … the defendants' culpability as controlling persons…. The complaint in the present case is devoid of any allegations sufficient to meet the plaintiffs' heavy burden[.]"), *aff'd*, 357 F.3d 322 (3d Cir. 2004).

Thus, Plaintiffs must plead scienter to state a claim under Section 20(a). For the reasons discussed above, they do not do so.

## CONCLUSION

For the reasons set forth above and in Mr. Renaud's Opening Brief, as well as those explained by Cerevel and the Bain Defendants in their briefs, the claims against Mr. Renaud should be dismissed.

ROSS ARONSTAM & MORITZ LLP

*/s/ David E. Ross*

David E. Ross (#5228)
Roger S. Stronach (#6208)
Holly E. Newell (#6687)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
rstronach@ramllp.com
hnewell@ramllp.com

January 23, 2026                    *Attorneys for Defendant Ron Renaud*

5