**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | ) ) ) ) ) ) | Case No. 25-cv-417-GBW |

**REPLY IN SUPPORT OF BAIN DEFENDANTS'**
**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF BAIN**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

OF COUNSEL:

Peter L. Welsh
Daniel V. McCaughey
Elena W. Davis
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199
(617) 951-7000

Martin J. Crisp
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
Clara E. Hubbard (#7320)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19801
(302) 778-1000

*Counsel for Defendants Bain Capital Investors,*
*LLC, Christopher Gordon, and Adam Koppel*

Dated:  January 23, 2026

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................................................1

II.   ARGUMENT............................................................................................................1

    A.    Cerevel's SEC Filings (Exs. 1, 7, 9) ..................................................................2

    B.    AbbVie SEC Filing (Ex. 10), Stock-Price Data (Ex. 11), and Press
       Release (Ex. 12) ..................................................................................................4

    C.    Cerevel Board Meeting Minutes (Ex. 3) and AbbVie Term Sheet
       (Ex. 8) .................................................................................................................5

III.  CONCLUSION.........................................................................................................7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clifton v. Nationwide Gen. Ins. Co.*,
 2025 WL 2152514 (D. Del. July 29, 2025) ...............................................................................3

*Doe v. Princeton Univ.*,
 30 F.4th 335 (3d Cir. 2022) ......................................................................................................6

*Doe v. Univ. of Scis.*,
 961 F.3d 203 (3d Cir. 2020)...................................................................................................2, 6

*In re Focus Fin. P'rs*,
 2025 WL 961488 (D. Del. Mar. 31, 2025) ..............................................................................3, 4

*Huertas v. City of Camden*,
 2006 WL 8447446 (D.N.J. May 12, 2006) ................................................................................4

*Ieradi v. Mylan Lab'ys, Inc.*,
 230 F.3d 594 (3d Cir. 2000)......................................................................................................5

*Kamden Ouaffo v. Hucarro*,
 2017 WL 11724428 (D.N.J. Jan. 13, 2017)...............................................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 587 U.S.
 1014 (2019)................................................................................................................................6

*Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*,
 2011 WL 1540199 (E.D. Pa. Apr. 21, 2011) ............................................................................4

*In re NAHC, Inc. Sec. Litig.*,
 306 F.3d 1314 (3d Cir. 2002).............................................................................................2, 3, 6

*Rice v. Nathan Rice, Inc.*,
 2022 WL 3716551 (W.D. Pa. May 18, 2022).............................................................................4

*Ricoh Co. v. Oki Data Corp.*,
 2010 WL 3908603 (D. Del. Sept. 30, 2010)...............................................................................4

*SEIU Pension Plans Master Tr. v. Bain Cap. Invs., LLC*,
 No. 2024-1274-JTL (Del. Ch.) ..................................................................................................6

*Winer Family Trust v. Queen*,
 503 F.3d 319 (3d Cir. 2007)........................................................................................................3

## I.    INTRODUCTION

Despite accusing the Defendants of concealing material facts from Cerevel shareholders, Plaintiffs' Opposition (D.I. 66) (the "Opposition" or "Opp.") seeks to conceal from the Court basic, non-controversial documents which the Bain Defendants[1] attached to their Motion to Dismiss because they are not subject to reasonable dispute and/or are integral to the Complaint.  The Opposition is simply a reflexive side-show, with no impact on the pending motions to dismiss filed by the Bain Defendants or any other Defendants.  None of the referenced documents introduce any factual disputes with the allegations in the Complaint, which fails to state a claim with or without consideration of these materials.  But the judicially noticeable documents—primarily consisting of publicly available SEC filings and stock price information—provide relevant context to the Court for purposes of the Motion to Dismiss, and readily meet the standard for judicial notice.  The Court should accordingly grant the motion, and reject Plaintiffs' invitation to ignore the very documents from which they have drawn their allegations.[2]

## II.    ARGUMENT

The Bain Defendants sought judicial notice of seven of the thirteen exhibits submitted in connection with their Motion to Dismiss: four SEC filings (Exs. 1, 7, 9, 10); price data of publicly traded companies (Ex. 11); a press release (Ex. 12); and the Delaware Court of Chancery's publicly available motion to dismiss ruling (Ex. 13).[3]  Courts routinely take judicial notice of these types

---

[1] The "Bain Defendants" include Defendants Bain Capital Investors, LLC ("Bain"), Adam Koppel, and Christopher Gordon.

[2] Unless otherwise indicated, capitalized terms shall have the meanings ascribed to them in the Bain Defendants' Request and Opening Brief In Support of Motion to Dismiss (D.I. 45) ("O.B."), and emphases are added and internal citations and quotations omitted.  Citations to "¶ __" refer to the Complaint.

[3] Plaintiffs do not oppose judicial notice of Exhibit 13.

of documents.[4]    The remaining six exhibits were integral to, and, therefore, incorporated by reference in, the Complaint.[5]

Plaintiffs erroneously claim that the Bain Defendants seek to exploit the judicial notice and incorporation by reference doctrine.    On the contrary, the Request is fully consistent with established, binding Third Circuit precedent for considering documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" or are integral to or explicitly relied upon in the Complaint.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *see also Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) ("Because the investigator's report, which USciences *attached to its motion to dismiss*, is integral to Doe's complaint, we may consider the report.").  In any event, even if the Court did not consider these documents in connection with the Bain Defendants' Motion to Dismiss, the Complaint would still fail to state a claim again the Bain Defendants.

A.    **Cerevel's SEC Filings (Exs. 1, 7, 9)**

Plaintiffs oppose judicial notice of certain of Cerevel's SEC filings—specifically, Exhibit 1 (the Shareholders' Agreement, attached to Form 8-K), Exhibit 7 (Form 10-Q for Q3 2023), and Exhibit 9 (the Proxy that Plaintiffs claim is false and misleading).  But as an initial matter, this position is irrelevant as to Exhibits 1 and 9, which Plaintiffs do not dispute are incorporated by reference in the Complaint.  Indeed, Plaintiffs claim that Exhibit 9 (the Proxy) is false and misleading and cite to it throughout their Complaint, and rely on Bain's rights pursuant to Exhibit

---

[4] As noted below, Exhibit 1 (the Shareholders Agreement) and Exhibit 9 (the Proxy) are also incorporated by reference into the Complaint.

[5] Of these six exhibits, Plaintiffs challenge only the consideration of Exhibit 3 (Cerevel Board meeting minutes) and Exhibit 8 (AbbVie Term Sheet).

1 (the Shareholders' Agreement) as part of their claims. *See* ¶¶ 47-51 (summarizing provisions of the Shareholders Agreement); ¶¶ 1, 141-48 (referencing and citing directly from the Proxy); Request at 3. They cannot now attempt to shield these documents from the Court. *See Winer Family Trust v. Queen*, 503 F.3d 319, 328-29 (3d Cir. 2007) (it is "appropriate" to "probe[]" documents that are "integral to and/or were explicitly relied upon by the amended complaint").

In any event, other than admitting that the Court "may consider such SEC filings on a limited basis," Opp. at 4, Plaintiffs have no direct response to any of the case law cited in the Request that demonstrates that courts routinely take judicial notice of SEC filings, even if not cited in the complaint. *See, e.g., In re Focus Fin. P'rs*, 2025 WL 961488, at *4 n.5 (D. Del. Mar. 31, 2025) (noting that it is "well-settled . . . that courts may take judicial notice of matters of public record" and taking judicial notice of proxy statement); *NAHC*, 306 F.3d at 1331 (recognizing that "(1) documents relied upon in the Complaint ([such as] SEC filings and press releases)" and "(2) documents filed with the SEC, but not relied upon in the Complaint" are proper subjects of judicial notice). Plaintiffs complain that courts may only consider such materials "to esta[b]lish the truth of their existence, not the truth of their contents." Opp. at 4. But at least as to Exhibit 1 and Exhibit 7, Plaintiffs point to no "disputed fact" of which the Bain Defendants seek to establish the truth. And nor could they, as the Bain Defendants (i) rely on the Shareholders' Agreement only in referencing the existence of Bain's preemptive rights, which Plaintiffs themselves allege (*see* O.B. at 4, 6, *see also* ¶ 50); and (ii) rely on the Form 10-Q only for the amount of Cerevel's net proceeds from the Offering and Bain's number of shares at the time (*see* O.B. at 18, Appendix at 2); neither of which can reasonably be disputed and which are also both alleged in the Complaint (*see* ¶¶ 85-87). Moreover, none of the cases Plaintiffs cite consider SEC filings at all. *See Clifton v. Nationwide Gen. Ins. Co.*, 2025 WL 2152514 at *3 (D. Del. July 29, 2025) (considering judicial

3

notice of an investigative report, a denial letter, and an insurance policy); *Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*, 2011 WL 1540199, at *3 (E.D. Pa. Apr. 21, 2011) (evaluating potential consideration of the contents of an Abbreviated New Drug Application); *Rice v. Nathan Rice, Inc.*, 2022 WL 3716551, at *1 (W.D. Pa. May 18, 2022) (considering judicial notice of deposition testimony, an interrogatory response, and an email); *Ricoh Co. v. Oki Data Corp.*, 2010 WL 3908603, at *4 (D. Del. Sept. 30, 2010) (considering judicial notice of a license translation and notice letter translation and to interpret their contents).

Addressing Exhibit 9 (the Proxy) specifically, Plaintiffs cite one advisory committee note from 1972 and one non-binding case in claiming that it is "well-settled" that it is improper for a court to take judicial notice of "disputed facts" contained within SEC filings. *See* Opp. at 5. Neither of these sources mention SEC filings, and the case Plaintiffs cite did not turn on an evaluation of "disputed facts." *See Huertas v. City of Camden,* 2006 WL 8447446, at *2 (D.N.J. May 12, 2006) (rejecting request for judicial notice of newspaper articles because they did not "directly [relate] to the factual allegations in the complaint"). Indeed, recent District of Delaware case law indicates that judicial notice of a proxy statement—even where the proxy itself is alleged to be false and misleading—is proper. *See Focus*, 2025 WL 961488 at *4 n.5 (taking judicial notice of allegedly false and misleading proxy statement).

### B.   AbbVie SEC Filing (Ex. 10), Stock-Price Data (Ex. 11), and Press Release (Ex. 12)

Plaintiffs next argue that Exhibit 10 (AbbVie Form 10-Q for Q3 2024), Exhibit 11 (AbbVie stock price history), and Exhibit 12 (AbbVie press release) should not be judicially noticed because they relate to "irrelevant post-class period events" not mentioned in the Complaint. Opp. at 5. But Plaintiffs ignore that "documents filed with the SEC, *but not relied upon in the Complaint*" still can be proper subjects of judicial notice, as the Request explained. *See* Request at 2-3 (citing

*NAHC*, 306 F.3d at 1331).  Plaintiffs also entirely sidestep the fact that these publicly available documents are not subject to reasonable dispute.  *See* Request at 2-3; *see, e.g.*, *Ieradi v. Mylan Lab'ys, Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (taking judicial notice of publicly reported stock prices).  And contrary to Plaintiffs' assertions, these documents are relevant: the data they contain support the conclusion that AbbVie's announcement of "negative results from emraclidine's Phase 2 clinical trial" resulted in "a $40 billion–plus decline in AbbVie's market capitalization."  O.B. at 6.  This directly relates to Plaintiffs' allegation that selling the Company "was more important to Bain and Perceptive than securing the highest possible price for non-insider shareholders," ¶ 16, as it shows how the Merger unquestionably benefited these stockholders.

The only case that Plaintiffs cite in support of their argument, *Kamden Ouaffo v. Hucarro*, is inapposite.  *See* Opp. at 6 (citing 2017 WL 11724428 (D.N.J. Jan. 13, 2017)).  The plaintiff in *Hucarro* brought claims based on an alleged incident that occurred while he was working as an Uber driver, and the court declined to take judicial notice of the manifestly irrelevant fact that then-President Elect Donald Trump appointed the CEO of Uber to his economic advisory team.  2017 WL 11724428 at *1-2.  That is a far cry from the documents here of which the Bain Defendants seek judicial notice; these documents provide information demonstrating just how beneficial the sale Bain supposedly self-interestedly engineered was to Cerevel's "non-insider shareholders."

## C.    Cerevel Board Meeting Minutes (Ex. 3) and AbbVie Term Sheet (Ex. 8)

Finally, Plaintiffs argue that Exhibit 3 (Cerevel Board meeting minutes) and Exhibit 8 (AbbVie Term Sheet) should not be considered in connection with the Bain Defendants' Motion to Dismiss because Plaintiffs claim that they had not previously seen these documents prior to the Bain Defendants' filing.

As to Exhibit 3, the Complaint includes a direct quote from this document.  *See* ¶ 65 ("The Special Committee was 'established for the express purpose of overseeing the process and

5

considering the terms and conditions associated with a potential royalty or royalty-like financing transaction (which may be structured as a true sale, synthetic royalty or otherwise and may require the granting of security interest in all or a portion of the Company's assets) with respect to the Company's emraclidine program.'"). The Bain Defendants presume that Plaintiffs lifted this quote from the publicly available complaint in *SEIU Pension Plans Master Tr. v. Bain Cap. Invs., LLC*, No. 2024-1274-JTL (Del. Ch.), the Delaware Chancery Court case on which this action is based, apparently without verifying its accuracy. *See* Complaint at Dkt. 2 ¶ 41. Plaintiffs cannot have their cake and eat it too. If they are relying on this document, it can be considered in connection with the Bain Defendants' Motion to Dismiss. *See NAHC*, 306 F.3d at 1331 (a court may consider a document "explicitly relied upon in the complaint" on motion to dismiss); *Univ. of Scis.*, 961 F.3d at 208; *cf. Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 587 U.S. 1014 (2019) (the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.");[6] O.B. at 16 n.9.

With respect to Exhibit 8, the Complaint explicitly references AbbVie's November 7, 2023 "revised indication of interest to acquire Cerevel for $40 per share." ¶ 97. Exhibit 8 is the "revised indication of interest" referred to in this paragraph. Moreover, the only point that the Bain

---

[6] Plaintiffs' reliance on *Khoja* throughout their Opposition is misplaced. The Bain Defendants are not "pil[ing] on numerous documents to their motion[] to dismiss." *See id.* at 998. Plaintiffs also mischaracterize the Third Circuit's acceptance of *Khoja* as "good law" that is applicable to their arguments. *See* Opp. at 1. The Third Circuit case they cite to addresses only one uncontroversial proposition from *Khoja*, that: "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *See Doe v. Princeton Univ.*, 30 F.4th 335, 343 n.8 (3d Cir. 2022).

6

Defendants cite to from this document is the fact that, in this revised indication of interest, AbbVie cited Cerevel's aggregate share count, including stock options and RSUs, as totaling 191,969,000. *See* O.B. at 18-19. That fact is evident from the face of the document and cannot be reasonably disputed. Therefore, Exhibit 3 and Exhibit 8 can be considered in connection with Bain's Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, the Bain Defendants respectfully request that the Court grant the Bain Defendants' request to take judicial notice of Exhibits 1, 7, 9, 10, 11, 12, and 13 in connection with the Bain Defendants' Motion to Dismiss, and to recognize that Exhibits 3 and 8 are incorporated by reference in Plaintiffs' Complaint. Even if the Court determines not to grant the Request, however, the Bain Defendants respectfully submit that dismissal of Plaintiffs' Complaint with prejudice is proper.

<table>
<tr><td></td><td>/s/ Christopher Fitzpatrick Cannataro</td></tr>
<tr><td>OF COUNSEL:</td><td>A. Thompson Bayliss (#4379)<br>Christopher Fitzpatrick Cannataro (#6621)</td></tr>
<tr><td>Peter L. Welsh<br>Daniel V. McCaughey<br>Elena Weissman Davis<br>ROPES & GRAY LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7000</td><td>Clara E. Hubbard (#7320)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19801<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>cannataro@abramsbayliss.com<br>hubbard@abramsbayliss.com</td></tr>
<tr><td>Martin J. Crisp<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>(212) 596-9000</td><td>*Counsel for Defendants Bain Capital Investors, LLC, Christopher Gordon, and Adam Koppel*</td></tr>
</table>

Date: January 23, 2026