**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW |

**DEFENDANT PFIZER INC.'S ANSWER TO PLAINTIFFS'
<u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

OF COUNSEL:

**SIMPSON THACHER & BARTLETT LLP**
Lynn K. Neuner
George S. Wang
Anthony C. Piccirillo
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lneuner@stblaw.com
gwang@stblaw.com
anthony.piccirillo@stblaw.com

**MORRIS, NICHOLS, ARSHT
& TUNNELL LLP**
John P. DiTomo (#4850)
Alec F. Hoeschel (#7066)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9329
jditomo@morrisnichols.com
ahoeschel@morrisnichols.com

*Attorneys for Defendant Pfizer Inc.*

Dated: April 29, 2026

Defendant Pfizer Inc. ("Pfizer") by and through their undersigned attorneys, hereby answer and respond to Plaintiffs' Consolidated Class Action Complaint, dated August 13, 2025 (the "Complaint").

**GENERAL DENIAL**

To the extent that paragraphs in the Complaint are grouped under headings and subheadings, Pfizer responds generally that the headings and subheadings do not constitute factual averments requiring a response.  To the extent that a response is deemed necessary, Pfizer denies each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, Pfizer denies each and every allegation of the Complaint, including, without limitation, any allegation in the unnumbered paragraphs, headings, subheadings, footnotes, or the prayer for relief.

Pfizer expressly reserves the right to amend and/or supplement this Answer.

**SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE COMPLAINT**

**I.     NATURE OF THE ACTION**

1.      The allegations in Paragraph 1 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 2.

3.      Pfizer denies the allegations in Paragraph 3, except admits that Cerevel Therapeutics Holdings, Inc. ("Cerevel") was a biopharmaceutical company founded in 2018 and that Cerevel went public in 2020.

4.      Pfizer denies the allegations in Paragraph 4, except admits that Pfizer, Cerevel, and certain other persons are parties to the Amended and Restated Registration and Shareholder Rights Agreement, dated October 27, 2020, and Pfizer refers to this agreement for an accurate statement of its contents.

5.      Pfizer denies the allegations in Paragraph 5 and refers to Cerevel's public SEC filings for an accurate statement of the stock ownership percentages of Pfizer and other shareholders.

6.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and thus denies the allegations.

7.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and thus denies the allegations, except admits that Pfizer's Board nominees were recused from certain discussions related to potential M&A opportunities.

8.      Pfizer denies the allegations in Paragraph 8 and refers to Cerevel's public SEC filings for an accurate description of the October Offering.

9.      Pfizer denies the allegations in Paragraph 9 and refers to Cerevel's public SEC filings for an accurate description of the October Offering.

10.      The allegations in Paragraph 10 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations and refers to the October Offering documents for an accurate statement of the contents thereof.

11.     The allegations in Paragraph 11 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 11.

12.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and thus denies the allegations.

13.     The allegations in Paragraph 13 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 13 and refers to Cerevel's December 6, 2023 announcement for an accurate statement of the contents thereof.

14.     The allegations in Paragraph 14 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 14 and refers to Cerevel's December 6, 2023 announcement for an accurate statement of the contents thereof.

15.     Pfizer denies the allegations in Paragraph 15 and refers to the Proxy for an accurate statement of the contents thereof.

16.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and thus denies the allegations, except admits that Pfizer's Board nominees were recused from certain discussions related to potential M&A opportunities.

17.     The allegations in Paragraph 17 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 17.

## II.   JURISDICTION AND VENUE

18.   The allegations in Paragraph 18 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 18, except admits that Plaintiffs assert claims under the Exchange Act.

19.   The allegations in Paragraph 19 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 19.

20.   The allegations in Paragraph 20 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 20.

## III.   PARTIES

### A.   Lead Plaintiffs

21.   Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and thus denies the allegations.

22.   Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and thus denies the allegations.

23.   Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and thus denies the allegations.

24.   Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and thus denies the allegations.

**B.    Corporate Defendants**

25.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and thus denies the allegations, except admits that Cerevel was acquired by AbbVie Inc. ("AbbVie") in 2024.

26.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and thus denies the allegations.

27.    Pfizer denies the allegations in Paragraph 27, except admits that Pfizer is a Delaware corporation with its principal place of business in New York, NY.

28.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and thus denies the allegations.

**C.    Director Defendants**

29.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and thus denies the allegations.

30.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and thus denies the allegations.

31.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and thus denies the allegations.

32.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and thus denies the allegations.

33.    Pfizer admits the allegations in Paragraph 33.

34.    Pfizer admits the allegations in Paragraph 34, except that as of May 2025, Mr. Varma is no longer an employee of Pfizer.

35.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and thus denies the allegations, except admits that Dr. McKernan is a former employee of Pfizer.

36.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and thus denies the allegations, except admits that Mr. Giordano is a former employee of Pfizer.

37.    Pfizer admits the allegations in Paragraph 37 that Plaintiffs define "Director Defendants" to include Defendants Renaud, Koppel, Gordon, Patrick, Baron, Varma, McKernan, and Giordano.

## IV.    FACTUAL ALLEGATIONS

### A.    Bain and Pfizer Form Cerevel Therapeutics in 2018

38.    Pfizer denies the allegations in Paragraph 38, except admits that Cerevel was formed in 2018.

39.    Pfizer denies the allegations in Paragraph 39, except admits that Pfizer made certain asset contributions in connection with the formation of Cerevel.

40.    Pfizer denies the allegations in Paragraph 40, except admits that Pfizer held a 25% equity interest in Cerevel at Cerevel's inception.

41.    Pfizer denies the allegations in Paragraph 41, except admits that Dr. Morris Birnbaum and Defendant Giordano were members of Cerevel's initial Board.

### B.    Cerevel Goes Public Through a De-SPAC Transaction and Enters into Shareholder Rights Agreements

42.    Pfizer denies the allegations in Paragraph 42 and refers to Cerevel's public SEC filings for an accurate description of the De-SPAC Transaction.

43.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and thus denies the allegations.

44.    Pfizer denies the allegations in Paragraph 44 and refers to Cerevel's public SEC filings for an accurate description of the De-SPAC Transaction.

45.    Pfizer denies the allegations in Paragraph 45 and refers to Cerevel's public SEC filings for an accurate statement of the De-SPAC Transaction.

46.    Pfizer denies the allegations in Paragraph 46 and refers to Cerevel's public SEC filings for an accurate statement of the stock ownership percentages of Pfizer and other shareholders.

47.    Pfizer denies the allegations in Paragraph 47, except admits that Pfizer, Cerevel, and certain other entities are parties to the Amended and Restated Registration and Shareholder Rights Agreement, dated October 27, 2020.

48.    Pfizer denies the allegations in Paragraph 48, except admits that Pfizer, Cerevel, and certain other entities are parties to the Amended and Restated Registration and Shareholder Rights Agreement, dated October 27, 2020 and refers to this agreement for an accurate statement of the contents thereof.

49.    Pfizer denies the allegations in Paragraph 49, except admits that Pfizer, Cerevel, and certain other entities are parties to the Amended and Restated Registration and Shareholder Rights Agreement, dated October 27, 2020 and refers to the agreement for an accurate statement of the contents thereof.

50.    Pfizer denies the allegations in Paragraph 50, except admits that Pfizer, Cerevel, and certain other entities are parties to the Amended and Restated Registration and Shareholder

Rights Agreement, dated October 27, 2020 and refers to the agreement for an accurate statement of the contents thereof.

51. Pfizer denies the allegations in Paragraph 51, except admits that Pfizer, Cerevel, and certain other entities are parties to the Amended and Restated Registration and Shareholder Rights Agreement, dated October 27, 2020 and refers to the agreement for an accurate statement of the contents thereof.

52. Pfizer denies the allegations in Paragraph 52 and refers to Arya II's proxy statement for an accurate description of the contents thereof.

### C. Bain and Pfizer Maintain Control of Cerevel Following the De-SPAC Transaction

53. The allegations in Paragraph 53 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 54 and refers to the quoted SEC filing for an accurate description of the contents thereof.

55. Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and thus denies the allegations, except admits that Deborah Baron and Suneet Varma were Pfizer nominees and that Ruth McKernan and Douglas Giordano are former Pfizer employees.

**D.**     **Bain Appoints Its Partner Ron Renaud as Cerevel's CEO and Manages Cerevel's Search for Regional Partners, Which Included Discussions with AbbVie**

56.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and thus denies the allegations.

57.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and thus denies the allegations.

58.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and thus denies the allegations.

59.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and thus denies the allegations.

60.    Pfizer admits the allegations in Paragraph 60 that Cerevel held an earnings call on May 3, 2023 and refers to the earnings call for an accurate statement of the contents thereof.

61.    Pfizer admits the allegations in Paragraph 61 that Cerevel held an earnings call on May 3, 2023 and refers to the earnings call for an accurate statement of the contents thereof.

62.    Pfizer admits the allegations in Paragraph 62 that Cerevel held an earnings call on August 2, 2023 and refers to the earnings call for an accurate statement of the contents thereof.

63.    Pfizer admits the allegations in Paragraph 63 that Cerevel held an earnings call on August 2, 2023 and refers to the earnings call for an accurate statement of the contents thereof.

64.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and thus denies the allegations.

65.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 and thus denies the allegations.

E.      **In September 2023, the Cerevel Board Learns of and Reacts to AbbVie's Interest in a Whole-Company Acquisition**

66.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and thus denies the allegations.

67.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 and thus denies the allegations.

68.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and thus denies the allegations.

69.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 and thus denies the allegations.

70.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and thus denies the allegations, except admits that Pfizer's Board nominees were recused from the September 27, 2023 discussion with Centerview.

71.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and thus denies the allegations.

72.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and thus denies the allegations.

73.      Pfizer denies the allegations in Paragraph 73 and refers to the Proxy for an accurate statement of the contents thereof.

74.      Pfizer denies the allegations in Paragraph 74 and refers to the Proxy for an accurate statement of the contents thereof.

75.      Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and thus denies the allegations.

76.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and thus denies the allegations.

**F.     Bain and Perceptive Engage in Unlawful Insider Trading**

77.     Pfizer denies the allegations in Paragraph 77 and refers to the Proxy for an accurate statement of the contents thereof.

78.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 and thus denies the allegations.

79.     Pfizer denies the allegations in Paragraph 79 and refers to Cerevel's October 11, 2023 announcement for an accurate statement of the contents thereof.

80.     Pfizer denies the allegations in Paragraph 80 and refers to Cerevel's October 11, 2023 SEC filings for an accurate description of the contents thereof.

81.     Pfizer denies the allegations in Paragraph 81 and refers to Cerevel's October 11, 2023 Preliminary Prospectus Supplement for an accurate description of the contents thereof.

82.     Pfizer denies the allegations in Paragraph 82 and refers to Cerevel's October 11, 2023 Preliminary Prospectus Supplement and Press Release for an accurate description of the contents thereof.

83.     Pfizer admits the allegations in Paragraph 83 that on October 12, 2023, Cerevel filed a Form 8-K with attached copies of Cerevel's underwriting agreement with Goldman Sachs & Co. LLC and a copy of the October 11, 2023 Press Release.

84.     Pfizer denies the allegations in Paragraph 84 and refers to Cerevel's October 12, 2023 Prospectus Supplement for an accurate description of the contents thereof.

85.     Pfizer denies the allegations in Paragraph 85 and refers to Cerevel's public SEC filings for an accurate description of the contents thereof.

86.     Pfizer denies the allegations in Paragraph 86 and refers to Bain Capital Investors, LLC's ("Bain") Schedule 13D filed on October 18, 2023 for an accurate description of the contents thereof.

87.     Pfizer denies the allegations in Paragraph 87 and refers to Bain's Schedule 13D filed on October 18, 2023 for an accurate description of the contents thereof.

88.     Pfizer denies the allegations in Paragraph 88 and refers to Bain's Schedule 13D filed on October 18, 2023 for an accurate description of the contents thereof.

89.     The allegations in Paragraph 89 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and thus denies the allegations in Paragraph 89.

90.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and thus denies the allegations.

91.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and thus denies the allegations and refers to Cerevel's public SEC filings for an accurate statement of the number of shares acquired by Perceptive in the October Offering.

**G.     AbbVie and Cerevel Continue to Negotiate and Ultimately Agree that AbbVie Will Acquire Cerevel at Nearly Double the October Offering Price**

92.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and thus denies the allegations.

93.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 and thus denies the allegations.

94.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and thus denies the allegations and refers to the Proxy for an accurate description of the discussions referenced in Paragraph 94.

95.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 and thus denies the allegations and refers to the quoted statements for the contents thereof.

96.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and thus denies the allegations.

97.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and thus denies the allegations.

98.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and thus denies the allegations and refers to the Proxy for an accurate description of these discussions.

99.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 and thus denies the allegations.

100.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and thus denies the allegations and refers to the Proxy for an accurate description of this meeting.

101.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 and thus denies the allegations and refers to the Proxy for an accurate description of this meeting.

102.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 and thus denies the allegations and refers to the Reuters report for an accurate description of the contents thereof.

103.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and thus denies the allegations and refers to the AbbVie and Cerevel joint press release for an accurate description of the contents thereof.

104.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and thus denies the allegations and refers to the AbbVie investor call for an accurate description of the contents thereof.

105.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and thus denies the allegations and refers to publicly available information on the price of Cerevel's stock.

**H.    Bain and Pfizer Cause Cerevel to Issue a False and Misleading Proxy Statement in Order to Garner Shareholder Support for the Merger**

106.    Pfizer denies the allegations in Paragraph 106 and refers to the Proxy for an accurate description of the contents thereof.

107.    The allegations in Paragraph 107 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 107 and refers to the Proxy for an accurate description of the contents thereof.

108.    Pfizer denies the allegations in Paragraph 108 and refers to the Proxy for an accurate description of the contents thereof.

109.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 and thus denies the allegations.

110.    The allegations in Paragraph 110 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 110 and refers to the Proxy for an accurate description of the contents thereof.

111.    The allegations in Paragraph 111 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 111 and refers to the Proxy for an accurate description of the contents thereof.

112.    The allegations in Paragraph 112 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 112 and refers to the Proxy for an accurate description of the contents thereof.

113.    Pfizer denies the allegations in Paragraph 113 and refers to the Proxy for an accurate description of the contents thereof.

## V.    ADDITIONAL ALLEGATIONS RELATING TO DEFENDANTS' SCIENTER

114.    The allegations in Paragraph 114 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 115.

116.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 and thus denies the allegations.

117.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and thus denies the allegations.

118.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 and thus denies the allegations.

119.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and thus denies the allegations.

120.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 and thus denies the allegations.

## VI.    FALSE AND MISLEADING STATEMENTS

### A.    October 11, 2023 Press Release

121.    Pfizer denies the allegations in Paragraph 121 and refers to the October 11, 2023 Press Release for an accurate statement of the contents thereof.

122.    The allegations in Paragraph 122 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 122 and refers to the October 11, 2023 Press Release for an accurate statement of the contents thereof.

### B.    October 11, 2023 Preliminary Prospectus Supplement

123.    Pfizer admits the allegations in Paragraph 123 and refers to the October 11, 2023 Preliminary Prospectus Supplement for an accurate statement of the contents thereof.

124.    Pfizer admits the allegations in Paragraph 124 and refers to the October 11, 2023 Preliminary Prospectus Supplement for an accurate statement of the contents thereof.

125.    Pfizer admits the allegations in Paragraph 125 and refers to the October 11, 2023 Preliminary Prospectus Supplement for an accurate statement of the contents thereof.

126.    The allegations in Paragraph 126 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations and refers to the October 11, 2023 Preliminary Prospectus Supplement for an accurate statement of the contents thereof.

**C.    October 12, 2023 Form 8-K and Press Release**

127.    Pfizer admits the allegations in Paragraph 127 that Cerevel issued a Form 8-K on October 12, 2023 and refers to the October 12, 2023 Form 8-K for an accurate statement of the contents thereof.

128.    Pfizer admits the allegations in Paragraph 128 that Cerevel attached a press release to the October 12, 2023 Form 8-K and refers to the press release for an accurate statement of the contents thereof.

129.    The allegations in Paragraph 129 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations and refers to the October 12, 2023 Form 8-K for an accurate statement of the contents thereof.

130.    Pfizer denies the allegations in Paragraph 130.

**D.    October 12, 2023 Prospectus Supplement**

131.    Pfizer admits the allegations in Paragraph 131 that Cerevel filed the October 12, 2023 Prospectus Supplement and refers to the October 12, 2023 Prospectus Supplement for an accurate statement of the contents thereof.

132.    Pfizer admits the allegations in Paragraph 132 and refers to the October 12, 2023 Prospectus Supplement for an accurate statement of the contents thereof.

133.    Pfizer admits the allegations in Paragraph 133 and refers to the October 12, 2023 Prospectus Supplement for an accurate statement of the contents thereof.

134.     Pfizer denies the allegations in Paragraph 134.

135.     Pfizer denies the allegations in Paragraph 135.

**E.     November 1, 2023 Earnings Call**

136.     Pfizer admits the allegations in Paragraph 136 that Cerevel held an earnings call on November 1, 2023 and refers to the earnings call for an accurate statement of the contents thereof.

137.     The allegations in Paragraph 137 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 137.

**F.     December 6, 2023 Merger Announcement**

138.     Pfizer admits the allegations in Paragraph 138 that Cerevel issued a Form 8-K on December 6, 2023 and refers to the December 6, 2023 Form 8-K for an accurate statement of the contents thereof.

139.     Pfizer admits the allegations in Paragraph 139 that Cerevel and AbbVie jointly issued a press release on December 6, 2023 and refers to the press release for an accurate statement of the contents thereof.

140.     The allegations in Paragraph 140 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 140.

**G.     January 18, 2024 Proxy**

141.     Pfizer admits the allegations in Paragraph 141 that Cerevel filed the Proxy and refers to the Proxy for an accurate statement of the contents thereof.

142. Pfizer denies the allegations in Paragraph 142 and refers to the Proxy for an accurate statement of the contents thereof.

143. Pfizer denies the allegations in Paragraph 143 and refers to the Proxy for an accurate statement of the contents thereof.

144. The allegations in Paragraph 144 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 144.

145. The allegations in Paragraph 145 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 145.

146. The allegations in Paragraph 146 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 146 and refers to the Proxy for an accurate statement of the contents thereof.

147. Pfizer admits the allegations in Paragraph 147 that the Proxy attached a letter from Centerview and refers to the letter for an accurate statement of the contents thereof.

148. Pfizer denies the allegations in Paragraph 148 and refers to the Proxy for an accurate statement of the contents thereof.

## VII.  LOSS CAUSATION

149. The allegations in Paragraph 149 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 149.

150. The allegations in Paragraph 150 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 150.

151. Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 and thus denies the allegations.

152. The allegations in Paragraph 152 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 152.

153. The allegations in Paragraph 153 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 153.

154. The allegations in Paragraph 154 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 154.

155. The allegations in Paragraph 155 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 155.

## VIII. CLASS ACTION ALLEGATIONS

156. The allegations in Paragraph 156 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 156, except admits that Plaintiffs propose to certify a class as defined in Paragraph 156.

157. The allegations in Paragraph 157 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 157, except admits that Plaintiffs propose to certify a class as defined in Paragraph 157.

158. The allegations in Paragraph 158 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 158.

159. The allegations in Paragraph 159 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 159.

160. The allegations in Paragraph 160 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 160.

161. The allegations in Paragraph 161 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 161.

162. The allegations in Paragraph 162 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 162.

## IX. APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

163. The allegations in Paragraph 163 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required. To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 163.

164.    The allegations in Paragraph 164 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 165.

166.    The allegations in Paragraph 166 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 167.

## X.    NO SAFE HARBOR

168.    The allegations in Paragraph 168 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 168.

**COUNT I**
**Violation of Section 10(b) of**
**The Exchange Act and Rule 10b-5**
**Promulgated Thereunder Against Cerevel and Renaud**

169.    Pfizer incorporates by reference its responses to Paragraphs 1 to 168.

170.    The allegations in Paragraph 170 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 177.

178.    The allegations in Paragraph 178 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 178.

179.    The allegations in Paragraph 179 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 179.

## COUNT II
### Violation of Section 20A of
### The Exchange Act Against Bain and Perceptive

180.    Pfizer incorporates by reference its responses to Paragraphs 1 to 179.

181.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181 and thus denies the allegations.

182.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182 and thus denies the allegations.

183.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 and thus denies the allegations.

184.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 and thus denies the allegations.

185.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 and thus denies the allegations.

186.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 and thus denies the allegations.

## COUNT III
### Violation of Section 14(a) of
### The Exchange Act Against Cerevel

187.    Pfizer incorporates by reference its responses to Paragraphs 1 to 186.  The allegations in Paragraph 187 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 187.

188.    The allegations in Paragraph 188 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 189.

190.    The allegations in Paragraph 190 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 190.

191.    The allegations in Paragraph 191 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 191.

192.    The allegations in Paragraph 192 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 192.

### COUNT IV
### Violation of Section 20(a) of The Exchange Act
### Against Bain, Pfizer, and the Director Defendants

193.    Pfizer incorporates by reference its responses to Paragraphs 1 to 192.

194.    The allegations in Paragraph 194 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 194.

195.    The allegations in Paragraph 195 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 196.

197.    The allegations in Paragraph 197 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 197.

198.    The allegations in Paragraph 198 consist of legal conclusions or Plaintiffs' characterization of their claims, and therefore no response is required.  To the extent a response is deemed required, Pfizer denies the allegations in Paragraph 198.

## PRAYER FOR RELIEF

Pfizer denies all allegations in subparagraphs (a)-(d) of Plaintiffs' Prayer for Relief.

## JURY TRIAL DEMANDED

199.    Pfizer demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as

discovery and factual developments establish a basis therefore, Pfizer asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Control person liability, pursuant to Section 20(a) of the Securities Exchange Act of 1934, is barred because Plaintiffs cannot establish the primary liability necessary to assert a control person liability claim.

**THIRD AFFIRMATIVE DEFENSE**

Control person liability, pursuant to Section 20(a) of the Securities Exchange Act of 1934, is barred because Pfizer did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

**FOURTH AFFIRMATIVE DEFENSE**

Control person liability, pursuant to Section 20(a) of the Securities Exchange Act of 1934, is barred because Pfizer did not culpably participate in the alleged primary violations of the Exchange Act.

**FIFTH AFFIRMATIVE DEFENSE**

Control person liability, pursuant to Section 20(a) of the Securities Exchange Act of 1934, is barred because Pfizer acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations, and/or because Pfizer had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

**SIXTH AFFIRMATIVE DEFENSE**

Any allegedly material information allegedly omitted from Cerevel's public disclosures was already disclosed and/or publicly known.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs and members of the putative class purport to request injunctive relief, any such claim is barred because Plaintiffs and members of the putative class have an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the putative class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

**NINTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendants were, at all times, lawful, proper, and consistent with their duties and obligations, and Defendants did not otherwise have any obligation or duty to take any other action or make any other disclosure.

**TENTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiffs and members of the purported putative class is barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, *in pari delicto*, unclean hands, and/or other related equitable doctrines.

**ELEVENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs do not meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH AFFIRMATIVE DEFENSE

The putative class period is overbroad, and, therefore, many of the purported putative class members are not entitled to any recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

The purported putative class is not certifiable under Rule 23.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  Plaintiffs and members of the purported putative class failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and members of the purported putative class's claims against Pfizer are barred, in whole or in part, by their own actions, omissions, and/or negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class lack standing to assert and maintain their claims against Pfizer.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported putative class are limited to those damages authorized by the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act and therefore may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the purported putative class are barred from seeking to impose obligations that are inconsistent with, or in excess of, the requirements of the federal securities laws and the rules and regulations promulgated by the SEC.

**NINETEENTH AFFIRMATIVE DEFENSE**

Pfizer is entitled to recover contribution from others for any liability it incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Complaint against Pfizer.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery from Pfizer because one or more members of the purported putative plaintiff class ratified the allegedly wrongful acts and omissions alleged in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Pfizer is not liable to Plaintiffs and members of the putative class in connection with any purchase of securities offered in the Offerings that (i) were not offered in the United States pursuant to the Offering Documents, or (ii) were not sold or purchased in the United States.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Pfizer asserts and expressly reserves all rights with respect to all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery.  Pfizer also asserts and expressly reserves all rights with respect to all other defenses

that may be revealed during the course of discovery.  Pfizer expressly reserves the right to amend and/or supplement this Answer and these affirmative defenses.

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

*/s/ John P. DiTomo*
  John P. DiTomo (#4850)
  Alec F. Hoeschel (#7066)
  1201 North Market Street
  P.O. Box 1347
  Wilmington, DE  19899-1347
  (302) 351-9329
  jditomo@morrisnichols.com
  ahoeschel@morrisnichols.com

SIMPSON THACHER & BARTLETT LLP
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
Anthony C. Piccirillo (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lneuner@stblaw.com
gwang@stblaw.com
anthony.piccirillo@stblaw.com

  *Attorneys for Defendant Pfizer Inc*

April 29, 2026