### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW |

## DEFENDANT PFIZER INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL OR, <u>ALTERNATIVELY, FOR RE-ARGUMENT</u>

<table>
<tr><td>

OF COUNSEL:

**SIMPSON THACHER & BARTLETT LLP**
Lynn K. Neuner
George S. Wang
Anthony C. Piccirillo
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lneuner@stblaw.com
gwang@stblaw.com
anthony.piccirillo@stblaw.com

</td><td>

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
John P. DiTomo (#4850)
Alec F. Hoeschel (#7066)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9329
jditomo@morrisnichols.com
ahoeschel@morrisnichols.com

*Attorneys for Defendant Pfizer Inc.*

</td></tr>
</table>

Dated: April 29, 2026

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ............................................................................................................... 2

LEGAL STANDARD......................................................................................................... 3

ARGUMENT.................................................................................................................... 4

      I.      The Court Should Certify An Interlocutory Appeal Regarding The Pleading Standard For Culpable Participation......................................................... 4

      II.     In The Alternative, Re-Argument Is Warranted To Re-Address And Clarify The Opinion Regarding The Pleading Standard For Culpable Participation ...................................................................................................... 8

CONCLUSION................................................................................................................. 10

i

# TABLE OF AUTHORITIES

## CASES

*Adobe Inc. v. Marsh Funding LLC*,
    2024 WL 4751426 (D. Del. Nov. 12, 2024) ................................................................ 3

*Allegheny County Employees' Retirement System v. Energy Transfer LP*,
    532 F. Supp. 3d 189 (E.D. Pa. Apr. 6, 2021) ............................................................. 6

*Alta Fundamental Advisers LLC v. Bisaro*,
    2025 WL 1793691 (D.N.J. June 30, 2025) .................................................................. 5

*Anderson v. Bausch Health Co.*,
    2025 WL 3240904 (D.N.J. Nov. 20, 2025) .................................................................. 5

*Anthanassious v. Palmer*,
    418 Fed. App'x 91 (3d Cir. 2011) ............................................................................... 3

*Barbee v. Amira Nature Foods, Ltd.*,
    2025 WL 2505605 (D.N.J. Sept. 2, 2025) ................................................................... 5

*Barbee v. Amira Nature Foods, Ltd.*,
    2024 WL 626302 (D.N.J. Feb. 14, 2024) .................................................................... 6

*Barbee v. Amira Nature Foods, Ltd.*,
    2023 WL 4627744 (D.N.J. July 19, 2023) ................................................................... 6

*Belmont v. MB Inv. Partners, Inc.*,
    708 F.3d 470 (3d Cir. 2013) ........................................................................................ 5

*Bishins v. Marinus Pharmaceuticals, Inc.*,
    2026 WL 686766 (E.D. Pa. Mar. 11, 2026) ................................................................ 7

*Chase Bank USA, N.A. v. Hess*,
    2011 WL 4459604 (D. Del. Sept. 26, 2011) ............................................................... 3

*City of Southfield Fire & Police Retirement System v. Hayward Holdings, Inc.*,
    2025 WL 1577315 (D.N.J. June 4, 2025) .................................................................... 6

*Cont'l Gen. Ins. Co. v. Sigurdur Olafsson*,
    2024 WL 4263211 (D.N.J. Sept. 23, 2024) ................................................................. 6

*Easton & Co. v. Mutual Ben. Life Ins. Co.*,
    1992 WL 136857 (D.N.J. Mar. 29, 1992) .................................................................... 8

*FNY Partners Fund LP v. Capri Holdings Ltd.*,
    2026 WL 873329 (D. Del. Mar. 31, 2026) .................................................................. 7

*Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*,
  2022 WL 889158 (E.D. Pa. Mar. 25, 2022)................................................................. 6

*Howard v. Arconic Inc.*,
  2021 WL 2561895 (W.D. Pa. June 23, 2021)............................................................. 6

*In re Aurora Cannabis Secs. Litig.*,
  2023 WL 5508831 (D.N.J. Aug. 24, 2023) ............................................................... 6

*In re Chemours Co. Secs. Litig.*,
  587 F. Supp. 3d 143 (D. Del. Feb. 24, 2022)........................................................... 6

*In re Coinbase Global, Inc. Sec. Litig.*,
  2025 WL 2779024 (D.N.J. Sept. 30, 2025) .............................................................. 7

*In re Digital Island Sec. Litig.*,
  223 F. Supp. 2d 546 (D. Del. 2002).......................................................................... 9

*In re Five Below, Inc. Secs. Litig.*,
  2025 WL 2447794 (E.D. Pa. Aug. 25, 2025) ........................................................... 6

*In re Galena Biopharma, Inc. Secs. Litig.*,
  2021 WL 50227 (D.N.J. Jan. 5, 2021) ...................................................................... 7

*In re Integra LifeSciences Holdings Corp. Secs. Litig.*,
  2025 WL 1798386 (D.N.J. June 30, 2025)................................................................ 6

*In re Lord Abbett Mut. Funds Fee Litig.*,
  553 F.3d 248 (3d Cir. 2009)...................................................................................... 8

*In re PayPal Holdings Inc. Secs. Litig.*,
  2026 WL 892522 (D.N.J. Mar. 31, 2026).................................................................. 7

*In re PayPal Holdings Inc. Secs. Litig.*,
  2025 WL 325603 (D.N.J. Jan. 29, 2025)................................................................... 6

*In re SemCrude, L.P.*,
  407 B.R. 553 (D. Del. 2009)................................................................................. 3, 4

*In re Toronto-Dominion Bank/First Horizon Corp. Secs. Litig.*,
  2025 WL 3302536 (D.N.J. Nov. 26, 2025) .............................................................. 7

*Insignia Disposal Services, LLC v. Hrebenar*,
  697 F. Supp. 3d 370 (E.D. Pa. Oct. 4, 2023) ........................................................... 6

*JPMorgan Chase Bank, N.A. v. Javice*,
  2023 WL 4546409 (D. Del. July 13, 2023) .............................................................. 6

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974).................................................................................. 3

*Kelk v. Bausch Health Co.*,
    2025 WL 470422 (D.N.J. Feb. 12, 2025) ................................................................. 6

*Levon v. CorMedix Inc.*,
    797 F. Supp. 3d 381 (D.N.J. Aug. 19, 2025) ........................................................... 6

*Maverick Neutral Levered Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*,
    2021 WL 7872087 (D.N.J. Jan. 26, 2021) .................................................................7

*Nash v. Qualtrics Int'l Inc.*,
    2024 WL 231870 (D. Del. Jan. 22, 2024), *report and recommendation
    adopted*, 2024 WL 2505911 ..................................................................................... 6

*Pelham v. VBIT Techs. Corp.*,
    2025 WL 947867 (D. Del. Mar. 28, 2025), *report and recommendation
    adopted*, 2025 WL 1282321 .................................................................................. 6, 9

*Pellicano v. Blue Cross Blue Shield Ass'n*,
    540 Fed. App'x 95 (3d Cir. 2013).......................................................................... 3

*Shulman v. Weston*,
    2025 WL 3754159 (D.N.J. Dec. 29, 2025)............................................................... 5

*Spar v. Celsion Corp.*,
    2023 WL 2069725 (D.N.J. Feb. 6, 2023) ................................................................. 6

*Zhengyu He v. China Zenix Auto Int'l Ltd.*,
    2020 WL 3169506 (D.N.J. June 12, 2020)................................................................ 7

## STATUTES

28 U.S.C. § 1292(b) ....................................................................................................... 3, 4

Defendant Pfizer Inc. ("Pfizer") respectfully moves for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the question of whether a plaintiff must sufficiently plead the culpable participation element of Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in order to state a claim upon which relief can be granted. In the alternative, Pfizer moves for re-argument of the portion of the Court's March 30, 2026 opinion (D.I. 106, "Opinion" or "Op.") addressing the culpable participation element of the control person claim against Pfizer.

## PRELIMINARY STATEMENT

The Opinion initially set forth that culpable participation is an element of a Section 20(a) control person claim and that a plaintiff must plead culpable participation with particularity. *See* Op. at 31-32. Then, in its analysis of the sufficiency of Plaintiffs' Section 20(a) claim against Pfizer, the Opinion observed that courts in the Third Circuit have taken differing approaches to this issue. The Court ultimately concluded that culpable participation does not need to be pleaded to survive a motion to dismiss. *See id.* at 35-36.

Pfizer requests that the Court certify an interlocutory appeal so that the Third Circuit can decide whether the element of culpable participation must be pleaded to survive a motion to dismiss. As the Opinion recognizes, courts in the Third Circuit are not unanimous on this legal question. While the prevailing practice of the District of Delaware and other district courts in the Third Circuit is to treat culpable participation as a required element at the pleading stage, the Third Circuit itself has not definitively addressed this issue. This case presents an opportunity to clarify a recurring legal issue, which would advance the resolution of the claim against Pfizer and would also bring greater predictability to courts and litigants in future Section 20(a) cases.

In the alternative, Pfizer respectfully submits that re-argument is warranted for the Court to address the pleading standard for the culpable participation element of a Section 20(a) claim

1

and to reconcile a seeming inconsistency within the Opinion as to whether this element must be pleaded to survive a motion to dismiss. Applying the correct pleading standard, Plaintiffs' Section 20(a) claim against Pfizer should be dismissed because Plaintiffs have no substantive allegations about Pfizer's mindset, especially given that the Pfizer-nominated directors were recused from the Board discussions regarding AbbVie's initial interest in an acquisition and Centerview's related financial analysis.

## BACKGROUND

Pfizer was a minority shareholder of Cerevel Therapeutics Holdings, Inc. ("Cerevel"), holding 15-17% of Cerevel's stock at all relevant times. Plaintiffs' securities fraud claims have largely been based on alleged misstatements and omissions made by Cerevel and its former CEO related to Cerevel's acquisition by AbbVie Inc. ("AbbVie"), as well as alleged insider stock purchases by Bain Capital Investors, LLC ("Bain") and Perceptive Advisors LLC. Pfizer is not alleged to have made any misstatements and is not alleged to have participated in any insider stock sales. Pfizer is named as a defendant solely for Count IV of the Complaint, which alleges a Section 20(a) control person claim.

Pfizer moved to dismiss on October 30, 2025. D.I. 39 ("Motion to Dismiss"). In the Motion to Dismiss, Pfizer argued that the Complaint failed to state a Section 20(a) control person claim against Pfizer because Plaintiffs had not adequately pleaded any of the three elements of Section 20(a): (1) a primary violation of the Exchange Act; (2) control; and (3) culpable participation. The Motion to Dismiss was fully briefed on January 23, 2026, and oral argument was held on February 27, 2026. On March 30, 2026, the Court issued the Opinion, which denied Pfizer's Motion to Dismiss. The Court held that Plaintiffs adequately pleaded the first two elements of a Section 20(a) claim. With respect to the third element, the Court appeared to agree with Plaintiffs that culpable participation need not be pleaded to survive a motion to dismiss and

2

did not evaluate the sufficiency of Plaintiffs' allegations. This present motion addresses only the Court's ruling with respect to the third element of culpable participation.

## LEGAL STANDARD

"The decision of whether to grant leave to file an interlocutory appeal is 'informed by the criteria set forth in 28 U.S.C. § 1292(b).'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011). Under Section 1292(b), a district court has discretion to certify an interlocutory appeal if the order "(1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)); *see also* 28 U.S.C. § 1292(b).

The Court has discretion to grant re-argument if it has "patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc. v. Marsh Funding LLC*, 2024 WL 4751426, at *3 (D. Del. Nov. 12, 2024) (Williams, J.). A district court has authority to consider such a motion as part of "the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Pellicano v. Blue Cross Blue Shield Ass'n*, 540 Fed. App'x 95, 97 n.4 (3d Cir. 2013). It is appropriate for the Court to exercise this authority "whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Anthanassious v. Palmer*, 418 Fed. App'x 91, 95 (3d Cir. 2011).

3

## ARGUMENT

**I.     The Court Should Certify An Interlocutory Appeal Regarding The Pleading Standard For Culpable Participation**

Pfizer respectfully requests that the Court certify an interlocutory appeal to the Third Circuit on the following question:

- Is a plaintiff required to plead the element of culpable participation with particularity in order to state a claim upon which relief can be granted under Section 20(a) of the Securities Exchange Act of 1934?

A court may grant leave to file an interlocutory appeal from an order that involves a controlling and disputed question of law whose resolution advances the disposition of the litigation. *See In re SemCrude, L.P.*, 407 B.R. at 556-57; *see also* 28 U.S.C. § 1292(b). The Court's March 30 opinion satisfies the standard for interlocutory review since the culpability issue involves a dispositive legal issue; federal district judges in this Circuit are not unanimous on the answer; and a Third Circuit decision requiring pleading of culpability with particularity would end this case as to Pfizer.

*First*, the pleading standard for culpable participation is a controlling question of law with respect to Pfizer. The Court ruled that Plaintiffs adequately pleaded the first two elements of a Section 20(a) claim—a primary violation of the Exchange Act by Cerevel and Renaud and control of Cerevel through allegations of "collective action" with Bain. *See* Op. at 32, 34-35. But the Court did not evaluate whether Plaintiffs adequately pleaded the element of culpable participation. *See* Op. at 35-36. If the Third Circuit agrees with Pfizer that culpable participation needs to be pleaded with particularity to survive a motion to dismiss, then Pfizer would have a strong basis for obtaining dismissal of the only count against it in this litigation. *See infra* at 10.

4

***Second***, there are "substantial grounds for difference of opinion as to [the] correctness" of the Court's conclusion that culpable participation need not be pleaded to state a Section 20(a) claim. The Court acknowledged that "[c]ourts in this Circuit are divided on whether culpable participation must be plead to survive a motion to dismiss" and observed that "[s]ome recent decisions have examined complaints to determine whether allegations of culpable conduct are sufficiently plead." Op. at 35. Significantly, the Third Circuit has expressly recognized that it has not weighed in on the culpability-pleading question:

> Notwithstanding our articulation of th[e] culpable participation requirement, a difference of opinion has emerged among district courts of this Circuit as to the pleading requirements for a § 20(a) claim. . . . Because we hold that the Investors have failed to satisfy the culpable participation requirement for purposes of summary judgment, we need not, and do not, resolve the pleading issue at this time.

*Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 484 n.20 (3d Cir. 2013).

While the issue has not been decided by the Third Circuit, the current trend for district courts in the Third Circuit is to require plaintiffs to plead culpable participation. Within approximately the past five years (January 1, 2021- March 31, 2026), we have identified 41 motion to dismiss decisions from district courts in the Third Circuit that have articulated a pleading standard for Section 20(a) claims. Of those 41 decisions, 25 (61%) stated that culpable participation must be pleaded to state a Section 20(a) claim:[1]

| CASE NAME AND CITATION | COURT | DATE |
|---|---|---|
| *Shulman v. Weston*, 2025 WL 3754159 | D.N.J. | Dec. 29, 2025 |
| *Anderson v. Bausch Health Co.*, 2025 WL 3240904 | D.N.J. | Nov. 20, 2025 |
| *Barbee v. Amira Nature Foods, Ltd.*, 2025 WL 2505605 | D.N.J. | Sept. 2, 2025 |

---

[1] A table listing the 16 cases that did not require culpable participation to be pleaded is attached to this motion as Appendix A.

5

| CASE NAME AND CITATION | COURT | DATE |
|---|---|---|
| *In re Five Below, Inc. Secs. Litig.*, 2025 WL 2447794 | E.D. Pa. | Aug. 25, 2025 |
| *Levon v. CorMedix Inc.*, 797 F. Supp. 3d 381 | D.N.J. | Aug. 19, 2025 |
| *In re Integra LifeSciences Holdings Corp. Secs. Litig.*, 2025 WL 1798386 | D.N.J. | June 30, 2025 |
| *Alta Fundamental Advisers LLC v. Bisaro*, 2025 WL 1793691 | D.N.J. | June 30, 2025 |
| *City of Southfield Fire & Police Retirement System v. Hayward Holdings, Inc.*, 2025 WL 1577315 | D.N.J. | June 4, 2025 |
| *Pelham v. VBIT Techs. Corp.*, 2025 WL 947867, *report and recommendation adopted*, 2025 WL 1282321 | D. Del. | Mar. 28, 2025 |
| *Kelk v. Bausch Health Co.*, 2025 WL 470422 | D.N.J. | Feb. 12, 2025 |
| *In re PayPal Holdings Inc. Secs. Litig.*, 2025 WL 325603 | D.N.J. | Jan. 29, 2025 |
| *Cont'l Gen. Ins. Co. v. Sigurdur Olafsson*, 2024 WL 4263211 | D.N.J. | Sept. 23, 2024 |
| *Barbee v. Amira Nature Foods, Ltd.*, 2024 WL 626302 | D.N.J. | Feb. 14, 2024 |
| *Nash v. Qualtrics Int'l Inc.*, 2024 WL 231870, *report and recommendation adopted*, 2024 WL 2505911 | D. Del. | Jan. 22, 2024 |
| *Insignia Disposal Services, LLC v. Hrebenar*, 697 F. Supp. 3d 370 | E.D. Pa. | Oct. 4, 2023 |
| *In re Aurora Cannabis, Inc. Secs. Litig.*, 2023 WL 5508831 | D.N.J. | Aug. 24, 2023 |
| *Barbee v. Amira Nature Foods, Ltd.*, 2023 WL 4627744 | D.N.J. | July 19, 2023 |
| *JPMorgan Chase Bank, N.A. v. Javice*, 2023 WL 4546409 | D. Del. | July 13, 2023 |
| *Spar v. Celsion Corp.*, 2023 WL 2069725 | D.N.J. | Feb. 6, 2023 |
| *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, 2022 WL 889158 | E.D. Pa. | Mar. 25, 2022 |
| *In re Chemours Co. Secs. Litig.*, 587 F. Supp. 3d 143 | D. Del. | Feb. 24, 2022 |
| *Howard v. Arconic Inc.*, 2021 WL 2561895 | W.D. Pa. | June 23, 2021 |
| *Allegheny County Employees' Retirement System v. Energy Transfer LP*, 532 F. Supp. 3d 189 | E.D. Pa. | Apr. 6, 2021 |

6

| CASE NAME AND CITATION | COURT | DATE |
|---|---|---|
| *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*, 2021 WL 7872087 | D.N.J. | Jan. 26, 2021 |
| *In re Galena Biopharma, Inc. Secs. Litig.*, 2021 WL 50227 | D.N.J. | Jan. 5, 2021 |

As these cases demonstrate, a majority of 61% of recent Third Circuit cases holds that plaintiffs must plead culpable participation to survive a motion to dismiss.[2] Moreover, at oral argument, Pfizer highlighted ten cases in the District of Delaware holding that culpable participation must be specifically pleaded at the Rule 12(b)(6) stage. *See* Declaration of Anthony C. Piccirillo, dated April 29, 2026, Ex. 1 (Pfizer's Feb. 27, 2026 Oral Argument Slides); D.I. 105 (Feb. 27, 2026 Oral Argument Tr.) at 107:23-108:9.

In connection with the Court's conclusion that Plaintiffs adequately pleaded a Section 20(a) claim against Pfizer, the Opinion quotes a 2020 District of New Jersey case—*Zhengyu He v. China Zenix Auto Int'l Ltd.*, 2020 WL 3169506 (D.N.J. Jun. 12, 2020)—for the proposition that there is an "overwhelming trend in the Third Circuit that culpable participation need not be plead to survive a motion to dismiss." As Pfizer explained in its briefing and at oral argument, the *Zhengyu He* case includes only one citation in support of the "overwhelming trend" assertion. *See* D.I. 80 ("Pfizer Reply") at 7; D.I. 105 (Feb. 27, 2026 Oral Argument Tr.) at 108:2-9. Tracing the chain of citations to its origin, the "overwhelming trend" claim first appears in a

---

[2] Another 62 motion to dismiss decisions during this time period addressed Section 20(a) control person claims but did not state which elements must be pleaded. These decisions typically dismissed control person claims for failure to plead a primary violation of the Exchange Act. *E.g.*, *FNY Partners Fund LP v. Capri Holdings Ltd.*, 2026 WL 873329, at *18 (D. Del. Mar. 31, 2026); *In re PayPal Holdings Inc. Secs. Litig.*, 2026 WL 892522, at *18 (D.N.J. Mar. 31, 2026); *In re Toronto-Dominion Bank/First Horizon Corp. Secs. Litig.*, 2025 WL 3302536, at *28 (D.N.J. Nov. 26, 2025). Other cases included language that was inconclusive on the issue. *See, e.g.*, *Bishins v. Marinus Pharmaceuticals, Inc.*, 2026 WL 686766, at *22 n.13 (E.D. Pa. Mar. 11, 2026); *In re Coinbase Global, Inc. Sec. Litig.*, 2025 WL 2779024, at *22-23 (D.N.J. Sept. 30, 2025).

District of New Jersey case from 1992—three years before the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Easton & Co. v. Mutual Ben. Life Ins. Co.*, 1992 WL 136857, at \*7 (D.N.J. Mar. 29, 1992).  Any "trend" that may have existed in the Third Circuit prior to the PSLRA has no bearing on the pleading standard for culpable participation today—after the passage of the PSLRA, which was enacted in part to impose stricter standards on pleading securities fraud claims.  *See In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 250 (3d Cir. 2009).  The more recent authorities described above demonstrate that the current trend in both the Third Circuit and the District of Delaware is to require plaintiffs to plead culpable participation to survive a motion to dismiss.

  ***Third***, an immediate appeal would materially advance the termination of this litigation as to Pfizer given that Plaintiffs' allegations of culpable participation are not sufficiently pleaded as to Pfizer.  Pfizer was not in the Board room when the Board discussed AbbVie's whole-company acquisition interest and when Centerview presented its preliminary valuation analysis regarding such a transaction, nor did Pfizer trade in the October Offering.  Resolution of the culpability issue and the dismissal of Pfizer would narrow the litigation to focus on the parties and allegations that are central to the Complaint, as opposed to secondary liability claims against a minority shareholder that is not alleged to have had any role in making the alleged misstatements and is not alleged to have obtained any benefit from the alleged insider stock sales.

## II. In The Alternative, Re-Argument Is Warranted To Re-Address And Clarify The Opinion Regarding The Pleading Standard For Culpable Participation

  The Court could alternatively consider granting re-argument on the culpability-pleading issue because the Opinion has an internal inconsistency regarding the applicable pleading requirement.  Pfizer invites the Court to exercise its inherent authority to address this apparent inconsistency and evaluate whether Plaintiffs have adequately pleaded the element of culpable

participation with particularity as to Pfizer.  Clarifying the pleading standard and granting

Pfizer's motion to dismiss would obviate any need for an interlocutory appeal.

The introductory paragraph of Section III.D. of the Opinion states that a plaintiff must

plead culpable participation with particularity in order to state a claim under Section 20(a).  The

Court stated:

> To state a claim under Section 20(a), Plaintiffs must allege "(1) a primary
> violation of the federal securities laws by a controlled person or entity; (2) control
> of the primary violator by the defendant; and *(3) that the controlling person was
> in some meaningful way a culpable participant in the primary violation*."

Op. at 31 (quoting *Pelham v. VBIT Techs. Corp.*, 2025 WL 947867, at *11 (D. Del. Mar. 28,

2025)) (emphasis added).  The Opinion goes on to state that "[t]he heightened standard of the

PSLRA applies to Section 20(a)" and "[t]hus, such claims must '*state with particularity the

circumstances of* both the defendants' control of the primary violator, as well as of the

*defendants' culpability as controlling persons*.'"  *Id.* at 32 (quoting *In re Digital Island Sec.

Litig.*, 223 F. Supp. 2d 546, 561 (D. Del. 2002)) (emphasis added).  In so doing, we understand

the Court to have stated that the culpable participation element of Section 20(a) must be pleaded

with particularity to state a claim upon which relief can be granted.

Yet, in a later portion of the Opinion, which evaluates the Section 20(a) allegations

against Pfizer, the Court did not apply that legal standard.  Instead, the Court noted that "[c]ourts

in this Circuit are divided on whether culpable participation must be plead to survive a motion to

dismiss" and referred to recent decisions examining complaints to determine whether allegations

of culpable participation are sufficiently pleaded.  *Id.* at 35.  The Court then stated, "*However*,

given the ongoing dispute and the 'overwhelming trend in the Third Circuit that culpable

participation need not be plead to survive a motion to dismiss,'" the Court "concludes that, at the

pleading stage, Plaintiffs have adequately plead a Section 20(a) violation against . . . Pfizer."  *Id.

9

at 35-36 (emphasis added).  In other words, page 31 of the Opinion states that culpable participation must be pleaded with particularity to survive a motion to dismiss while page 35 states that culpable participation need not be pleaded to survive a motion to dismiss.  Pfizer respectfully invites the Court to re-address this inconsistency as a misapprehension of the applicable standard that warrants reconciling.

The applicable standard matters.  If the pleading standard set forth on page 31 of the Opinion is applied, Plaintiffs have failed to adequately plead the culpable participation element as to Pfizer.  *See* D.I. 59 ("Pfizer Mem.") at 16-20; Pfizer Reply at 6-10.  The Complaint asserts only conclusory allegations that Pfizer participated in Cerevel's alleged misstatements, without any particularized facts showing when, how, or in what manner Pfizer actually participated in or approved the statements, or could have stopped them.  *See id.*  Indeed, the Complaint itself alleges that Pfizer's Board nominees were recused from deliberations concerning the subject matter of the alleged misstatements and omissions.  Pfizer Mem. at 19-20; Pfizer Reply at 8-9.[3]  Moreover, the Complaint is devoid of any allegations related to Pfizer's state of mind, and thus Plaintiffs do not come close to pleading scienter, much less pleading it with the requisite particularity.  Pfizer Mem. at 20; Pfizer Reply at 9-10.  The Opinion did not address these dispositive arguments because it concluded that culpable participation need not be pleaded.

## CONCLUSION

For the reasons set forth above, Pfizer respectfully requests that the Court grant its motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or, in the alternative, for re-argument.

---

[3] At the oral argument, the Court asked Plaintiffs' counsel repeatedly to identify the allegation in the Complaint that Pfizer had knowledge of a wholeco acquisition by AbbVie, and Plaintiffs' counsel ultimately said it was not there.  *See* D.I. 105 (Feb. 27, 2026 Tr.), at 117-18.

Dated:  April 29, 2026

MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP


By:  */s/ John P. DiTomo*
     John P. DiTomo (#4850)
     Alec F. Hoeschel (#7066)
     1201 North Market Street, 16th Floor
     P.O. Box 1347
     Wilmington, DE  19899-1347
     (302) 351-9329
     jditomo@morrisnichols.com
     ahoeschel@morrisnichols.com


     SIMPSON THACHER & BARTLETT LLP
     Lynn K. Neuner (*pro hac vice*)
     George S. Wang (*pro hac vice*)
     Anthony C. Piccirillo (*pro hac vice*)
     425 Lexington Avenue
     New York, NY 10017
     (212) 455-2000
     lneuner@stblaw.com
     gwang@stblaw.com
     anthony.piccirillo@stblaw.com

     *Attorneys for Defendant Pfizer Inc.*

11