**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION | Case No. 25-cv-417-GBW |

**RON RENAUD'S MOTION FOR RECONSIDERATION**
**OF THE COURT'S MARCH 30, 2026 ORDER**

On October 30, 2025, Defendant Ron Renaud and other Defendants including Bain Capital Investors, LLC ("Bain") and Pfizer Inc. ("Pfizer") moved to dismiss Plaintiffs' consolidated amended complaint (the "Complaint"). *See* D.I. 19; D.I. 40, 45, 46, 53, 55, 57. On March 30, 2026, this Court issued an Order and Memorandum Opinion on Defendants' Motions to Dismiss. D.I. 106 and D.I. 107 (together, the "Order"). The Court denied Mr. Renaud's motion to dismiss, holding that Plaintiffs stated claims against Mr. Renaud under Section 10(b) and Section 20(a). For the narrow reasons explained herein, Mr. Renaud moves for reconsideration of the Order.

**ARGUMENT**

1.      In its Order, this Court permitted Plaintiffs' claims under Section 10(b) and Section 20A of the Exchange Act to proceed against certain Defendants based on the theory that there was an unlawful scheme to facilitate Bain's acquisition of Cerevel stock, at artificially deflated prices, in the October Offering, and that statements were made to facilitate Bain's allegedly illicit acquisition of Cerevel stock. Under Plaintiffs' theory, Mr. Renaud's scienter was based on his "financial[] and professional[] tie[s] to Bain" and the alleged incentive it provided Mr. Renaud to facilitate Bain's alleged illicit acquisition of Cerevel stock. D.I. 106 at 26 (citing D.I.72 at 11).

2.      Bain is concurrently seeking interlocutory review, or in the alternative, reconsideration, certain controlling questions of law concerning the adequacy of Plaintiffs' claims

under Section 20A regarding Bain's allegedly illicit acquisition of Cerevel stock in the October Offering. [1]

3.      If this Court or the Third Circuit resolves these questions in Bain's favor, such a ruling would bear directly upon the Court's assessment of the allegations against Mr. Renaud. Plaintiffs' scienter allegations against Mr. Renaud rely heavily on Mr. Renaud's alleged relationship with Bain. *See* Pls.' Ans. Br. in Opp. to Renaud's Mot. to Dismiss, Dkt. No. 72, at 12 ("The inference that, as a Bain Senior Advisor, Renaud acted in Bain's interest is far more cogent than any self-serving explanation he offers."). Plaintiffs claim that because he was motivated to act in Bain's interests, Mr. Renaud misled investors by "wholly omitt[ing] that the October offering was also conducted to provide Bain and Perceptive the opportunity to purchase shares." *Id*. at 6. If this Court or the Third Circuit concludes that Plaintiffs' allegations do not support their claims that Bain Bain's purchases in the October Offering amounted to insider trading, that determination would undermine the claims against Mr. Renaud, especially with regard to scienter. Accordingly, should Bain prevail, respectfully, the Court should reconsider Plaintiffs' Section 10(b) claim against Mr. Renaud.

4.      For similar reasons, with respect to Plaintiffs' Section 20(a) claim against Mr. Renaud, if Bain and Pfizer prevail on their motions with respect to whether Section 20(a) requires culpable participation to be pled, the Section 20(a) claim against Mr. Renaud should be dismissed. In that event, as an additional reason to dismiss all claims against Mr. Renaud, Plaintiffs cannot have alleged that Mr. Renaud culpably participated in the making of any false or misleading

---

[1] Mr. Renaud joins and incorporates by reference Bain's concurrently filed Motion to Certify Interlocutory Appeal Under 28 U.S.C. §1292(b), or in the Alternative, Reconsideration or Reargument of the Court's March 30, 2026 Order, as well as Pfizer's Motion for Certification for Interlocutory Appeal or, Alternatively, for Reargument.

statements to cover up insider trading where there was no insider trading to cover up to begin with.[2]

## **CONCLUSION**

For these reasons, Mr. Renaud respectfully requests that the Court reconsider the Order, should Bain or Pfizer prevail on the issues raised in their motions.

ROSS ARONSTAM & MORITZ LLP

*/s/* Roger S. Stronach
David E. Ross (#5228)
Roger S. Stronach (#6208)
Holly E. Newell (#6687)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
rstronach@ramllp.com
hnewell@ramllp.com

April 29, 2026                                   *Attorneys for Defendant Ron Renaud*

---

[2] Because of the Court's familiarity with this case and in the interest of judicial economy, Mr. Renaud incorporates by reference the Statement of Relevant Facts in his Opening Brief in support of his Motion to Dismiss. D.I. 57 at 2-3.