**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE CEREVEL THERAPEUTICS HOLDINGS, INC. SECURITIES LITIGATION, | Civil Action No. 25-417-GBW |

---

## MEMORANDUM ORDER

Pending before the Court are three motions seeking certification of an interlocutory appeal or, in the alternate, reargument or reconsideration of the Court's March 30, 2026 Opinion (D.I. 106) filed by Defendants Pfizer Inc. ("Pfizer") (D.I. 115), Ron Renaud ("Renaud") (D.I. 121) and Bain Capital Investors, LLC ("Bain") (D.I. 122) (collectively, "Defendants" and "Defendants' Motions"), which have been fully briefed (D.I. 117; D.I. 121; D.I. 123; D.I. 138; D.I. 139; D.I. 140; D.I. 149; D.I. 150; D.I. 151). Having considered the parties' submissions and the applicable law, the Court finds that none of Defendants' requests for relief (certification, reargument or reconsideration) are warranted. For the reasons set forth below, Defendants' Motions are denied.

## I.    BACKGROUND

On April 3, 2025, SM Merger/Arbitrage, LP, Associated Capital Group, Inc. and Atlas Diversified Master Fund, Ltd ("Lead Plaintiffs") filed an initial class action complaint. D.I. 1. On August 13, 2025, Lead Plaintiffs filed an amended class action complaint ("Complaint") seeking to recover damages caused by Cerevel Therapeutics Holdings, Inc. ("Cerevel"), Renaud, and its major shareholders, such as Pfizer and Bain, for violations of federal securities law. D.I. 19. All defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, Pfizer

1

moved to dismiss Count IV (Violation of Section 20(a) of the Exchange Act) arguing that Lead Plaintiffs failed to sufficiently plead the three requisite elements. *See* D.I. 40. Renaud moved to dismiss Counts I (Violation of Section 10(b) of the Exchange Act and Rule 10b-5) and IV (Violation of Section 20(a) of the Exchange Act) primarily arguing that Lead Plaintiffs failed to sufficiently allege that Renaud acted with scienter. *See* D.I. 57. Bain moved to dismiss Counts II (Violation of 20A) and IV (Violation of Section 20(a) of the Exchange Act) arguing that Plaintiffs failed to sufficiently allege the requisite elements. *See* D.I. 45. After considering the parties' submissions and oral arguments, the Court denied-in-part and granted-in-part Defendants' motions to dismiss the Complaint in the Court's March 30, 2026 Memorandum Opinion ("Court's Opinion"). *See* D.I. 106. With respect to the issues raised in the present motions, the Court denied Defendants' motions to dismiss, holding that Lead Plaintiffs sufficiently stated claims to survive dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* On April 29, 2026, Defendants moved for certification of interlocutory appeal or, alternatively, for re-argument or reconsideration. *See* D.I. 115; D.I. 121; D.I. 122.

## II.    LEGAL STANDARDS

### A.    Interlocutory Appeal Certification

28 U.S.C. § 1292(b) "imposes three criteria for the district court's exercise of discretion" to grant a motion to certify an interlocutory appeal. *Katz v. Carte Blanche Corp.*, 496 F. 2d 747, 754 (3d Cir. 1974). "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for a difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id.* Ultimately, however, "[t]he decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still

deny certification." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 709 (D.N.J. 2013) (internal quotations and citations omitted).

"Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *Microsoft Mobile Inc. v. Interdigital, Inc.*, 2016 WL 8302609, at *1 (D. Del. June 13, 2016) (internal citation omitted). "The burden is on the movant to demonstrate that all requirements are met." *Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.*, No. 22-941, 2025 WL 2714260, at *2 (D. Del. Sept. 23, 2025). Moreover, "[c]ertification is not meant to provide early review of difficult rulings in hard cases." *Improved Search LLC v. AOL Inc.*, No. 15-262, 2016 WL 2642215, at *2 (D. Del. May 6, 2016) (internal citation omitted).

## B.    Re-Argument or Reconsideration

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc v. Amneal Pharms. LLC*, No. 16-853, 2021 WL 4843959, at *1 (D. Del. Oct. 18, 2021) (citation omitted). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc. v. Marsh Funding LLC*, No. 24-861, 2024 WL 4751426, at *3 (D. Del. Nov. 12, 2024) (quoting *Amgen*, 2021 WL 4843959, at *1). Similarly, reconsideration is appropriate when the moving party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999). "Motions for re-argument shall be sparingly granted." D. Del LR 7.1.5(a); *see also Corning Inc. v. SRU Biosystems*, No. 03-633, 2006 WL 155255, at *3 n.1 (D. Del. Jan. 20, 2006

3

("Reargument, like reconsideration, is granted sparingly."). The proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, No. 13-1937, 2017 WL 877301, at *2 (D. Del. Mar. 6, 2017).

## III.    DISCUSSION

### A.    The Court Declines to Certify Pfizer's Question for Interlocutory Appeal

Pfizer, in conjunction with Renaud and Bain[1], seek certification of an interlocutory appeal on whether "a plaintiff [is] required to plead the element of culpable participation with particularity in order to state a claim upon which relief can be granted under Section 20(a) of the Securities Exchange Act of 1934." D.I. 17 at 4. The Court finds that certification under 28 U.S.C. § 1292(b) is unwarranted because Pfizer has not demonstrated that the requirements for interlocutory appeal are satisfied. Even assuming *arguendo* that Pfizer has satisfied the first two requirements of § 1292(b), Pfizer has not shown that an immediate appeal would materially advance the ultimate resolution of this matter. *See In re Rosetta Genomics, Inc.*, No. 25-34-GBW, 2026 WL 816787, at *3 (D. Del. Mar. 25, 2026) ("[C]ourts place particular weight on whether immediate appeal will materially advance the ultimate termination of the litigation."). "An interlocutory appeal 'materially advances' the litigation if it (1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly.'" *In re Quorum Health*, No. 24-277, 2024 WL 2271892, at *6 (D. Del. May 20, 2024) (quoting *In re Paragon Offshore PLC*, No. 19-78, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020)). Pfizer contends that, if the Third Circuit determines that culpable participation must be pled with particularity, it would provide a strong basis for dismissal of the only claim against Pfizer in this

---

[1] *See* D.I. 121 at 2 (Renaud "joins and incorporates by reference" Pfizer's Motion for Certification for Interlocutory Appeal or, Alternatively for Reargument); *see also* D.I. 123 at 19-20 ("Bain joins and incorporates in full Pfizer's Motion for Certification for Interlocutory Appeal or, Alternatively, for Reargument.").

action. D.I. 117 at 4. Pfizer further contends that "[r]esolution of the culpability issue and the dismissal of Pfizer would narrow the litigation to focus on the parties and allegations that are central to the Complaint." *Id.* at 8.

The Court disagrees. Pfizer fails to show that an interlocutory appeal would eliminate the need for trial on the remaining claims or substantially narrow the issues to be litigated. Even if Pfizer were to prevail on appeal, the remaining claims would be pending and the litigation would proceed in substantial part irrespective of any immediate appellate review. *See In re Essar Steel Minnesota LLC*, 667 B.R. 803, 815 (D. Del. 2025) ("Courts do not allow interlocutory appeals where a successful appeal would only promote piecemeal determination of the questions raised in the adversary action and would likely create unnecessary delay." (internal citations omitted)); *see also In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010) ("As a general rule, appellate courts do not grant interlocutory appeals from a motion to dismiss because it encourages piecemeal litigation.").

Pfizer also fails to demonstrate that interlocutory review would materially simplify discovery or the litigation. The Section 20(a) claim (control person liability) alleged against Pfizer is derivative of the alleged underlying securities violation, specifically, the Section 10(b) claim asserted against Cerevel and Renaud. *See Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F. 3d 242, 252 (3d Cir. 2009) ("[L]iability under Section 20(a) is derivative of an underlying violation of Section 10(b) by the controlled person."). Thus, the factual and legal issues relevant to the underlying Section 10(b) claim would remain central to the case regardless of the disposition of the interlocutory appeal because the Section 20(a) claim is contingent upon the alleged Section 10(b) violation, which remains at issue in the litigation. *See Talley v. Gen. Motors, LLC*, No. 20-01137, 2023 WL 1797998, at *1 (D. Del. Feb. 7, 2023) (finding that a dismissed claim was not

5

"so different from the remaining claims that its presence or absence would materially change the course or scope of litigation."). The Court also notes that an immediate appeal would not resolve or clarify the merits of the surviving claims, which do not hinge on the Section 20(a) claim. *Id.* (denying certification because the merits of the surviving claims would "not be resolved or clarified in any way" by immediate appeal because those claims did not turn on the disputed interpretation). Thus, permitting immediate appellate review at this stage would likely delay, rather than expedite, the resolution of this action by interrupting the ongoing proceedings and encouraging piecemeal litigation. *See In re AE Liquidation, Inc.*, 451 B.R. 343, 348 (D. Del. 2011).

Furthermore, Pfizer fails to present "exceptional circumstances" justifying the need for immediate review and warranting deviation from the final judgment rule. *See Microsoft Mobile Inc.*, 2016 WL 8302609, at *1. Pfizer's position appears to rest on the assertion that the Court acted inconsistently in stating the pleading standard for culpable participation, while simultaneously acknowledging the split within the circuit as to whether such an allegation must be pled to withstand a motion to dismiss. *See* D.I. 117 at 2, 8 ("the Opinion has internal inconsistency regarding the applicable pleading"), 10. The Court, however, articulated the applicable governing standard and properly recognized the existing split in authority, as have numerous courts confronting the same issue. Pfizer therefore fails to identify any feature that "distinguishes [this] case from the procedural norm and establishes the need for immediate review." *In re Magic Rests, Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996). Thus, Pfizer has failed to meet its burden under 28 U.S.C. § 1292(b), and the Court denies its motion for certification of an interlocutory appeal.

**B.    The Court Declines to Certify Bain's Questions for Interlocutory Appeal**

Bain seeks certification of the following four questions: (1) "whether a plaintiff must plead an insider trading violation of the Securities Exchange Act of 1934 to state a claim under Section

20A," (D.I. 123 at 3); (2) "even if a disclosure violation could serve as the predicate claim for the Section 20A claim, can a Section 20(a) control-person disclosure violation that occurs *after* the relevant trade serve as the predicate violation for Section 20A," (*id.* at 4); (3) "whether a predicate violation of insider trading under Section 20A requires a deceptive breach of a duty of trust or confidence by the defendant, consistent with decades of Supreme Court precedent in insider trading cases," (*id.*); and (4) "whether Section 20A requires a plaintiff to plead facts giving rise to a strong inference of the defendant's scienter, subject to the heightened pleading requirements of the PSLRA," (*id.* at 5).[2]

Bain devotes a substantial portion of its opening brief to establishing that the four questions presented give rise to substantial grounds for a difference of opinion. *See* D.I. 123 at 6-18. However, even assuming that Bain has established substantial grounds for a difference of opinion or that the issues are controlling questions of law, Bain has failed to show that an immediate appeal would materially advance the ultimate termination of the litigation. The same reasoning discussed above with respect to Pfizer applies equally to Bain. A favorable appellate review for Bain would not obviate the need to litigate the multiple remaining claims. To the contrary, an immediate appeal under this circumstance would risk piecemeal appellate review and unnecessary delay, a consideration that weighs strongly against interlocutory review. *See Microsoft Mobile Inc.*, 2016 WL 8302609, at *1.

Bain also fails to show that an interlocutory appeal would streamline this litigation by eliminating complex issues, narrowing discovery, or simplifying trial. *See In re Quorum Health*, 2024 WL 2271892, at *6. Bain conclusorily asserts that "even if the Section 20(a) claim against

---

[2] Renaud also "joins and incorporates by reference Bain's concurrently filed Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b), or in the Alternative, Reconsideration or Reargument of the Court's March 30, 2025 Order." D.I. 121 at 2.

Bain remains, dismissal of the Section 20A claim would eliminate a complex issue, significantly narrow the scope of discovery, and simplify trial." D.I. 123 at 19. Such a bare assertion is insufficient to demonstrate that interlocutory review would materially advance the ultimate termination of the litigation, particularly where Bain offers no analysis of how discovery or trial would be impacted. *See In re Rosetta Genomics, Inc.*, 2026 WL 816787, at *7 (finding that defendants' mere recitation of the standard "make[s] little attempt to establish that immediate appeal will materially advance termination of the litigation").

Bain has not demonstrated that "exceptional circumstances" justify a departure from the basic policy of postponing review until after the entry of the final judgment. *Microsoft Mobile Inc.*, 2016 WL 8302609, at *1. The Court construes Bain's motion as arguing that the Court's prior analysis was erroneous and that correction of that error, either through certification or reargument, would warrant dismissal. The Court disagrees. First, "obtaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an exceptional circumstance that would justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Rosetta Genomics, Inc.*, 2026 WL 816787, at *7 (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litg.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014)). Second, the Complaint sets forth numerous well-pled factual allegations, many supported by documentary evidence, that the Court carefully examined and found sufficient to state a claim for relief. Thus, "the [Court's Opinion] constitutes a routine application of Rule 12(b)(6) to [Lead Plaintiffs'] [198]-paragraph Complaint, and Bain presents no 'extraordinary circumstances' warranting the exceptional relief of interlocutory appeal." *Id.* at *8.

## C.    The Court Declines to Reconsider or Grant Reargument

In the alternative to their request for certification of an interlocutory appeal, Defendants contend that reargument or reconsideration are warranted to (1) permit the Court to reconsider and

8

clarify the Court's Opinion concerning the pleading standard for culpable participation (D.I. 117 at 8) and (2) prevent the manifest injustice for allowing the Section 20A claim to proceed (D.I. 123 at 20).

Renaud moves for reconsideration of the Court's Opinion contingent upon Pfizer and Bain prevailing on the issues raised in their motions. *See* D.I. 121 at 3 ("For these reasons, Mr. Renaud respectfully request that the Court reconsider the Order, should Bain and Pfizer prevail on their issues raised in their motions."). For the reasons discussed below, Bain and Pfizer have not met their burden of showing that reargument or reconsideration is warranted. Thus, the contingent basis for Renaud's motion is absent, and the Court denies Renaud's Motion for Reconsideration (D.I. 121).

Pfizer specifically contends that the Court should grant reargument on the culpability-pleading issue because "the Opinion has an internal inconsistency regarding the applicable pleading requirement." D.I. 117 at 9-10. As outlined *supra* II.B, reargument is warranted "when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc.*, 2024 WL 4751426, at *3 (quoting *Amgen*, 2021 WL 4843959, at *1). Pfizer has not met any of the requirements. Instead, Pfizer takes issue with the Court's adoption of the contrary view that Pfizer would prefer. Yet, as Pfizer acknowledges, courts in this district are split on this issue. *See* D.I. 117 at 5-7 (identifying the split within the district courts in the Third Circuit). Thus, Pfizer's disagreement with the Court's reasoning does not provide a basis for reconsideration. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 300 (D. Del. 1998) ("Disagreement with the reasoning of the Court as has been previously rehearsed is not a basis for the grant of reargument."); *see also Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*, No. 97-396, 1998 WL 449682, at

*3 (D. Del. July 14, 1998) ("Disagreement cannot serve as a basis for reargument."); *Boergert v. Kelly Servs., Inc.*, No. 15-4185, 2017 WL 440272, at *5 (W.D. Mo. Feb. 1, 2017) ("Merely because there is a split in authority is no grounds for reconsideration.").

Bain asserts, in a brief and conclusory paragraph, that reconsideration is necessary to prevent manifest injustice and that the Court's Opinion contains "clear error[s] of law." D.I. 123 at 20.[3] "A party seeking reconsideration must demonstrate an intervening change in the controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice." *Baldinger v. Ferri*, 674 F. App'x 204, 206 (3d Cir. 2016). However, Bain offers only conclusory assertions and fails to explain *any* legal or factual error committed by the Court, much less an error that is clear. Nor does Bain explain how permitting a Section 20A claim to proceed would result in manifest injustice. Mere disagreement with the Court's ruling does not warrant reconsideration. *See United States v. Woodson*, No. 09-117, 2010 WL 4365574, at *1 (D. Del. Oct. 28, 2010) ("Motions for reconsideration are not designed to provide parties with a second bite of the apple and mere disagreement with the court's opinion is insufficient to warrant granting the motion."); *see also See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011) ("Rather, they merely expressed their disagreement with the District Court's decision, and that argument was insufficient to warrant reconsideration."). Additionally, such undeveloped and conclusory arguments are insufficient to justify the extraordinary remedy of reconsideration. *See ECB USA, Inc. v. Savencia, S.A.*, No. 19-731, 2020 WL 5369076, at *4 (D. Del. Sept. 8, 2020) ("As a general prudential rule,

---

[3] The Court notes that Bain also seeks reargument, in the alternative to reconsideration. *See* D.I. 123 at 7, fn. 3. However, Bain offers no substantive analysis and reduces its alternative request to a passing footnote, which is insufficient to properly raise its alternative request before this Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered [forfeited].")

10

courts only decide issues that are fairly and fully presented. Therefore, cursory arguments not fully developed by the parties are waived."); *see also In re Lenox Healthcare, Inc.*, 366 B.R. 292, 293 (Bankr. D. Del. 2007) ("Granting a motion for reconsideration is an extraordinary remedy."). Thus, Bain has failed to satisfy its "heavy burden in showing that reconsideration is appropriate." *In re TK Holdings Inc.*, No. 17-11375, 2024 WL 964205, at *7 (D. Del. Mar. 6, 2024), *aff'd*, No. 24-1604, 2025 WL 2602538 (3d Cir. Sept. 9, 2025).

Furthermore, the Court finds no basis for reargument because the Court understood the parties, did not make "a decision outside the adversarial issues presented," and did not make an error "of apprehension." *Amgen Inc.*, 2021 WL 4843959, at *1. Similarly, there is no basis for reconsideration because there was no "intervening change in controlling law," no "new evidence not available when the Court made its decision," and no "need to correct a clear error of law or fact to prevent manifest injustice." *Id.* Additionally, this decision comports with the local rule that "[m]otions for re-argument shall be sparingly granted." D. Del. LR 7.1.5. Thus, Defendants have failed to demonstrate that either reconsideration or reargument is warranted, and the Court denies Defendants' Motions.

## IV.    CONCLUSION

Importantly, the Court emphasizes that denial of an interlocutory appeal does not foreclose appellate review. Rather, it requires a party to await entry of a final judgment before seeking such review. While that delay may be undesirable from a party's perspective, the final judgment rule remains the ordinary course of action outlined by the legal system. *See In re Google, Inc.*, No. 12-02358, 2024 WL 3487763, at *5 (D. Del. July 18, 2024) (discussing the same).

For all of the foregoing reasons, the Court denies Defendants' motions for certification of interlocutory appeal, or in the alternative, for reconsideration or reargument.

\* \* \* \* \*

WHEREFORE, at Wilmington this 15th day of June, 2026, **IT IS HEREBY ORDERED** that:

1. Defendant Pfizer Inc.'s Motion for Certification of Interlocutory Appeal or Alternatively, For Re-Argument (D.I. 115) is **DENIED**;

2. Defendant Ron Renaud's Motion for Reconsideration of the Court's March 30, 2026 Order (D.I. 121) is **DENIED**; and

3. Defendant Bain Capital Investors, LLC's Motion to Certify Interlocutory Appeal, under 28 U.S.C. § 1292(B), or in the Alternative, for Reconsideration or Reargument of the Court's March 30, 2026 Order (D.I. 122) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

12